1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11   U.S. LEGAL SUPPORT, INC., a Texas          Case No. 2:13-cv-01770-LKK-AC
     corporation,

12                                              **STIPULATED PROTECTIVE ORDER**
                         Plaintiff,

13
                                                The Honorable Lawrence K. Karlton
                   v.

14

15   AMEEN HOFIONI, an individual, MORGAN
     ALBANESE, an individual, THE LIT
     GROUP, a Nevada corporation, HUTCHINGS

16   COURT REPORTERS, LLC, a California
     corporation, LITIGATION SERVICES, a

17   Nevada corporation,

18                       Defendants.

19

20

21

22

23

24

25

26

27

28

16153791v.1

**STIPULATION**

IT IS HEREBY STIPULATED by and between Plaintiff U.S. Legal Support, Inc. ("Plaintiff") and Defendants Ameen Hofioni, Morgan Albanese, The LIT Group, Hutchings Court Reporters, LLC, and Litigation Services (collectively "Defendants"), through their respective attorneys of record, that a Protective Order ("Order" or "Stipulated Protective Order") may be entered by the Court in this action as follows:

**1.     PURPOSES AND LIMITATIONS**

Plaintiff and Defendants acknowledge that disclosure and discovery activity in this proceeding will involve production of confidential, proprietary, trade secret or private information for which special protection from public dissemination or disclosure (and from use for any purpose other than prosecuting and defending this matter) would be warranted.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items deemed "Protected Material" as that term is defined below.

**2.     DEFINITIONS**

2.1     **Party**.  Plaintiff and Defendants, including his/her/its officers, directors, employees, Experts (as defined below) and outside counsel (as defined below).

2.2     **Disclosure or Discovery Material**.  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to discovery or other requests for documentation in this matter.

2.3     **"CONFIDENTIAL" Information or Items**.  Information (regardless of how generated, stored or maintained) or tangible things that constitute private records, trade secrets or other confidential research, development, commercial or other information that otherwise qualify for protection under Federal Rule of Civil Procedure ("Rule") 26(c).

2.4     **"HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items**.  Extremely sensitive information that the Disclosing Party considers in good faith to contain or comprise information covered by paragraph 2.3 above, but that is so highly sensitive

1

or confidential that disclosure to a Party would pose a substantial risk of impairing the personal, business or commercial interests of the Designating Party or others subject to Rule 26(c) or under other applicable laws.

      **2.5**    **Producing Party**.  A Party or a third party that produces Disclosure or Discovery Material in this action.

      **2.6**    **Receiving Party**.  A Party that receives Disclosure or Discovery Material from a Producing Party.

      **2.7**    **Designating Party**.  A Party that designates Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

      **2.8**    **Protected Material**.  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

      **2.9**    **Outside Counsel**.  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, including their employees and independent companies or agencies that Outside Counsel directly retains on behalf of a Party to perform litigation support services, including for example steno- or videographic services.

      **2.10**    **Expert**.  A person with specialized, relevant knowledge or experience in a matter pertinent to the action retained by a Party or its counsel to serve as an expert witness or as a consultant.  This definition includes a professional jury or trial consultant retained in connection with this action.

      **2.11**    **Professional Vendors**.  Persons or entities that provide litigation support services (*e.g*., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.), and their employees and subcontractors.

**3.**    **SCOPE**

      The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel in this action or in other settings that might reveal Protected Material.  Nothing in this Order shall be construed as requiring disclosure of documents,

1  information or any other materials that are subject to applicable privileges or immunities or that

2  are, or may be claimed to be, otherwise beyond the scope of permissible discovery.

3  **4.      DURATION**

4          The parties to this Stipulated Protective Order intend that the protections conferred by the

5  designation of material as "Protected Material" shall apply to any documents produced in this

6  litigation so designated, regardless of whether or not this Order has been entered by the Court.

7  Further, the parties agree to "meet and confer" in good faith after the conclusion of the subject

8  litigation (if not before) to ensure that "Protected Material" does not become part of the "public

9  record."

10  **5.      DESIGNATING PROTECTED MATERIAL**

11          **5.1      Exercise of Restraint and Care in Designating Material for Protection.**  Each

12  Party that designates information or items for protection under this Order must take care to limit

13  any such designation to specific material that qualifies under the appropriate standards.  A

14  Designating Party must take care to designate for protection only those parts of material,

15  documents, items, or oral or written communications that qualify so that other portions of the

16  material, documents, items, or communications for which protection is not warranted are not

17  swept unjustifiably within the ambit of this Order.

18          If it comes to a Party's attention that information or items that it designated for protection

19  do not qualify for protection at all, or do not qualify for the level of protection initially asserted,

20  that Party must promptly notify all other parties that it is withdrawing the mistaken designation.

