1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   U.S. LEGAL SUPPORT, INC.,              No.  2:13-cv-1770 LKK AC

12              Plaintiff,

13        v.                               ORDER

14   AMEEN HOFIONI, ET AL.,

15              Defendants.

16

17        On January 8, 2014, the court held a hearing on Plaintiff's December 19, 2013 motion for

18   contempt and sanctions.  James D. McNairy appeared for Plaintiff.  David S. Elkins appeared for

19   Defendants.  On review of the motion, the documents filed in support and opposition, upon

20   hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS

21   FOLLOWS:

22                    RELEVANT PROCEDURAL BACKGROUND

23        Plaintiff commenced this action on August 26, 2013.  Four days later, Plaintiff filed a

24   motion for a temporary restraining order, an order to show cause regarding issuance of a

25   preliminary injunction, an order to preserve evidence, and an order for expedited discovery. ECF

26   No. 5.  Ultimately, these motions were resolved through a stipulated preliminary injunction

27   ("SPI") and order for expedited discovery, entered by the court on September 24, 2013.  ECF No.

28   24.

                                          1

This matter is proceeding on a first amended complaint filed January 3, 2014 asserting seven causes of action: (i) misappropriation of trade secrets under California's codification of the Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426-3426.11; (ii) breach of contract; (iii) breach of the duty of loyalty; (iv) breach of the duty of confidence; (v) statutory unfair competition, under Cal. Bus. & Prof. Code § 17200; (vi) conversion; and (vii) fraud.  Plaintiff seeks, inter alia, injunctive relief, compensatory and punitive damages, disgorgement, and the imposition of a constructive trust.

FACTS RELEVANT TO DISPUTE

Relevant to the instant dispute is the language of Paragraph 4 of the September 24, 2013 SPI, in which the parties stipulated to preserve evidence, including electronic evidence:

> Defendants, and all persons or entities acting on their behalf, for their benefit or in active concert or participation with them, are hereby ORDERED **to preserve, and not destroy, damage, or alter in any way**, any documents or other evidence that are potentially relevant to Plaintiff's claims, including, but not limited to, any of Plaintiff's Confidential Information that is contained or reasonably may be contained in any data repository, whether stored on paper or other physical media, including; [¶] Defendants' . . . electronic devices, including . . . personal digital assistants (e.g., iPads, "smart phones," etc.) . . .

SPI ¶ 4, ECF No. 23 at 6 (emphasis added).

The parties also agreed to engage in electronically stored information ("ESI") discovery pursuant to a Forensic Inspection Protocol Agreement ("the FIPA").  SPI ¶ 6.  As to the Ameen Hofioni and Morgan Albanese ("the Individual Defendants"), the SPI provided as follows:

> Hofioni and Albanese are hereby ORDERED to provide for forensic investigation, imaging, analysis, and discovery under the FIPA (collectively, "forensic investigation"), electronic access to their personal e-mail accounts and physical access to smartphones and to personal computer(s), laptop(s) and/or tablet computer(s) in their possession, custody or control and that they used during the period April 1 through July 31, 2013. They must additionally provide for forensic investigation any electronic devices, media, online accounts capable of storing information, network storage locations, servers, instant message accounts or logs, and privately owned virtual repositories that contain or may reasonably contain any documents or other evidence that are potentially relevant to Plaintiff's claims and that are in of the respective Individual Defendants' possession, custody, or control.

2

1    SPI ¶ 6(a).

2          The parties conferred extensively to finalize the language of the FIPA, with each side now

3    accusing the other of delaying that process.  See Pl.'s Memo of P. & A. in Supp. of Mot. for

4    Contempt & Sanctions ("Pl.'s Motion") at 6; Defs.' Opp'n to Pl.'s Motion ("Defs.' Opp'n") at 5.

5    Though the parties have outlined in detail those negotiation efforts, the undersigned declines to

6    delve into the particulars as they are irrelevant to the ultimate resolution of Plaintiff's motion.

7          On November 15, 2013, the parties held a teleconference with the forensic neutral who

8    would conduct a forensic investigation pursuant to the FIPA to determine where the imaging of

9    the Individual Defendants' iPhones and Hofioni's iPad ("the personal electronic devices") would

10   occur.  During this conference call, defense counsel Stacie Yee remarked that the Individual

11   Defendants were continuing to use their personal electronic devices following entry of the SPI.

12   Surprised at this revelation, Plaintiff's counsel asked the forensic expert whether continued use of

13   the personal electronic devices could overwrite or delete data.  McNairy Decl. ¶ 26.  The forensic

14   expert responded that this could occur.  Id.

