UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. LEGAL SUPPORT, INC., A Texas corporation, | No. CIV. S-13-01770 LKK/AC |
| Plaintiff, | |
| v. | **ORDER** |
| AMEEN HOFIONI, an individual, MORGAN ALBANESE, an individual, THE LIT GROUP, a Nevada corporation, HUTCHINGS COURT REPORTERS, LLC, a California corporation, LITIGATION SERVICES, a Nevada corporation, | |
| Defendants. | |

        Plaintiff U.S. Legal Support, Inc. alleges that defendants

Ameen Hofioni and Morgan Albanese, its former employees,

misappropriated certain trade secrets, confidential information,

and personal property, both for their own benefit and for the

benefit of their new employer, defendant The LIT Group, and its

1

1  affiliated entities, defendants Hutchings Court Reporters, LLC

2  and Litigation Services.[1]

3      Defendants' attorneys, from the law firm of Squire Sanders

4  (US) LLP ("Squire Sanders"), now move to withdraw as counsel for

5  defendant Hofioni. (ECF No. 50.) Hofioni opposes the motion,

6  which came on for hearing on April 21, 2014. Appearing on behalf

7  of Squire Sanders was Stacie D. Yee, a partner with the firm and

8  one of defendants' attorneys of record. Appearing on behalf of

9  Hofioni was Daniel L. Baxter of the law firm of Wilke Fleury

10 Hoffelt Gould and Birney LLP ("Wilke Fleury"). Plaintiff's

11 counsel did not appear. According to Mr. Baxter, he currently

12 represents Hofioni solely for the purposes of this motion.

13     Having reviewed the parties' filings and considered

14 counsels' arguments at hearing, the court hereby orders as

15 follows:

16     No more than fifteen (15) days after docketing of this

17 order, Squire Sanders is DIRECTED to file with the court a

18 statement indicating whether it will consent to turn over to

19 Wilke Fleury copies of all written communications (as well as

20 written notes or transcripts of any communications not reduced to

21 writing) between Squire Sanders and the Non-Hofioni Defendants

22 regarding (i) the circumstances leading up to Squire Sanders'

23 decision to withdraw from representing Hofioni, including, but

24 not limited to, settlement discussions with plaintiff, and

25

26 [1] Hereinafter, the term "Entity Defendants" collectively means The
   LIT Group, Hutchings Court Reporters, LLC, and Litigation
27 Services. The term "Non-Hofioni Defendants" collectively means
   Morgan Albanese and the Entity Defendants.
28

1   efforts to obtain Hofioni's signature on the Common

2   Representation Agreement (a copy of which, the court believes, is

3   attached as Exhibit B to Hofioni's Declaration, ECF No. 53-1),

4   and (ii) any agreement to pay the costs of Hofioni's legal

5   representation and/or to indemnify him for damages herein. If

6   Squire Sanders agrees to turn over these documents to Wilke

7   Fleury, the latter firm will, consonant with Mr. Baxter's

8   representations at hearing, be permitted to use these documents

9   solely for the purposes of (i) showing whether or not Squire

10  Sanders breached its duty of loyalty to Hofioni and/or

11  (ii) establishing Hofioni's rights to legal representation and/or

12  indemnification. If Squire Sanders does not agree to turn over

13  the specified documents to Wilke Fleury, the court will infer

14  from the totality of the circumstances that Squire Sanders

15  colluded with the Entity Defendants to obtain Hofioni's signature

16  on the Common Representation Agreement and thus violated its duty

17  of loyalty to Hofioni.  Accordingly, it will enter an order

18  barring Squire Sanders as counsel for any and all defendants

19  herein.

20       IT IS SO ORDERED.

21       DATED:  April 22, 2014.

22

23

24
                                    _____
25                                  LAWRENCE K. KARLTON
                                    SENIOR JUDGE
26                                  UNITED STATES DISTRICT COURT

27

28

                                    3