UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. LEGAL SUPPORT, INC., A Texas corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>AMEEN HOFIONI, an individual, MORGAN ALBANESE, an individual, THE LIT GROUP, a Nevada corporation, HUTCHINGS COURT REPORTERS, LLC, a California corporation, LITIGATION SERVICES, a Nevada corporation,<br><br>        Defendants. | No.   CIV. S-13-01770 LKK/AC<br><br>**ORDER** |

    Plaintiff U.S. Legal Support, Inc. alleges that defendants Ameen Hofioni and Morgan Albanese, its former employees, misappropriated certain trade secrets, confidential information, and personal property, both for their own benefit and for the benefit of their new employer, defendant The LIT Group, and its affiliated entities, defendants Hutchings Court Reporters, LLC

1

1  and Litigation Services.[1]

2  Defendants' attorneys, from the law firm of Squire Sanders
3  (US) LLP ("Squire Sanders"), now move to withdraw as counsel for
4  defendant Hofioni. (ECF No. 50.) Hofioni opposes this motion.
5  Daniel L. Baxter and George A. Guthrie of the law firm of Wilke
6  Fleury Hoffelt Gould and Birney LLP ("Wilke Fleury") represent
7  Hofioni solely for the purposes of this motion.

8  The motion came on for hearing on April 21, 2014. By Order
9  dated April 22, 2014, the court directed Squire Sanders to
10 provide notice as to whether the firm would consent to turn over
11 to Wilke Fleury copies of any communications with the Non-Hofioni
12 Defendants regarding "(i) the circumstances leading up to Squire
13 Sanders' decision to withdraw from representing Hofioni,
14 including, but not limited to, settlement discussions with
15 plaintiff, and efforts to obtain Hofioni's signature on the
16 Common Representation Agreement . . . and (ii) any agreement to
17 pay the costs of Hofioni's legal representation and/or to
18 indemnify him for damages herein." (Order, ECF No. 57.) The Order
19 further provided that if Squire Sanders refused to turn over
20 these documents, then the court would disqualify Squire Sanders
21 as counsel for all of the defendants herein. (Id.)

22 On May 7, 2014, Squire Sanders notified the court that it
23 would turn over the documents in question to Wilke Fleury. (ECF
24 No. 59.) On May 9, 2014, Mr. Baxter filed a declaration averring

---

[1] Hereinafter, the term "Entity Defendants" collectively means The LIT Group, Hutchings Court Reporters, LLC, and Litigation Services. The term "Non-Hofioni Defendants" collectively means Morgan Albanese and the Entity Defendants.

2

1  that he would "submit an additional statement and/or declaration
2  regarding Squire Sanders' motion to withdraw" no later than May
3  23, 2014. (ECF No. 60.)
4      The court is now in receipt of Hofioni's brief, and an
5  accompany declaration by Mr. Baxter, which together argue for
6  Squire Sanders' disqualification as counsel for all defendants
7  here. (ECF No. 61.) Having reviewed these filings, the court
8  finds that it must hear from Squire Sanders regarding the issues
9  raised.
10     One other matter requires attention. Footnote 2 of Hofioni's
11 brief provides:

> Given the sensitive nature of this dispute, the undersigned [*i.e.*, Mr. Baxter] will refrain from referencing documentary contents that are not essential to the Court's review and determination of the matter, and will similarly not attach any of the source documents to this submission. However, the undersigned will bring all relevant documents and communications to any further hearing the Court might hold, and can otherwise make all such documents available for in camera review.

20 Local Rule 141 provides procedures for the sealing of documents
21 filed with the court. That the court has called this Rule to the
22 parties' attention should not be construed as an invitation to
23 make a large-scale filing of confidential documents. That said,
24 if any of the parties believes that review of the whole of a
25 communication, rather than selected excerpts, would assist the
26 court's decisionmaking, it should avail itself of the procedures
27 set forth in the Local Rule.
28

In light of the foregoing, the court hereby DIRECTS Squire Sanders to file either an opposition or a statement of non-opposition to "Ameen Hofioni's Response to Motion for Leave to Withdraw as Counsel of Record" (ECF No. 61) no later than fifteen (15) days after docketing of this Order. Any opposition may be no longer than fifteen (15) pages in length, exclusive of supporting documents. The matter will then stand submitted, unless the court determines that further oral argument is necessary.

IT IS SO ORDERED.

DATED: May 28, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT