UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. LEGAL SUPPORT, INC., a Texas corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AMEEN HOFIONI, an individual; MORGAN ALBANESE, an individual; THE LIT GROUP, a Nevada Corporation; HUTCHINGS COURT REPORTERS, LLC, a California corporation; and LITIGATION SERVICES, a Nevada corporation,<br><br>    Defendants.<br><br>AMEEN HOFIONI,<br><br>    Cross-Claimant,<br><br>    v.<br><br>THE LIT GROUP, a Nevada corporation; HUTCHINGS COURT REPORTERS, LLC, a California corporation; and LITIGATION SERVICES, a Nevada corporation,<br><br>    Cross-Defendants. | No. 2:13-cv-01770-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

| | |
|---|---|
| 1<br>2<br>3 | THE LIT GROUP, a Nevada corporation; HUTCHINGS COURT REPORTERS, LLC, a California corporation; and LITIGATION SERVICES, a Nevada corporation, |
| 4 | Counter-Claimants, |
| 5 | v. |
| 6 | AMEEN HOFIONI, |
| 7 | Counter-Defendant. |

On October 17, 2014, Cross-Claimant Ameen Hofioni ("Hofioni") filed a Motion for a Preliminary Injunction, ECF No. 89, against Cross-Defendants The Lit Group, Hutchings Court Reporters, LLC, and Litigation Services (collectively "Lit Group"). Hofioni asks the Court to force Lit Group, his former employer, to pay his attorney's fees in connection with the original, ongoing lawsuit, U.S. Legal Support, Inc. v. Hofioni, et al. For the following reasons, Hofioni's Motion is DENIED.[1]

## BACKGROUND

Hofioni previously worked for U.S. Legal Support, Inc. ("U.S. Legal") as a high-paid executive involved in business development and sales. On or about July 16, 2013, he made a lateral transfer to U.S Legal's competitor, Lit Group, once again as a high-paid executive with a salary of over $350,000 per year. One month after he began his employment with Lit Group, U.S. Legal sued Hofioni for misappropriating trade secrets (for emailing sensitive documents to his personal email address) and for various other claims relating to Hofioni's alleged submission of false expense reports and use of company gift cards for personal purchases.

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g); ECF No. 95.

U.S. Legal also sued Lit Group, which initially provided and paid for its employment attorney, Squire Patton Boggs, to represent Hofioni.  However, after discovery had been conducted and Lit Group determined the allegations against Hofioni were likely true (and that he had engaged in similar conduct against Lit Group), Lit Group terminated Hofioni's employment.  Soon after, Lit Group notified Hofioni that he would have to find a new attorney and that although Lit Group would pay $25,000 to assist with Hofioni's transition to a new attorney, Lit Group would no longer be paying for Hofioni's legal costs.

On July 22, 2014, Hofioni filed a crossclaim against Lit Group, ECF No. 75, claiming Lit Group had promised to pay his attorney's fees through the pendency of the underlying litigation and to indemnify him against any civil damages.  Lit Group denies there was any binding agreement to this effect and has since filed a counterclaim against Hofioni for breach of contract, express contractual indemnity, conversion, fraud, and declaratory relief, ECF No. 92.

## STANDARD

"A preliminary injunction is an extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 690 (2008).  "[T]he purpose of a preliminary injunction is to preserve the status quo between the parties pending a resolution of a case on the merits." McCormack v. Hiedeman, 694 F.3d 1004, 1019 (9th Cir. 2012).  A plaintiff seeking a preliminary injunction must establish that he is (1) "likely to succeed on the merits;" (2) "likely to suffer irreparable harm in the absence of preliminary relief;" (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." Winter v. Natural Res. Defense Council, 555 U.S. 7, 20 (2008).  "If a plaintiff fails to meet its burden on any of the four requirements for injunctive relief, its request must be denied." Sierra Forest Legacy v. Rey, 691 F. Supp. 2d 1204, 1207 (E.D. Cal. 2010) (citing Winter, 555 U.S. at 22).  "In each case, courts 'must balance the competing claims of injury and

must consider the effect on each party of the granting or withholding of the requested relief.'" Winter, 555 U.S. at 24 (quoting Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987)). A district court should enter a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22 (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and shows that an injunction is in the public interest, a preliminary injunction can still issue so long as serious questions going to the merits are raised and the balance of hardships tips sharply in the plaintiffs' favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

## ANALYSIS

It is unnecessary for the Court to delve into whether Hofioni is likely to succeed on the merits because it is clear to the Court that he does not face a risk of irreparable harm. Indeed, even if Hofioni's success on the merits was "virtually assured," he would still need to demonstrate that "he will suffer imminent, irreparable harm absent injunctive relief." Clouser v. Ion Beam Applications, Inc., No. C-03-5539, 2004 WL 540514, at *5 (N.D. Cal. Mar. 18, 2004) (citing Los Angeles Mem'l Coliseum Comm. v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980)).

Hofioni claims that he faces irreparable harm because if Lit Group is not forced by the Court to pay his legal fees in connection with U.S. Legal's complaint, he may not be able to pay his legal expenses, which in turn would result in Hofioni being unable to mount an adequate defense and U.S. Legal prevailing by default. First, it appears unlikely that Hofioni cannot afford to pay his legal fees, as he is still a well-paid

///

executive[2] and most of the initial, time-consuming work—including discovery--in the underlying matter has already been completed.  Additionally, in the event U.S. Legal prevails against Hofioni, both his legal expenses incurred and any civil damages awarded will be easily quantifiable, purely economic losses.  Economic loss does not, in and of itself, constitute irreparable harm.  <u>Sampson v. Murray</u>, 415 U.S. 61, 90 (1974).  Finally, any losses suffered by Hofioni may be recovered if he prevails on his counterclaim.  Simply put, the potential harm alleged by Hofioni is not irreparable.  <u>Id.</u> ("The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended ... are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.").

Since the losses that Hofioni claims are speculative and not irreparable, a preliminary injunction is unnecessary and improper.

## CONCLUSION

For the reasons just stated, Hofioni's Motion for a Preliminary Injunction, ECF No. 89, is DENIED.

IT IS SO ORDERED.

Dated:  January 6, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] He is now working for another competitor of U.S. Legal and Lit Group.