1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  U.S. LEGAL SUPPORT, INC.,                No. 2:13-cv-01770-MCE-AC

12              Plaintiff,

13       v.                                  ORDER

14  AMEEN HOFIONI, et al.,

15              Defendants.

16

17       On September 9, 2015, the court held a hearing on defendant Ameen Hofioni's motion to

18  compel. Jennifer Holly appeared on behalf of plaintiff U.S. Legal Support, Inc.; and Daniel

19  Baxter appeared on behalf of defendant Hofioni. On review of the motions, the documents filed

20  in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause

21  appearing therefor, THE COURT FINDS AS FOLLOWS:

22                           RELEVANT BACKGROUND

23  I.       Factual Allegations

24       Plaintiff alleges that defendants Ameen Hofioni and Morgan Albanese misappropriated

25  trade secrets and other confidential information from it for the benefit of their new employers,

26  defendants the LIT Group, Hutchings Court Reporters, LLC, and Litigation Services (collectively

27  "Corporate Defendants"), while they were employed by plaintiff. ECF No. 44 at 1. According to

28  plaintiff, the Corporate Defendants have been using this confidential information to solicit

1

1   plaintiff's customers and recruit its employees.  Id.  The trade secrets at issue include: (1) the

2   identity of plaintiff's largest accounts; (2) information on the revenue generated by plaintiff from

3   its largest accounts; (3) upward and downward revenue trends; (4) the most active accounts by

4   number of depositions ordered and the person responsible for ordering those depositions; and (5)

5   plaintiff's representatives by state and their productivity measured by number of depositions and

6   records ordered.  Id.  These trade secrets allow the Corporate Defendants to successfully target

7   plaintiff's customers and employees.  Id.

8        Plaintiff alleges that the Corporate Defendants had virtually no presence in Northern

9   California prior to defendants Hofioni and Albanese joining their operation and that the customer

10  lists at issue took years and millions of dollars to compile.  Id.  Over a period of days defendants

11  Hofioni and Albanese covertly funneled this information to their personal email accounts to be

12  given to the Corporate Defendants.  Id.

13       Plaintiff further alleges that defendants Hofioni and Albanese submitted fraudulent

14  expense reports related to defendant Hofioni's use of plaintiff's funds to purchase gift cards.  Id.

15  at 2.  These cards were not provided to plaintiff's customers or returned to plaintiff upon

16  defendant Hofioni's resignation.  Id.  These gift cards remain unaccounted for until this day

17  except to the extent that they have been used.  Id.  In the expense reimbursement documents

18  defendants Hofioni and Albanese submitted to plaintiff they claimed that these gift cards had

19  been given to individuals employed by law firms that used plaintiff's services.  Id.  However,

20  upon further investigation, plaintiff discovered that some of these cards were used by defendants

21  Hofioni and Albanese at local businesses.  Id.  Based on defendants misappropriation of trade

22  secrets plaintiff seeks restitution and injunctive relief for breach of contract, breach of duties of

23  loyalty and confidence, unfair competition, conversion, and fraud.  Id. at 3.

24   II.   Procedural Background

25       Plaintiff filed its original complaint on August 6, 2013.  ECF No. 1.  On September 24,

26  2013, the parties submitted a stipulated protective order, which the court issued on October 9,

27  2013.  ECF Nos. 24, 27.  On October 8, 2013, defendants filed a motion to dismiss plaintiff's

28  claims.  ECF No. 26.  On November 4, 2013, the parties attended a status conference before the

presiding district judge, who agreed to set the discovery deadline for December 4, 2014; the motion deadline for February 4, 2015; and the final pretrial conference for May 4, 2015.  ECF No. 32.  On November 7, 2013, the court issued a scheduling order setting out the dates outlined above.  ECF No. 34.  On December 19, 2013, plaintiff filed a motion for contempt and sanctions against defendants Hofioni and Albanese.  ECF No. 37.  On December 20, 2013, the court issued an order granting defendants' motion to dismiss in part and denying it in part with leave to amend.  ECF No. 38.  On January 3, 2014, plaintiff filed the operative first amended complaint.  ECF No. 44.

On January 15, 2014, the court issued an order denying plaintiff's motion for contempt and sanctions.  ECF No. 47.  On January 21, 2014, defendants filed an answer.  ECF No. 48.  On March 19, 2014, Squire Sanders LLP ("Squire") moved to withdraw as counsel of record for defendant Hofioni.  ECF No. 50.  On April 22, 2014, following the hearing on Squire's motion, the court ordered Squire to turn over records of certain communications between it and the Corporate Defendants.  ECF No. 57.  If Squire failed to do so, the court noted it would infer Squire violated its duty of loyalty to defendant Hofioni and bar it from serving as counsel for all defendants.  Id.  On May 23, 2014, defendant Hofioni filed a response to Squire's motion to withdraw requesting that the court bar it from representing all defendants in this matter.  ECF No. 61.  On May 29, 2014, the court ordered Squire to file an opposition or notice of non-opposition to defendant Hofioni's request within fifteen (15) days.  ECF No. 62.  On June 13, 2014, Squire filed an opposition to defendant Hofioni's request.  ECF No. 65.