21          **5.2      Manner and Timing of Designations.**  Except as otherwise provided in this

22  Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or

23  ordered, material that qualifies for protection under this Order must be clearly so designated

24  before the material is disclosed or produced.  This, however, does not preclude a Designating

25  Party from designating Protected Material previously produced in this action prior to the Parties'

26  entry of this Stipulated Protective Order.

27          Designation in conformity with this Order requires:

28

3

16153791v.1

**(a)     For information in documentary form** (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material.  Protected Material previously produced in this action prior to the entry of this Stipulated Protective Order will be covered under this Protective Order as follows:  the Designating Party shall provide the Receiving Party with correspondence indicating which documents previously produced that will be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  Such correspondence shall bring such material previously produced in this action prior to the entry of this Stipulated Protective Order under its protection as Protected Material.

**(b)     For testimony given in deposition or in other pre-trial or trial (litigation) proceedings**, the Designating Party may designate information disclosed on the record at the deposition, including testimony and exhibits, as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" and request the preparation of a separate transcript of such material.  Such separate transcript shall include both deposition testimony and exhibits so designated.  In addition, a Designating Party may designate in writing, within twenty (20) days after receipt of any deposition transcript in the action, the specific pages of the transcript and exhibits to be treated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY."  The Designating Party shall then be responsible to notify the Court Reporter and the Court Reporter shall provide a separate transcript which shall include both deposition testimony and exhibits so designated.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party offering or sponsoring the witness or presenting the testimony.

**(c)     Information Contained in Responses to Written Discovery:** a Designating Party may designate information disclosed in response to written discovery requests

4

1  (including subpoenas) as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL

2  INFORMATION - ATTORNEYS' EYES ONLY" by so indicating in said responses, on the first

3  page of any documents produced with such responses, and/or as otherwise provided in Paragraph

4  5.2 above, identifying those responses being so designated.  In addition, a Designating Party may

5  designate in writing, within twenty (20) days after receipt of  another Party or non-party's

6  responses to written discovery requests, the specific responses, documents, and/or other

7  information to be treated as "CONFIDENTIAL INFORMATION" or "HIGHLY

8  CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY."

9  **(d)     For information produced in some form other than documentary, and**

10  **for any other tangible items**, that the Producing Party affix in a prominent place on the exterior

11  of the container or containers in which the information or item is stored the legend

12  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  If only

13  portions of the information or item warrant protection, the Producing Party, to the extent

14  practicable, shall identify the protected portions, specifying whether they qualify as

15  "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

16  **5.3     Inadvertent Failure to Designate**.  An inadvertent failure to designate qualified

17  information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'

18  EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection

19  under this Order for such material.  If material is appropriately designated as

20  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" after the

21  material was initially produced, the Receiving Party, on timely notification of the designation,

22  must make reasonable efforts to assure that the material is treated in accordance with the

23  provisions of this Order.

24  **5.4     Challenges to Designations**.  A Party may challenge the propriety of any

25  designation of any Discovery Disclosure or Discovery Material made pursuant to this Order.  A

26  challenge may be made by serving by facsimile and/or e-mail on all other Parties (and third

27  parties, if applicable) a "Notice of Objection" that identifies with particularity the Protected

28  Material as to which the designation is challenged and states the basis for each challenge.

5

1    **(a)**    After any challenge is asserted to a designation made according to the

2    procedures set forth in Paragraph 5.2 above and its various sub-paragraphs, the Protected

3    Material shall continue to have its designation until the challenge is fully resolved according to

4    the procedures set forth in this paragraph 5.4(b).

5    **(b)**    Within ten (10) calendar days after service of a Notice of Objection in full

6    compliance with paragraph 5.4 above, the Designating Party shall fax and/or e-mail a response to

7    the Notice of Objection setting forth the legal and factual grounds on which the Designating

8    Party bases its position that the materials have been properly designated.  If no such response is

9    provided the objection will be deemed sustained and the document, information or material at

10    issue shall be re-designated in accordance with the objection.  If the Designating Party responds

11    to the challenge and the challenging party remains unconvinced, the challenging party may file a

12    motion to change the designation within twenty (20) calendar days after receipt of the response

13    to the Notice of Objection.  In the event of a motion to change the designation, any Protected

14    Material shall be lodged with the Court under seal.  The Designating Party shall bear the burden

15    of establishing that it properly designated the Protected Material within the meaning of this

16    Protective Order or that the information is otherwise deserving of an alternative designation.  If

17    such a motion is timely filed, the original designation shall remain effective until the later of (i)

18    twenty (20) court days after service of notice of entry of an order re-designating the materials, or

19    (ii) an appellate court's ruling on any timely filed writ petition.  The Parties shall meet and

20    confer in good faith prior to the filing of any motion under this paragraph.