15         Following the November 15, 2013 conference call, the parties attempted to clarify their

16   respective positions regarding the Individual Defendants' duty to ensure that data would not be

17   lost on the personal electronic devices, both pursuant to their duty to preserve and pursuant to the

18   SPI.  These discussions revealed Plaintiff's position that the personal electronic devices should

19   have been quarantined or imaged at the outset of this litigation whereas Defendants assumed that

20   quarantining the personal electronic devices was unnecessary absent particular circumstances not

21   present in this case.

22         Though the FIPA had yet to be finalized at the time of the hearing, the imaging of the

23   personal electronic devices was accomplished on December 2-3, 2013.

24                          SUMMARY OF THE PARTIES' POSITIONS

25         Plaintiff argues that the Individual Defendants and their counsel violated both the duty to

26   preserve and Paragraph 4 of the SPI by continuing to use the personal electronic devices after

27   receiving notice of this action and after the SPI was signed by Judge Karlton.  Plaintiff asserts

28   that these devices should have been quarantined pending imaging lest potentially relevant

1    evidence be deleted.  Plaintiff moves for a finding of contempt pursuant to the court's inherent

2    powers and pursuant to Federal Rule of Civil Procedure 37(b)(2).  Plaintiff also seeks sanctions,

3    including monetary sanctions and an adverse inference instruction.

4           Defendants counter that the duty to preserve does not necessitate quarantining the at-issue

5    devices, that the SPI does not direct or imply that the personal electronic devices are to be

6    quarantined, and that Plaintiff has failed to show prejudice.  Defendants ask that Plaintiff's

7    motion be denied and that instead Plaintiff be sanctioned in an amount sufficient to compensate

8    Defendants for responding to this motion.

9                                    LEGAL STANDARDS

10          Federal Rule of Civil Procedure 37(b)(2) provides for a range of sanctions based on a

11   party's failure to comply with a court order including striking the pleadings in whole or in part,

12   claim or issue preclusion, dismissal, and entry of default judgment.  Further, instead of or in

13   addition to the aforementioned sanctions, under Rule 37(b)(2)(C) "unless the failure was

14   substantially justified or other circumstances make an award of expenses unjust," the court "must

15   order the disobedient party, the attorney advising that party, or both to pay the reasonable

16   expenses, including attorney's fees, caused by the failure."

17          A court also has the inherent authority to sanction certain conduct by a party or attorney.

18   See Chambers v. NASCO, Inc., 501 U.S. 32 (1991).  "Because of their very potency, inherent

19   powers must be exercised with restraint and discretion."  Chambers v. NASCO, Inc., 501 U.S. 32,

20   44 (1991).

21          A finding of bad faith is not required for sanctions under either Rule 37 or the court's

22   inherent powers.  See Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993).

23                                        DISCUSSION

24          The issue before the court is whether Defendants violated their duty to preserve and/or the

25   SPI's language directing the Individual Defendants "to preserve, and not destroy, damage, or alter

26   in any way, any documents or other evidence that are potentially relevant to Plaintiff's claims"

27   when they continued to use their personal electronic devices before the devices were imaged.

28

4

A.      Violation of the SPI

The court turns first to Plaintiff's claim that Defendants violated the terms of the SPI through their continued use of the personal electronic devices.  Plaintiff asserts that the Individual Defendants' failure to stop using their personal electronic devices as required by the SPI authorizes a finding of contempt and appropriate sanctions both on the Individual Defendants and their counsel.  But as Plaintiff's counsel was advised at the January 8, 2014 hearing on its motion, the court is disinclined to impose any sanctions or a finding of contempt for any alleged violation of the SPI.  This is because the court does not construe a stipulated preliminary injunction, entered into pursuant to Federal Rule of Civil Procedure 65 and signed by the district judge, to be a "discovery order" over which the undersigned has authority absent specific referral. Accordingly, Plaintiff's motion is denied to the extent it seeks sanctions for violation of the SPI.

B.      Duty to Preserve

As to Defendants' duty to preserve, "[t]he failure to preserve electronic or other records, once the duty to do so has been triggered, raises the issue of spoliation of evidence and its consequences."  Thompson v. U.S. Dep't of Housing & Urban Dev., 219 F.R.D. 93, 100 (D. Md. 2003).  Spoliation is the destruction or material alteration of evidence, or the failure to otherwise preserve evidence, for another's use in litigation.  See Ashton v. Knight Transp., Inc., 772 F. Supp. 2d 772, 799-800 (N.D. Tex. Feb. 22, 2011).