On June 30, 2014, defendant Hofioni filed a motion for leave to file cross-claims against the Corporate Defendants.  ECF No. 67.  The Corporate Defendants filed a notice of non-opposition to defendant Hofioni's motion on July 10, 2014.  ECF No. 71.  On July 21, 2014, the court granted defendant Hofioni's motion and ordered him to file his cross-complaint within seven days.  ECF No. 74.  Defendant Hofioni filed his cross-complaint the next day.  ECF No. 75.

On July 25, 2014, the court granted defendant Hofioni's request that the court bar Squire from representing any defendants in this matter.  ECF No. 80.  The court stayed the matter to allow the non-Hofioni defendants to find counsel and to allow said counsel to familiarize

themselves with the case.  Id.  The court also ordered the non-Hofioni defendants to file a status

report within sixty days, after which the stay would be lifted.  Id.  On August 27, 2014, this

matter was transferred from Judge Karlton to Judge England.  ECF No. 83.  In light of the transfer

of this matter Judge England vacated the scheduled final pretrial conference and jury trial.  ECF

No. 85.  The parties submitted a joint status report on October 15, 2014.  ECF No. 88.

On November 25, 2014, the Corporate Defendants filed an answer and counter-complaint

to defendant Hofioni's cross-complaint.  ECF No. 92.  On December 29, 2014, defendant Hofioni

filed an answer to the Corporate Defendants' cross-complaint.  ECF No. 97.  On January 20,

2015, the court issued a scheduling order setting a discovery deadline of November 12, 2015; and

a dispositive motion deadline of May 12, 2016.  ECF No. 100.  On June 22, 2015, defendant

Hofioni filed a motion to compel plaintiff to produce responses to certain written discovery

requests.  ECF No. 105.  The hearing on that motion was originally scheduled for July 29, 2015,

id.; then August 12, 2015, ECF No. 107; August 26, 2015, ECF No. 109; and finally September

9, 2015, ECF No. 111.  On September 2, 2015, defendant Hofioni and plaintiff filed a joint

statement.  ECF No. 113.

III.    Discovery Background

On March 19 and March 25, 2015, defendant Hofioni served plaintiff with his (1)

"Requests for Production of Documents, Set One;" (2) "Requests for Production of Documents,

Set Two;" (3) "Interrogatories, Set One;" and (4) "Admissions, Set One."  ECF No. 113 at 2.

Plaintiff's responses consisted almost entirely of objections, and so the parties began a meet and

confer effort that consisted of the following:

- May 1, 2015 letter from defendant Hofioni to plaintiff;

- May 12, 2015 letter from plaintiff to defendant Hofioni;

- May 13, 2015 in-person meeting between defendant Hofioni's counsel and
  plaintiff's counsel;

- May 14, 2015 letter from defendant Hofioni to plaintiff;

- June 6, 2015 letter from defendant Hofioni to plaintiff;

- June 19, 2015 letter from plaintiff to defendant Hofioni;

1         •   June 23, 2015 letter from defendant Hofioni to plaintiff; and

2         •   Numerous emails and telephone conversations over this period of time.

3 Id.

4      This extended meet and confer process yielded additional responses to defendant

5 Hofioni's interrogatories on July 17, 2015, and the production of documents on August 5, 2015.

6 Id. However, defendant Hofioni requests that the court compel plaintiff to respond further to

7 Requests for Production Nos. 1, 2, 3, 4, 6, 7, 8, 9, 10, and 11; and Interrogatories Nos. 1, 2, 15,

8 and 16. Id. at 7, 8 n.4, 9–10, 12. Specifically, defendant Hofioni raises the following issues:

9     1.  Defendant Hofioni seeks a verification that plaintiff has produced every responsive

10        document in its possession, custody, or control. Id. at 3. Because of plaintiff's

11        incorporation of a vast array of boilerplate objections in its responses, defendant

12        Hofioni contends that it is impossible for him to determine whether plaintiff has

13        produced all of its responsive documents. Id. (Requests for Production Nos. 2, 3, 4, 6,

14        7, 8, and 11).

15     2.  In response to certain requests for production, plaintiff invited defendant Hofioni to

16        meet and confer regarding the parameters of his requests. Id. Efforts to meet and

17        confer, however, did not result in further responses. Id. (Requests for Production

18        Nos. 9, 10, and 11).

19     3.  Plaintiff has failed to produce all responsive documents to some of defendant

20        Hofioni's discovery requests based on the Corporate Defendants' failure to respond

21        fully to plaintiff's own discovery requests. Id. (Requests for Production Nos. 1, 2, 3,

22        and 4; and Interrogatories Nos. 1, 2, 15, and 16).