21    **6.    ACCESS TO AND USE OF PROTECTED MATERIAL**

22    **6.1    Basic Principles**.  A Receiving Party may use Protected Material only for

23    purposes of prosecuting and defending this action.  Such Protected Material may be disclosed

24    only to the Court and its employees or other staff (e.g., externs) and to the categories of persons

25    described in this Stipulated Protective Order.  When the litigation has been concluded, a

26    Receiving Party shall comply with the provisions of Paragraphs 4, 8, 9 and 13.

27    ///

28    ///

6

16153791v.1

**6.2** **"CONFIDENTIAL" Information May Be Disclosed Only to the Following Persons**:

    **(a)** The Parties, and if, applicable, to their employees, officers, directors and/or board members to whom disclosure is reasonably necessary, who have signed the "Acknowledgment and Agreement to Be Bound" by this Stipulated Protective Order in the form attached as Exhibit A (the "Certification");

    **(b)** Outside Counsel as defined above;

    **(c)** Experts, as defined above, who have signed the Certification;

    **(d)** Any person who authored, co-authored or received "CONFIDENTIAL" Information, provided such persons may not retain any "CONFIDENTIAL" Information shown to them and only after execution of the Certification; and

    **(e)** Any other person by written agreement of the Designating Party and only after execution of the Certification.

**6.3** **Information Designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" May Be Disclosed Only to the Following Persons**:

    **(a)** Outside Counsel as defined above;

    **(b)** Experts, as defined above, who have signed the Certification;

    **(c)** Any person who authored, co-authored or received "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information, provided such persons may not retain any "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information shown to them and only after execution of the Certification; and

    **(d)** Any other person by written agreement of the Designating Party and only after execution of the Certification.

**6.4** **Duty to Maintain "Protected Material" Securely.** Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.

///

///

STIPULATED PROTECTIVE ORDER

16153791v.1

**7.   DESIGNATING PARTY'S USE OF OWN DOCUMENTS**

Nothing in this Order shall limit any Designating Party's use of its own documents and information, including Protected Material, in this action or otherwise.  Such disclosure shall not affect any designations made pursuant to the terms of this Order so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

**8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party's Outside Counsel in writing sent by fax and/or e-mail immediately and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued.

**9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Certification.

8

16153791v.1

1   **10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

2   **PROTECTED MATERIAL**

3          If information is produced in discovery that is subject to a claim of privilege or of

4   protection as a trial-preparation material, the party making the claim may notify any party that

5   received the information of the claim and the basis for it.  After being notified, a party must

6   promptly return or destroy the specified information and any copies it has and may not sequester,

7   use or disclose the information until the claim is resolved.  This includes a restriction against

8   presenting the information to the court for a determination of the claim.  This provision is not

9   intended to modify whatever procedure may be established in an e-discovery order that provides

10  for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

11  (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or

12  information covered by the attorney-client privilege or work product protection, the parties may

13  incorporate their agreement in the stipulated protective order submitted to the court.

14  **11.    MISCELLANEOUS**

15          **11.1    <u>Right to Further Relief</u>**.  All Parties reserve the right to seek modification of this

16  Order at any time for good cause.  The Parties agree to meet and confer prior to seeking to

17  modify this Order for any reason.  The restrictions imposed by this Order may only be modified

18  or terminated by written stipulation of all Parties or by order of Court.  No Party shall be

19  prejudiced in any way of its right to petition the Court for a further protective order relating to

20  any purportedly confidential information. Nothing in this Order Shall prevent any Party from

21  seeking additional Protective Orders or other appropriate relief with respect to the scope of

22  discovery and/or any discovery requests, depositions, and/or portions thereof that such Party

23  believes to be inappropriate, harassing, or otherwise impermissible under applicable law.

24          **11.2    <u>Right to Assert Other Objections</u>**.  By stipulating to the entry of this Protective

25  Order, no Party waives any right it otherwise would have to object to disclosing or producing

26  any information or item on any ground not addressed in this Stipulated Protective Order.

27  Similarly, no Party waives any right to object, on any ground, to use in evidence of any Protected

28  Material.

STIPULATED PROTECTIVE ORDER

16153791v.1

1    **11.3**    **Filing Protected Material**.  Without written permission from the Designating

2  Party or a court order secured after appropriate notice to all interested persons, a Party may not

3  file in the public record in this action any Protected Material.  A Party that seeks to file under

4  seal any Protected Material must comply with Civil Local Rule 141.  Protected Material may

5  only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected

6  Material at issue.  Pursuant to Civil Local Rule 141, a sealing order will issue only upon a

7  request establishing that the Protected Material at issue is privileged, protectable as a trade

8  secret, or otherwise entitled to protection under the law.