"A party seeking sanctions for spoliation of evidence must prove the following elements: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a 'culpable state of mind;' and (3) the evidence that was destroyed or altered was 'relevant' to the claims or defenses of the party that sought the discovery of the spoliated evidence[.]"  Goodman v. Praxair Servs., Inc., 632 F. Supp. 2d 494, 509 (D. Md. 2009) (quoting Thompson, 219 F.R.D. at 101); see Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 520-21 (D. Md. 2010); In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1070-78 (N.D. Cal. 2006); Zubulake v. UBS Warburg LLC ("Zubulake IV"), 220 F.R.D. 212, 216 (S.D.N.Y. 2003).

Before determining whether any sanctions are appropriate, the court must first determine

1   whether any spoliation has occurred.  Plaintiff retained two experts to purportedly determine the

2   nature and extent of the alleged data destruction caused by the Individual Defendants' continued

3   use of their personal electronic devices.  See Greenfield Decl.; Kirtley Decl.  But neither of these

4   declarations shed any light on what was actually lost.  Instead, they discuss the memory

5   capabilities of these sorts of devices and what could potentially be lost through continued use.

6   See Greenfield Decl. ¶¶ 7-10, ECF No. 37-2.  Mr. Greenfield declared that "[w]ithout a forensic

7   preservation, data loss can occur and would be unrecoverable."  Id. ¶ 12.  Mr. Kirtley declares

8   that continued use of the devices "will compound the potential loss of data" and that "[t]he nature

9   of the electronic storage that these devices employ (i.e., volatile or flash memory), combined with

10   a much smaller total amount of memory to store data in, makes it more likely that data has been

11   overwritten when compared to a traditional desktop or laptop PC that has a hard drive."  Kirtley

12   Decl. ¶¶ 9-10.  Neither of these experts identifies any actual loss of data nor provides any forensic

13   analysis of the personal electronic devices at issue.

14       As Plaintiff has not submitted any evidence bearing on the issue of spoliation, the court

15   cannot conclude or even reasonably infer that spoliation, let alone spoliation of *relevant* evidence,

16   has in fact occurred.  Plaintiff contends that the continued use of the personal electronic devices is

17   "an absolute certainty," but it also admits that "[t]he full extent of [Plaintiff]'s prejudice is yet to

18   be revealed given that no analysis of the forensic images of the At Issue Devices has yet

19   occurred."  Pl.'s Mot. at 18.  Mere speculation is an insufficient basis for a finding of spoliation.

20   Tri-County Motors, Inc. v. American Suzuki Motor Corp., 494 F. Supp. 2d 161, 177 (E.D.N.Y.

21   July 3, 2007) ("[S]peculative assertions as to the existence of documents do not suffice to sustain

22   a motion for spoliation of evidence.").  See also Gomez v. Stop & Shop Supermarket Co., 670

23   F.3d 395 (1st Cir. 2012) ("It is a proposition too elementary to require citation of authority that

24   when there is no evidence to begin with, a claim of spoliation will not lie."); Apple, Inc. v.

25   Samsung Electronics Co., Ltd., 881 F. Supp. 2d 1132, 1147 (N.D. Cal. July 25, 2012) (in finding

26   spoliation, court relied on 'statistical contrast' depicted by the fact that several key Samsung

27   employees who were alleged to have continued to have a biweekly automatic destruction policy

28   did not produce any emails in response to discovery requests whereas other, similarly-situated

1   employees produced thousands of emails); <u>Passlogix, Inc. v. 2FA Technology, LLC</u>, 708 F. Supp.

2   2d 378, 420 (S.D.N.Y. Apr. 27, 2010) (spoliation found after evidence was submitted showing

3   that 143 written communications were deleted); <u>Nucor Corp. v. Bell</u>, 251 F.R.D. 191, 197-98

4   (D.S.C. Feb. 1, 2008) (evidence submitted showing alteration or loss of data, including the loss of

5   over 1,564 event log entries and twelve restore points, and the loss of 73.3 MB of data due to

6   installing / uninstalling a program); <u>Hamilton v. Signature Flight Support Corp.</u>, 2005 WL

7   3481423, at * 4 (N.D. Cal. 2005) (review of surveillance videos convinced the court that

8   Defendant destroyed at least a portion of the evidence); <u>Zubulake IV</u>, 220 F.R.D. at 221 (there is

9   "no reason to believe" that additional evidence would support Plaintiff's claim where substantive

10   sampling did not contain relevant information).  Because Plaintiff has not made a specific

11   showing that spoliation has in fact occurred, its motion must be denied as premature.

12          Accordingly, IT IS HEREBY ORDERED that Plaintiff's December 19, 2013 motion for

13   contempt and sanctions is denied without prejudice.

14   DATED: January 15, 2014

15   _____

16   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28