23    Plaintiff responds that:

24     1.  Plaintiff will supplement its responses and give a clear intention to produce all

25        responsive documents in its control. Id. at 5. However, plaintiff cannot produce all

26        responsive documents at this time because it is still reviewing documents "and will

27        supplement its production on a rolling basis." Id.

28     2.  Plaintiff will produce supplemental responses to defendant Hofioni's Requests for

1    Production Nos. 9, 10, and 11 by September 11, 2015.[1]  Id.

2        3.  Plaintiff contends that it cannot produce documents or supply responses to some of

3            defendant Hofioni's discovery requests because it first has to receive responses to its

4            own discovery requests from the Corporate Defendants.  Id. at 5–6.  For example,

5            defendant Hofioni's Interrogatory No. 1 requests information on each trade secret that

6            he allegedly stole.  Id.  However, plaintiff is unable to identify each trade secret that

7            defendant Hofioni stole until the Corporate Defendants respond to discovery requests

8            from plaintiff seeking communications between them and defendant Hofioni.  Id.

9                                    LEGAL STANDARDS

10       "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

11   party's claim or defense. . . .  Relevant information need not be admissible at the trial if the

12   discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R.

13   Civ. P. 26(b)(1).  Generally, the scope of discovery under Rule 26(b)(1) "has been construed

14   broadly to encompass any matter that bears on, or that reasonably could lead to other matters that

15   could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437

16   U.S. 340, 351 (1978).  Evidence is relevant if it has "any tendency to make the existence of any

17   fact that is of consequence to the determination of the action more probable or less probable than

18   it would be without the evidence."  Fed. R. Evid. 401.  The court must limit discovery when "the

19   burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P.

20   26(b)(2)(C)(iii).  The court may also limit the extent of discovery to protect a party or person

21   from annoyance, embarrassment, oppression, undue burden or other improper purposes.  Fed. R.

22   Civ. P. 26(c)(1), 26(g)(1)(B)(ii).

23       Federal Rules 33 and 34 provide that discovery requests must be responded to within 30

---

[1]  Plaintiff does not oppose defendant Hofioni's motion to compel further responses to Requests
for Production Nos. 9, 10, or 11.  At the hearing, the undersigned asked plaintiff whether it had
yet served defendant Hofioni with supplemental responses.  Plaintiff responded that it had not yet
served supplemental responses, but would do so by Friday, September 11, 2015.  The court
informed plaintiff at that time that it would be granting defendant Hofioni's motion as to Requests
for Production Nos. 9, 10, and 11.

1   (or in some cases 45) days.  In response to a request for production of documents under Rule 34

2   of the Federal Rules of Civil Procedure, a party is to produce all relevant documents in his

3   "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  Accordingly, a party has an

4   obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery,

5   National Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 554–56 (N.D. Cal. 1987),

6   and, based on that inquiry, "[a] party responding to a Rule 34 production request . . . 'is under an

7   affirmative duty to seek that information reasonably available to [it] from [its] employees, agents,

8   or others subject to [its] control.'"  Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992)

9   (citation omitted).

10          Rule 26(e) of the Federal Rules of Civil Procedure provides that litigants have a

11   continuing duty to "seasonably" supplement all responses to interrogatories and requests for

12   production if their prior responses are either incomplete or incorrect.  Fed. R. Civ. Proc. 26(e)(2)

13   ("A party is under a duty seasonably to amend a prior response to an interrogatory, request for

14   production . . . if the party learns that the response is in some material respect incomplete or

15   incorrect . . . .").

16                                          DISCUSSION

17          The court will grant defendant Hofioni's motion to compel in its entirety because

18   plaintiff's responses are insufficient under the Federal Rules.

19          Defendant Hofioni argues that plaintiff's responses to Requests for Production Nos. 2, 3,

20   4, 6, 7, 8, and 11 are insufficient because they (1) incorporate boilerplate objections and (2) do

21   not admit to the production of all responsive documents.[2]  According to defendant Hofioni,

---

[2]  Defendant Hofioni does not reproduce all of the requests for production, interrogatories, and responses at issue in the joint statement, in violation of Local Rule 251(c).  Normally, this would be sufficient reason to deny his motion.  However, plaintiff does not oppose defendant Hofioni's motion based on the substance of his requests.  Instead, plaintiff essentially opposes defendant Hofioni's motion based on the assertion that it cannot fully respond at this early stage of discovery.  Accordingly, the court will overlook defendant Hofioni's failure to adhere to Local Rule 251(c) this time around.  Nevertheless, defendant Hofioni's failure to reproduce plaintiff's responses makes it impossible to evaluate his argument that those responses include boilerplate objections. The one request for production that defendant Hofioni *does* include in the joint statement clearly reflects improper boilerplate objections based on the scope of the request, (continued…)

1   plaintiff's responses are insufficient because in them plaintiff effectively refuses to produce

2   responsive documents based on the contention that they are not relevant to the case as a whole.