9  **12.    COMPLIANCE WITH ORDER**

10    A Party's compliance with the obligations imposed on it by this Order, including any

11  obligations concerning the treatment of information designated as "CONFIDENTIAL

12  INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES

13  ONLY," shall not be deemed an admission by the complying Party or otherwise be evidence that

14  the information so designated is confidential, proprietary, trade secret, or private information.

15  Nor shall such compliance be deemed a waiver of the complying Party's right to challenge the

16  Designating Party's designation of Protected Material as "CONFIDENTIAL INFORMATION"

17  or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY."

18  **13.    FINAL DISPOSITION**

19    Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

20  after the final termination of this litigation, each Receiving Party must return all Protected

21  Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes

22  all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any

23  of the Protected Material.  With permission in writing from the Producing Party, the Receiving

24  Party may destroy some or all of the Protected Material instead of returning it.  Whether the

25  Protected Material is returned or destroyed, the Receiving Party must submit a written

26  certification to the Producing Party (and, if not the same person or entity, to the Designating

27  Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected

28  Material that was returned or destroyed and that affirms that the Receiving Party has not retained

STIPULATED PROTECTIVE ORDER

16153791v.1

1  any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of

2  the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

3  copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

4  work product, even if such materials contain Protected Material.  Any such archival copies that

5  contain or constitute Protected Material remain subject to this Stipulated Protective Order.

6  Dated:    September 24, 2013                    SEYFARTH SHAW LLP

7                                                                By /s/ James D. McNairy

8                                                                       James D. McNairy (SBN 230903)
                                                                         Email:  jmcnairy@seyfarth.com
9                                                                       Julie G. Yap (SBN 243450)
                                                                         Email: jyap@seyfarth.com
10                                                                     Angelise M. Marcigliano (SBN 274444)
                                                                         Email:  amarcigliano@seyfarth.com
11                                                                     400 Capitol Mall, Suite 2350
                                                                         Sacramento, California  95814-4428
12                                                                     Telephone:  (916) 448-0159
                                                                         Facsimile:   (916) 558-4839
13
                                                                         Francis J. Ortman, III (SBN 213202)
14                                                                     Email: fortman@seyfarth.com
                                                                         560 Mission Street, Suite 3100
15                                                                     San Francisco, California 94105
                                                                         Telephone:  (415) 397-2823
16                                                                     Facsimile:   (415) 397-8549

17                                                                  Attorneys for Plaintiff
                                                                      U.S. LEGAL SUPPORT, INC.
18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
16153791v.1

1    Dated: September 24, 2013            SQUIRE SANDERS (US) LLP

2                                     By: /s/ David S. Elkins

3                                        David S. Elkins (SBN 148077)
                                       David.Elkins@squiresanders.com
                                       600 Hansen Way

4                                        Palo Alto, CA  94304
                                       Tel    +1.650.856.6500

5                                        Fax    +1.650.843.8777

6                                        Stacie D. Yee (SBN 223544)
                                       Stacie.Yee@squiresanders.com

7                                        555 S. Flower Street, 31st Floor
                                       Los Angeles, CA  90019

8                                        Tel    +1.213.624.2500
                                       Fax    +1.213.

9

10                                     Attorneys for Defendants
                                    AMEEN HOFIONI, MORGAN ALBANESE, THE LIT

11                                     GROUP, HUTCHINGS COURT REPORTERS, LLC,
                                    and LITIGATION SERVICES

12                                  **<u>ORDER</u>**

13         Pursuant to stipulation, **IT IS SO ORDERED.**

14

15    Dated: October 8, 2013

16                                     ALLISON CLAIRE

17                                     UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25    /mb;usle1770.po

26

27

28

16153791v.1

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____[print or type full name], of

_____[print or type full address],

have received a copy of the Stipulated Protective Order entered by the United States District

Court for the Eastern District of California (the "Court") on September __, 2013 in the matter

*U.S. Legal Support, Inc. v. Hofioni, et al.*, Case No. 2:13-cv-011770-LKK-AC.  I have read the

Stipulated Protective Order in its entirety, understand it, and I agree to comply with it fully and

to be bound by all of it terms.

I understand any violation of the Stipulated Protective Order may subject me to sanctions

by the Court, in addition to any other remedies that a Party may have.  I hereby submit to the

jurisdiction of the Court for purposes of enforcing the Stipulated Protective Order, whether

during the action or after its conclusion

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____        Printed name:_____

Signature:_____

1

STIPULATED PROTECTIVE ORDER

16153791v.1