3   Plaintiff responds that it will continue to make responsive documents available to defendant

4   Hofioni "on a rolling basis" as they become known in the course of discovery.  Plaintiff does not

5   address defendant Hofioni's contention that its responses use boilerplate objections.

6         Plaintiff has an obligation to produce all responsive documents in its possession, custody,

7   or control within thirty (30) days of the request for production.  Fed. R. Civ. P. 34(b)(2).  Plaintiff

8   does not have the right to decline to produce documents responsive to defendant Hofioni's

9   requests based on the contention that those documents are ultimately irrelevant to Hofioni's

10   claims.  If plaintiff believed that defendant Hofioni's requests sought irrelevant documents, it

11   should have opposed them on that basis.  The time for doing so has now passed and accordingly,

12   any such objection has been waived.  See Richmark Corp. v. Timber Falling Consultants, 959

13   F.2d 1468, 1473 (9th Cir. 1992).

14         At the hearing, plaintiff requested that the court's order disposing of defendant's motion

15   to compel include a caveat that plaintiff may supplement discovery with responsive documents as

16   they become known.  However, plaintiff may not reserve the right to produce responsive

17   documents "on a rolling basis" because of the volume of discovery in this matter.  While the court

18   is aware that discovery can, at times, prove a burdensome and lengthy enterprise, that fact does

19   not justify what would effectively be a period of endless discovery.  Of course, if plaintiff finds

20   after the deadline to produce responsive documents has passed that more responsive documents

21   are in its possession, custody, or control, it can (and must) supplement its responses.  See Fed. R.

22   Civ. P. 26(e).  Such conduct would not be improper as long as plaintiff's initial search was done

23   diligently and in good faith.  See Reinsdorf v. Skechers U.S.A., Inc., 296 F.R.D. 604, 615 (C.D.

24   Cal. 2013) ("[T]he discovery process relies upon the good faith and professional obligations of

25   relevance, and attorney-client privilege.  ECF No. 113 at 7–8; see also A. Farber & Partners,
Inc.

26   v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as
'overly burdensome and harassing' are improper—especially when a party fails to submit any

27   evidentiary declarations supporting such objections.").  The reproduction of a single response;
however, does not allow the court to make a determination as to plaintiff's remaining objections.

28

8

1   counsel to reasonably and diligently search for and produce responsive documents." (internal

2   quotation marks omitted)).

3         Defendant Hofioni argues that plaintiff's responses to Requests for Production Nos. 1, 2,

4   3, and 4; and Interrogatories Nos. 1, 2, 15, and 16 are insufficient because they do not include all

5   responsive documents and information.  Plaintiff claims to be unable to provide all responsive

6   documents and information because the parties are at the early stages of discovery and the

7   requests are premature.  Specifically, plaintiff argues that it cannot respond fully to defendant

8   Hofioni's discovery requests until it receives responses to its own discovery requests from the

9   Corporate Defendants.  This excuse is insufficient.  Once again, plaintiff must produce all

10  responsive documents in its possession, custody, or control. Fed. R. Civ. P. 34(a)(1).  In addition,

11  it must respond to defendant Hofioni's interrogatories separately and fully, under oath, to the best

12  of its ability. Fed. R. Civ. P. 33(b).  Obviously, plaintiff is not required to produce documents

13  that is has no way of knowing are responsive to defendant Hofioni's requests, nor is it required to

14  provide information it does not yet have.  Defendant does not argue otherwise.  However, the fact

15  that plaintiff anticipates receiving new information from the Corporate Defendants that might

16  require it to supplement its responses does not mean that it can simply decline to fully respond to

17  discovery requests.  See Fed. R. Civ. P. 26(e).  Accordingly, the court will grant defendant

18  Hofioni's motion to compel responses to Requests for Production Nos. 1, 2, 3, 4, 6, 7, 8, 9, 10,

19  and 11; and Interrogatories Nos. 1, 2, 15, and 16 because plaintiff's responses do not comply with

20  the Federal Rules.

21                                    CONCLUSION

22         Based on the foregoing THE COURT HEREBY ORDERS that defendant Hofioni's

23  motion to compel, ECF No. 105, is GRANTED.  Plaintiff must provide documents responsive to

24  Requests for Production Nos. 1, 2, 3, 4, 6, 7, 8, 9, 10, and 11; and responsive answers to

25  Interrogatories Nos. 1, 2, 15, and 16 within thirty (30) days of service  of this order.

26  DATED: October 7, 2015

27

28

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9