**BARNES & THORNBURG LLP**
Kevin D. Rising (SBN 211663)
kevin.rising@btlaw.com
Joel R. Meyer (SBN 247620)
joel.meyer@btlaw.com
Matthew B. O'Hanlon (SBN 253648)
matthew.o'hanlon@btlaw.com
2029 Century Park East, Suite 300
Los Angeles, CA 90067-3012
Telephone: 310-284-3880
Facsimile:   310-284-3894

**LITTLER MENDELSON P.C.**
Benjamin L. Webster (SBN 132230)
BWebster@littler.com
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
Telephone: 916-830-7200
Fax: 916-561-0828

Attorneys for Defendants, Cross-Defendants, and
Counter-Claimants The LIT Group LLC, Hutchings
Court Reporters, LLC, and Litigation Services, LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. LEGAL SUPPORT, INC., a Texas corporation, <br><br> Plaintiff, <br><br> v. <br><br> AMEEN HOFIONI, an individual, MORGAN ALBANESE, an individual, THE LIT GROUP, a Nevada corporation, HUTCHINGS COURT REPORTERS, LLC, a California corporation, LITIGATION SERVICES, a Nevada corporation, <br><br> Defendants. | Case No. 2:13-CV-01770-MCE-AC <br><br> **JOINT STATEMENT RE DISCOVERY DISAGREEMENT – U.S. LEGAL SUPPORT, INC.'S RESPONSES AND OBJECTIONS TO THE LIT GROUP LLC'S INTERROGATORIES (SET ONE) AND REQUESTS FOR PRODUCTION OF DOCUMENTS (SET TWO)** <br><br> Date:      November 4, 2015 <br> Time:        10:00 a.m. <br> Courtroom: 26, 8th Floor |

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1    Pursuant to Local Rule 251, Defendant The LIT Group LLC ("LIT" or "Defendant") and

2    Plaintiff U.S. Legal Support, Inc. ("U.S. Legal" or "Plaintiff") (LIT and U.S. Legal are sometimes

3    collectively hereinafter referred to as "the Parties") hereby submit the following Joint Statement re

4    Discovery Disagreement. The sufficiency of Plaintiff's responses and objections to the LIT Group

5    LLC's Interrogatories (Set One) and Requests for Production of Documents (Set Two) (collectively

6    "the Discovery Requests") remain in dispute, causing the Parties seek the Court's guidance.

7    **I.    Statement of the Nature of the Action and its Factual Disputes Pertinent to the Matters**

8         **to be Decided at the Hearing**

9         a.   LIT's Statement

10       U.S. Legal, a court reporting company, filed this action on August 26, 2013. *See* Dkt. No. 1.

11   At its core, this is an anticompetitive action in which U.S. Legal seeks to punish LIT (one of its

12   competitors) for having hired two former U.S. Legal sales representatives in connection with

13   founding LIT's Sacramento office in July 2013. Although non-compete agreements are generally

14   unlawful and unenforceable under California Business and Professions Code Section 16600 ("Section

15   16600"), U.S. Legal seeks to skirt Section 16600 by contending that a former U.S. Legal sales

16   representative (Defendant Ameen Hofioni) and his assistant (Defendant Morgan Albanese) took U.S.

17   Legal's "trade secrets" with them when they came to work at LIT.

18       Although the nature of U.S. Legal's claimed trade secrets remains unclear even two years

19   after the filing of this case, U.S. Legal appears to take the position that the identity of its customers—

20   namely, every big law firm in the Sacramento area—constitutes a trade secret, notwithstanding the

21   fact that Hofioni brought many of U.S. Legal's purported "customers" with him from his prior

22   employer Esquire (yet another court reporting company). In essence, U.S. Legal claims that the

23   people Hofioni knows—and the personal relationships he has with them—constitute a trade secret to

24   the extent he brought their business to U.S. Legal or met them while working for U.S. Legal.

25   Moreover, U.S. Legal has conceded in discovery that its Sacramento office has not only met—but has

26   in fact exceeded—its sales goals notwithstanding Hofioni's departure, meaning that U.S. Legal has

27   suffered no damages as a result of alleged trade secret misappropriation.

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1    Given the unclear nature of U.S. Legal's trade secret claim and its questionable damages

2    theory, LIT sought discovery in order to gain basic information about U.S. Legal's claims. At issue

3    here are LIT's Interrogatories (Set One) and Requests for Production of Documents (Set Two), to

4    which U.S. Legal largely responded with meritless objections and deficient responses. This action

5    has been pending for over two (2) years, and LIT is entitled to know U.S. Legal's damage theories

6    and claimed damages. The operative scheduling order sets a November 12, 2015 deadline to

7    complete fact discovery (*See* Dkt. No. 100), and without adequate discovery responses from U.S.

8    Legal, LIT would be at a disadvantage in preparing its defense.

9        b.  U.S. Legal's Statement

10       USLS notes that it served its Further Supplemental Responses to LIT's Interrogatories Set

11   One on October 25, 2015. Therefore, there is nothing to compel in this regard.

12       As to LIT's 170 document requests, many of which are grossly overbroad, USLS responds as

13   follows: USLS objected to the overbreadth of LIT's requests and has requested numerous times that

14   LIT meet and confer with USLS as to the time, scope, and relevance of various requests.

15   Notwithstanding, LIT refused to narrow or clarify the requests. Despite this and in good faith, USLS

16   engaged in an extensive review of documents and electronically stored information. Given the

17   volume of documents USLS had to review, USLS agreed to produce documents on a rolling basis.

18   To date, USLS has produced 43,197 pages of documents in response to Defendants' discovery

19   requests. USLS intends to produce its final round of production, and serve USLS' Further

20   Supplemental Responses to LIT's requests for production on Friday, October 31, 2015.

21       LIT accuses USLS of failing to provide documents concerning USLS' trade secret claim and

22   claimed damages. However, USLS' customer lists, which include names, specific customer contact

23   information, customer ordering information and customer preference, improperly acquired from

24   USLS and thereafter retained by Hofioni and Albanese for use at LIT, are comprised of USLS'

25   confidential and trade secret information. In order for USLS to fully respond to discovery concerning

26   the Defendants' disclosure and/or use of USLS' trade secrets, and to demonstrate LIT's liability in

27   this action, LIT must first comply with its discovery obligations, supplement its responses to

28   discovery, and complete its production of documents. For the last two years, it is U.S. Legal Support

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

2

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

("USLS") who has attempted to seek relevant discovery from LIT: discovery that is essential to

quantify the extent of Defendants' misappropriation, use and disclosure of USLS' trade secrets, and

the totality of business lost due to Defendants' misappropriation of USLS' trade secrets. LIT has not

been forthcoming in providing all evidence relevant to these claims, but Plaintiff has learned from

documents produced by third parties - and more recently during review of data and documents

generated under section 8.1 of the parties' Forensic Inspection Protocol Agreement ("FIPA") - that

LIT possesses documents relevant to USLS' claims.

Plaintiff was only first provided access to data and documents generated from the forensic

analysis in September 2015. Plaintiff's ongoing review of the approximately 27,000+ documents

generated under the FIPA revealed more details as to the nature and extent of Defendants'

misappropriation of USLS' trade secrets. Specifically, the FIPA results reflect that Defendants

Hofioni, Albanese, and LIT - immediately upon Hofioni and Albanese becoming employees of LIT -

used USLS trade secrets misappropriated from USLS to solicit USLS customers. LIT, to date, has

not produced all of the customer lists referenced in those emails. USLS acknowledges that on the eve

of the deadline for Joint Statements to be filed, October 27, 2015, LIT produced an additional 12,508

documents, which USLS has been unable to completely digest within the passing of a day. However,

LIT represented in a meet and confer telephone conference on October 26, 2015 that it was only able

to locate one "client list," and was unsure whether it existed in native form. As indicated in Hofioni's

emails discovered as a result of forensic analysis, there are at least two USLS client lists at issue:

Hofioni's "detailed" client list and another sales representative, Jenoa Derdowski's, client list. LIT

must produce all misappropriated client lists, or if unable to do so, LIT must indicate that it has

performed a reasonable, good faith and diligent search and was unable to locate the documents.

Finally, LIT must produce the client lists in native form, complete with metadata.

A motion to compel LIT's compliance with its discovery obligations is currently pending

and is scheduled to be heard concurrently with LIT's motion. USLS cannot adequately respond to

discovery concerning the Defendants' misappropriation or USLS' damages claims without complete

discovery from LIT, though USLS has, in good faith, provided as much information as available to

USLS at the time of its responses.

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

## II.  **Details of the Parties' Conferences**

### a.  LIT's Statement

LIT served its Interrogatories (Set One) (the "Interrogatories") and Requests for Production of Documents (Set Two) ("RFPs") (collectively "LIT's Discovery Requests") on June 1, 2015. Although U.S. Legal initially responded to both requests on July 6, 2015, those responses were admittedly deficient and incomplete. After preliminary meet and confer efforts, U.S. Legal then served supplemental responses to the RFPs on August 7, 2015 and supplemental responses to the Interrogatories on August 14, 2015. *See* Declaration of Joel R. Meyer (hereinafter "Meyer Decl.") at ¶¶ 3-4 and Exhibits A-D thereto.

Because these supplemental responses were still deficient, the Parties engaged in further meet and confer phone calls and letters to attempt to resolve these discovery issues. On August 24, 2015, LIT sent a meet and confer letter to U.S. Legal in which LIT provided a detailed explanation as to why U.S. Legal's supplemental responses to LIT's Discovery Requests were incomplete and inadequate. Meyer Decl. at ¶ 5 and Ex. E.

On August 31, 2015, the parties had a two-hour phone call, at which time U.S. Legal agreed to supplement numerous responses to LIT's Discovery Requests. During that call, counsel for LIT also suggested compromises that would limit the scope of discovery for both parties. Specifically, counsel for LIT proposed, among other things, that U.S. Legal agree to supplement its response to LIT's Special Interrogatory No. 1 to drastically reduce the number of clients it contends were misappropriated, and then both parties would produce documents relating to the those same clients. Counsel for U.S. Legal stated that he would respond to this proposal, but never did so. Meyer Decl. at ¶ 6.

Although U.S. Legal agreed to supplement its responses within a week or so, it failed to do so. On a September 17, 2015 phone call, U.S. Legal still promised to supplement its responses by September 25, 2015, but again failed to do so. Meyer Decl. at ¶¶ 7-8.

On September 28, 2015, after not receiving any of the promised responses, LIT's counsel sent an e-mail informing U.S. Legal that LIT had no choice but to file a motion to compel. Meyer Decl. at ¶ 9 and Ex. F. On September 29, 2015, counsel for U.S. Legal sent a letter in which he promised (for

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

the third time) to supplement its responses in mid-October. Meyer Decl. at ¶ 10 and Ex. G. However, U.S. Legal's repetitive delays and the fast-approaching discovery cut-off date counseled against LIT foregoing its discovery any longer. Thus, despite LIT's hope that the Parties would be able to resolve their discovery issues without court intervention, LIT was forced to file a motion to compel on September 30, 2015. Meyer Decl. at ¶ 11. On October 1, 2015, LIT sent a letter to U.S. Legal, detailing the above meet and confer phone calls and correspondence. LIT also expressed its concern that U.S. Legal's repeated promises of providing supplemental responses and failing to do so had delayed the discovery process, which as set forth above, is scheduled to conclude on November 12, 2015. Meyer Decl. at ¶ 12 and Ex. H.

In the October 1, 2015 letter, counsel for LIT also reminded counsel for U.S. Legal that counsel for LIT had previously proposed compromises that would limit the scope of discovery for both parties (i.e. by limiting the number of allegedly misappropriated customers to a reasonable number so the parties could exchange in a mutual exchange of documents as to those customers) and reiterated counsel for LIT's request for a response to such proposals. In light of counsel for U.S. Legal's ongoing refusal to respond, LIT can only conclude that U.S. Legal intends to keep its options open as to clients that LIT allegedly misappropriated while at the same time denying LIT essential discovery as to those clients. Indeed, it is only fair that if U.S. Legal intends to argue at trial in this matter that LIT wrongfully obtained business from U.S. Legal's clients, LIT is entitled to extensive information regarding U.S. Legal's alleged relationship with those clients, including but not limited to all communications with those clients as well as all Salesforce[1] data for those clients. As of the finalization of this Joint Statement, U.S. Legal still has not provided the promised supplemental discovery responses. It is clear that U.S. Legal will not comply with its discovery obligations unless ordered by the Court.

    b. <u>U.S. Legal's Statement</u>

On June 1, 2015, LIT propounded one hundred and seventy separate, overbroad and/or irrelevant requests for production, in addition to interrogatories. On July 6, 2015, USLS provided

---

[1] Salesforce is a customer relationship management program used by U.S. Legal that that helps manage business relationships and associated data in a central location. *See, e.g.,* www.salesforce.com.

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

responses and objections to LIT's discovery. It its responses, USLS requested that LIT meet and confer on the scope, meaning and relevancy of many of LIT's requests. USLS' request to meet and confer was rebuffed and LIT refused to narrow the scope or clarify its requests.

Rather, LIT insisted on unrealistic and unreasonable deadlines for USLS to supplement its responses. Much of the information LIT seeks from USLS depends on the information that USLS sought in its RFPs, Set One, served on LIT on October 2, 2013, and on the data and documents generated from the work of the Forensic Neutral in this case.

The parties have engaged in meet and confer efforts concerning the parties' respective discovery requests, during which USLS provided estimated completion dates for its rolling production. On July 22, 2015, counsel for USLS agreed to comply with its obligations concerning responding to LIT's discovery requests after further meet and confer efforts to limit the scope of discovery. In response, on July 24, 2015, LIT replied that it would not meet and confer with USLS until it received supplemental responses to from USLS.

On August 7, 2015 USLS served its Supplemental Responses to LIT's Requests for Production of Documents. On August 14, 2015, USLS serviced its Supplemental Responses to LIT's Interrogatories Set One. On August 24, 2015, LIT served further meet and confer correspondence, again refusing to narrow the scope or clarify its requests. On August 31st, counsel had a conference call to discuss the parties' respective discovery issues. Pursuant to the parties' agreement, counsel for USLS agreed to run additional searches and supplement its production on a rolling basis.

USLS has dutifully complied with its agreement to produce documents. On August 26, 2015, USLS produced 7,296 documents. On September 11, 2015, USLS produced 25,766 documents. On October 2, 2015, USLS produced an additional 765 documents. On October 16, 2015, USLS produced another 6,978 documents. USLS will make its final round of production on October 31, 2015.

LIT made zero effort to limit the scope of its discovery. LIT's proposed remedy that USLS "drastically reduce the number of clients it contends were misappropriated," further requesting that USLS limit the scope of discovery to USLS' "top 15 clients" for whom it lost business due to LIT's misappropriation, essentially demands that Plaintiff limit its recovery of damages. USLS is not in a

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v.1

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1  position to consider this proposal without first reviewing the customer lists that Defendants
2  misappropriated. This list contain information of at least 60, if not 150 or more, firms. Once LIT
3  provides the misappropriated customer lists *in native format,* then USLS can be in a better position to
4  assess whether or not it can delineate the number of clients that were misappropriated. Until such
5  time, however, USLS cannot with certainty know the extent of Defendants' misappropriation.
6  Accordingly, it is LIT's conduct that prevents USLS from providing complete responses to discovery
7  seeking information about USLS' misappropriation claims and claimed damages. The fact that LIT
8  seeks to blame USLS for this predicament is ironic.

9  **III.** **Contentions of Each Party as to Each Contested Issue**

10  LIT has filed a motion to compel U.S. Legal to withdraw its meritless objections and provide
11  further responses to LIT's Discovery Requests. Below are (1) the Discovery Requests at issue
12  (including relevant definitions), (2) U.S. Legal's initial responses, (3) U.S. Legal's supplemental
13  responses, (4) LIT's reasons why further response should be compelled, and (5) U.S. Legal's
14  contentions.

15  

**LIT'S INTERROGATORIES (SET ONE)**

16  **RELEVANT DEFINITIONS**

17  1.  "PERSON," as used herein, means and includes natural persons, partnerships,
18  consortiums, joint ventures, and every other form of legally recognized entity, including corporations.

19  2.  "YOU" and "YOUR," as used herein, means and refers to Plaintiff U.S. Legal, Inc.
20  and any PERSON acting or purporting to act on Plaintiff U.S. Legal, Inc.'s behalf, including but not
21  limited to any and all officers, directors, owners, partners, employees, independent contractors,
22  agents, attorneys, accountants, consultants, representatives, experts or investigators.

23  3.  "NORTHERN CALIFORNIA OFFICES," as used herein, means and refers to YOUR
24  offices in Northern California, including but not limited to YOUR offices in Sacramento, Fresno, and
25  San Francisco.

26  4.  "ALLEGED TRADE SECRETS," as used herein, means and refers to the alleged
27  trade secrets claimed by YOU in this action, including but not limited to the alleged trade secrets

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

7

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1 referenced in Paragraph 28 of YOUR COMPLAINT and in YOUR Trade Secret Designation
2 Statement dated October 15, 2013.

3     5.    For purposes of the following requests, the present tense of any verb shall include the
4 past tense and vice versa.

5     6.    "Any" or "each" should be understood to include and encompass "all;" "or" should be
6 understood to include and encompass "and;" and "and" should be understood to include and
7 encompass "or."

8       **INTERROGATORIES, RESPONSES, REASONS WHY FURTHER RESPONSES SHOULD**
9       **BE COMPELLED, AND U.S. LEGAL'S CONTENTIONS:**

10 **INTERROGATORY NO. 1**:

11     IDENTIFY each of YOUR clients and/or customers who YOU contend have stopped or
12 reduced purchasing YOUR products and/or services as a result of the purported misappropriation
13 of the ALLEGED TRADE SECRETS.

14 **RESPONSE TO INTERROGATORY NO. 1**:

15       **General Objections[2]**

16     Plaintiff interposes the following general objections to Defendant's interrogatories. These
17 objections are made to the interrogatories in general, to each and all of the individual interrogatories,
18 and are incorporated by reference into each of the specific interrogatories that are set forth below.

19     1.    Plaintiff generally objects to Defendant's Interrogatories and to each individual
20 interrogatory on the grounds that they are overbroad, unduly burdensome, and oppressive.

21     2.    Plaintiff generally objects to Defendant's Interrogatories and to each individual
22 interrogatory on the grounds that they request the disclosure of trade secret, confidential,
23 competitively sensitive proprietary information, and/or other information protected from disclosure.

24     3.    Plaintiff generally objects to Defendant's Interrogatories and to each individual
25 interrogatory to the extent that the information requested would be a violation of any individual's

26

27     [2] U.S. Legal's general objections, which are only included for Interrogatory No. 1, also purportedly
28 apply to all other initial and supplemental interrogatory responses. To the extent that U.S. Legal is
withholding any information based on its general objections, such objections constitute a discovery
abuse, and the Court should order U.S. Legal to withdraw them.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1  right to privacy under Article I, Section I, of the California Constitution, Sections 1799.1 and 3344
2  of the California Civil Code, or any other state or federal constitutional, statutory, or common law
3  right of privacy of any person.

4      4.      Plaintiff generally objects to Defendant's Interrogatories and to each individual
5  interrogatory on the grounds that they seek information that is not relevant to the subject matter of
6  this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

7      5.      To the extent any interrogatory seeks information, public or otherwise, that is equally
8  available to Defendant, Plaintiff objects on that basis and declines to provide such information.

9      6.      Plaintiff generally objects to Defendant's Interrogatories and to each individual
10  interrogatory to the extent they seek information protected from disclosure by the attorney-client
11  privilege and/or the attorney work product doctrine.

12      7.      Plaintiff generally objects to Defendant's Interrogatories and to each individual
13  interrogatory to the extent that they impose instructions, requirements, or limitations other or greater
14  than those imposed by the Federal Rules of Civil Procedure or other applicable rules or law.

15                           **Plaintiff's Specific Objections & Response**

16      Plaintiff objects that this interrogatory is vague and ambiguous as to the terms, "clients,"
17  "customers," "stopped," "reduced purchasing," "products and/or services," and "purported
18  misappropriation." Plaintiff further objects to this interrogatory in its entirety on the grounds
19  that it is compound, overbroad and unduly burdensome and harassing.

20      Plaintiff has identified clients and customers in its October 15, 2013, Trade Secret
21  Designation Statement under Code of Civil Procedure section 2019.210. Given the procedural
22  history of this case and defendants' efforts to date to avoid providing fulsome discovery responses
23  that comply with applicable legal standards, discovery remains in its very early stages, is ongoing,
24  and Plaintiff objects that this Interrogatory is premature, particularly given Defendant's failure to
25  date to produce documents or other information related to its or its agent's improper acquisition,
26  unauthorized use, and/or disclosure of Plaintiff's trade secrets.

27      Subject to and without waiving the foregoing objections, Plaintiff responds as follows: For the
28  reasons set forth in Plaintiffs objections, the specific identity of customers who have reduced doing

9

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1 business with or ceased doing business with Plaintiff as a consequence of Defendant's
2 misappropriation of Plaintiff s trade secrets is not yet known with specificity and cannot be known
3 with specificity until Defendant and defendants provide discovery concerning their improper
4 acquisition, unauthorized use, and/or disclosure of Plaintiff s trade secrets. Plaintiff has lost business
5 as a direct consequence of Defendant's and defendants' misappropriation of Plaintiff s trade secrets.
6 Discovery is continuing, and Plaintiff reserves the right to supplement this response.

7 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1**:

8   Plaintiff objects that this interrogatory is vague and ambiguous as to the phrase, "reduced
9 purchasing." Plaintiff further objects to this interrogatory in its entirety on the grounds that it is
10 compound, overbroad and unduly burdensome and harassing.

11   Plaintiff has identified clients and customers in its October 15, 2013, Trade Secret
12 Designation Statement under Code of Civil Procedure section 2019.210. Given the procedural
13 history of this case and defendants' efforts to date to avoid providing fulsome discovery responses
14 that comply with applicable legal standards, discovery remains in its very early stages, is ongoing,
15 and Plaintiff objects that this Interrogatory is premature, particularly given Defendant's failure to date
16 to produce documents or other information related to its or its agent's improper acquisition,
17 unauthorized use, and/or disclosure of Plaintiff s trade secrets.

18   Subject to and without waiving the foregoing objections, Plaintiff responds as follows: For the
19 reasons set forth in Plaintiffs objections, the specific identity and totality of customers who have
20 reduced doing business with or ceased doing business with Plaintiff as a consequence of Defendant's
21 misappropriation of Plaintiff's trade secrets is not yet known with specificity and cannot be known
22 with specificity until Defendant and defendant provide discovery concerning their improper
23 acquisition, unauthorized use, and/or disclosure of Plaintiff s trade secrets. Plaintiff has lost business
24 as a direct consequence of Defendant's and defendants' misappropriation of Plaintiff's trade secrets.
25 Plaintiff anticipates that further investigation, analysis and research will reveal new facts, contentions
26 and identities of individuals with knowledge responsive to this interrogatory. Accordingly, Plaintiff
27 reserves the right to supplement and/or amend its response as discovery and its trial preparation
28 continue.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v.1

10

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1     Plaintiff provides the following list of clients for which it has lost business, along with gross

2     sales to each client for the time periods of July 20, 2011-July 19, 2012; July 20, 2012-July 19, 2013;

3     July 20, 2013-July 19, 2014. Plaintiff has limited the following list to customers which were coded to

4     Hofioni (the accounts he serviced) during his employment at USLS. However, USLS continues to

5     investigate other USLS customer accounts affected by Defendant's and defendants' misappropriation

6     of USLS trade secrets. Consequently, USLS expects that its further investigation and discovery

7     produced by defendants and non-parties will reflect business losses exceeding those reflected in the

8     below list.

9     **[U.S. Legal thereafter listed various law firms with revenue amounts for the limited time**

10    **periods referenced above. U.S. Legal designated such information as "Highly Confidential—**

11    **Attorneys' Eyes Only" pursuant to the Parties' stipulated protective order, so LIT has not**

12    **included that specific information here as it is not necessary to evaluate the merits of the**

13    **Parties' instant discovery dispute and would necessitate filing the joint statement under seal]**.

14    <u>REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED</u>:

15    This interrogatory seeks the identity of each of Plaintiff's "clients and/or customers who

16    [it] contend[s] have stopped or reduced purchasing [its] products and/or services as a result of the

17    purported misappropriation of the alleged trade secrets." This interrogatory is reasonably

18    calculated to lead to the discovery of admissible evidence in connection with Plaintiff's trade

19    secret misappropriation claim. In response, Plaintiff U.S. Legal has raised certain objections and

20    provided an inadequate response. For several reasons, such response is deficient.

21    First, Plaintiff claims that this discovery is premature and that Defendant has not produced

22    "documents or other information related to its or its agent's improper acquisition, unauthorized

23    use, and/or disclosure of Plaintiff's trade secrets." In reality, this interrogatory is not premature as

24    this action has been pending for over two years and discovery is set to be completed by November

25    12, 2015. Furthermore, Defendant has complied with its discovery obligations and does not have

26    documents evidencing trade secret misappropriation because Defendant did not misappropriate

27    trade secrets.

28    Second, Plaintiff claims that certain terms, such as "clients," "customers," "stopped,"

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1    "reduced purchasing," "products and/or services," and "purported misappropriation" are vague.

2    However, not only do these terms have plain or well-defined meanings, but Plaintiff has expressly

3    conceded that it has some understanding of these terms. (*See* supplemental responses to RFPs Nos.

4    47, 49, and 56 below.)

5          Finally, the chart Plaintiff has disclosed in its supplemental response to this interrogatory is

6    deficient for several reasons. Contrary to the information requested in this interrogatory, U.S.

7    Legal limited the chart to "customers which were coded to Hofioni (the accounts he serviced)

8    during his employment with USLS," as opposed to all customers for which it is seeking damages.

9    Furthermore, the chart is non-responsive because LIT sought disclosure of the identities of the

10    clients whose business U.S. Legal contends it has lost <u>as a result of</u> trade secret misappropriation,

11    not a non-responsive yearly client revenue comparison that is improperly limited in scope. If U.S.

12    Legal is not currently aware of any such clients (as its purported response above indicates), it must

13    so state rather than provide non-responsive information untethered to the Interrogatory at issue. At

14    this stage in litigation, U.S. Legal may not continue to speculate that any of U.S. Legal's clients

15    who reduced or stopped using its products or services must have done so as a result of the alleged

16    misappropriation by LIT.

17          To the extent that Plaintiff has responsive answers, those answers should be current; as

18    Peter Giammanco testified during his deposition on August 17, 2015, the information U.S. Legal

19    provided in response to Interrogatory No. 1 was prepared in early 2014 and therefore does not

20    include more recent information from 2015.

21          As such, the Court should order U.S. Legal to provide full and responsive answers.

22    <u>**U.S. LEGAL'S CONTENTION:**</u>

23                 **USLS' Contentions Applicable to Interrogatories 1-5:**

24          USLS served its Further Supplemental Responses on October 25, 2015. Accordingly, there is

25    nothing to compel. USLS objects to the interrogatories on the ground that LIT has made it

26    impossible to provide complete responses. The identity and totality of customers who have reduced

27    doing business with or ceased doing business with Plaintiff as a consequence of Defendant's

28    misappropriation of Plaintiff's trade secrets is not yet fully known and cannot be known until

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

12

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v 1

1 | Defendant and defendants provide complete discovery concerning their improper acquisition,
2 | unauthorized use, and/or disclosure of Plaintiff's trade secrets. Plaintiff has lost business as a direct
3 | consequence of Defendant's and defendants' misappropriation of Plaintiff's trade secrets. Plaintiff
4 | anticipates that, upon LIT and all defendants more fully complying with their discovery obligations,
5 | new facts will allow Plaintiff to further supplement its response to this Interrogatory.

6 | Plaintiff was first provided access during September 2015, to data and documents generated
7 | under section 8.1 of the Forensic Inspection Protocol Agreement ("FIPA"). Plaintiff's ongoing
8 | review of the approximately 27,000+ documents generated under section 8.1 of the FIPA ("Section
9 | 8.1") revealed more details as to the nature and extent of defendants' misappropriation of USLS'
10 | trade secrets. Specifically, the Section 8.1 documents reflect that defendants Hofioni, Albanese, and
11 | LIT - immediately upon Hofioni and Albanese becoming employees of LIT - used USLS trade secret
12 | customer lists misappropriated from USLS to solicit USLS customers.

13 | In e-mails defendants Hofioni and Albanese drafted during July and August 2013, Hofioni
14 | and Albanese make reference to possessing in electronic form USLS multiple customer lists for use at
15 | and on behalf of LIT.[3] As of the time of preparing this Joint Statement, ***none of the defendants in***
16 | ***this action have produced*** the USLS customer lists that Hofioni and Albanese reference in the above-
17 | referenced July and August 2013 e-mails, although discovery served in October 2013 called for this
18 | information to be produced.[4] Additionally, LIT continues to take an overly narrow interpretation of
19 | USLS' document requests and has not produced the documents within LIT's possession, custody, and
20 | control that will allow USLS to provide complete responses to these Interrogatories. Indeed, to
21 | USLS' knowledge, LIT has not yet even produced the above-referenced July and August 2013 e-
22 | mails written by Hofioni and Albanese and USLS has been forced to file a Motion to Compel to
23 | obtain LIT's compliance with its discovery obligations.

24 | **USLS' CONTENTION CONCERNING INTERROGATORY NO. 1:**

25 |

---

26 | [3] Due to the confidential and sensitive nature of this information, USLS has not provided these emails with this filing, but will have them available at the time of the hearing.

27 | [4] USLS acknowledges that on the eve of the deadline for Joint Statements to be filed, October 27, 2015, LIT produced an additional 12,508 documents, which USLS has been unable to completely digest within the passing of a day. However,

28 | LIT represented in a meet and confer telephone conference on October 26, 2015 that it was only able to locate one "client list," and was unsure whether it existed in native form. 13

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1   Plaintiff incorporates **USLS' Contentions Applicable to Interrogatories 1-5** as though set
2   forth in full herein.

3       In its further supplemental response, Plaintiff maintained its General Objections. Plaintiff
4   also objected to the phrase "reduced purchasing" on the ground that it is vague and ambiguous.
5   Plaintiff further maintains that the interrogatory is compound, overbroad, unduly burdensome and
6   harassing. Subject to these objections and Plaintiff's objections summarized in **USLS' Contentions**
7   **Applicable to Interrogatories 1-5**, Plaintiff provided the list of clients or which it has lost business,
8   along with gross sales to each client for the time periods of July 20, 2011-July 19, 2012; July 20,
9   2012-July 19, 2013; July 20, 2013-July 19, 2014; and July 20, 2014 to July 19, 2015. USLS
10  maintains that providing information for the 2 years preceding and 2 years following Ameen
11  Hofioni's departure (i.e. July 2011 through July 2015) is appropriate because the financials during
12  this timeframe depict the deleterious effect of the individual defendants' departure on USLS sales in
13  Northern California. This information is designated as "Highly Confidential -- Attorneys' Eyes
14  Only" and is not repeated here.

15  **INTERROGATORY NO. 2**:

16      For each client and/or customer identified in response to Interrogatory No. 1, detail the
17  products and/or services purchased by each such client and/or customer on a calendar year basis
18  over the period from 2008 to the present.

19  **RESPONSE TO INTERROGATORY NO. 2**:

20      Plaintiff objects to this Interrogatory in its entirety on the grounds that it is compound,
21  overbroad in both time and scope, and unduly burdensome and harassing. Plaintiff further
22  objects that, given the procedural history of this case and defendants' efforts to date to avoid
23  providing fulsome discovery responses that comply with applicable legal standards, discovery
24  remains in its very early stages, is ongoing, and Plaintiff objects that this Interrogatory is
25  premature, particularly given Defendant's failure to date to produce documents or other
26  information related to its or its agent's improper acquisition, unauthorized use, and/or
27  disclosure of Plaintiff's trade secrets.

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

14

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1    Subject to and without waiving the foregoing objections, Plaintiff responds as follows: For the

2    reasons set forth in Plaintiffs objections, the specific identity of customers who have reduced doing

3    business with or ceased doing business with Plaintiff as a consequence of Defendant's

4    misappropriation of Plaintiff s trade secrets is not yet known with specificity and cannot be known

5    with specificity until Defendant and defendants provide discovery concerning their improper

6    acquisition, unauthorized use, and/or disclosure of Plaintiff s trade secrets. Plaintiff has lost business

7    as a direct consequence of Defendant's and defendants' misappropriation of Plaintiff s trade secrets.

8    Discovery is continuing, and Plaintiff reserves the right to supplement this response.

9    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2**:

10    Plaintiff objects to this Interrogatory in its entirety on the grounds that it is compound,

11    overbroad in both time and scope, and unduly burdensome and harassing Plaintiff further objects that,

12    given the procedural history of this case and defendants' efforts to date to avoid providing fulsome

13    discovery responses that comply with applicable legal standards, discovery remains in its very early

14    stages, is ongoing, and Plaintiff objects that this Interrogatory is premature, particularly given

15    Defendant's failure to date to produce documents or other information related to its or its agent's

16    improper acquisition, unauthorized use, and/or disclosure of Plaintiff's trade secrets. Plaintiff objects

17    to this interrogatory on the grounds that it requires the preparation of a summary or compilation of

18    documents.

19    Subject to and without waiving the foregoing objections, Plaintiff responds as follows: For the

20    reasons set forth in Plaintiffs objections, the specific identity of customers who have reduced doing

21    business with or ceased doing business with Plaintiff as a consequence of Defendant's

22    misappropriation of Plaintiff s trade secrets is not yet known with specificity and cannot be known

23    with specificity until Defendant and defendants provide discovery concerning their improper

24    acquisition, unauthorized use, and/or disclosure of Plaintiff's trade secrets. Plaintiff has lost business

25    as a direct consequence of Defendant's and defendants' misappropriation of Plaintiff s trade secrets.

26    Plaintiff refers Defendants to its response to Interrogatory No. 2 (*sic*) for client names and general

27    sales numbers from July 2011 through July 2014. Plaintiff generally provides court reporting, record

28    retrieval, eDiscovery and trial services to major corporations and law firms nationwide. Plaintiff

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v.1

15

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1   anticipates that further investigation, analysis and research will reveal new facts, contentions and

2   identities of individuals with knowledge responsive to this interrogatory. Accordingly, Plaintiff

3   reserves the right to supplement and/or amend its response as discovery and its trial preparation

4   continue.

5   **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

6        This interrogatory seeks information about the products and/or services purchased by each

7   client and/or customer identified in Interrogatory No. 1 on a calendar year basis over the period

8   from 2008 to the present. This interrogatory is reasonably calculated to lead to the discovery of

9   admissible evidence in connection with Plaintiff's trade secret misappropriation claim. In

10   response, Plaintiff U.S. Legal has raised certain boilerplate objections and provided an inadequate

11   response. For several reasons, such response is deficient.

12        First, Plaintiff claims that this discovery is premature because discovery is in the early

13   stages and that Defendants have not produced "discovery concerning their improper acquisition,

14   unauthorized use, and/or disclosure of Plaintiff s trade secrets." In reality, this interrogatory is not

15   premature as this action has been pending for over two years and discovery is set to be completed

16   by November 12, 2015. Furthermore, Defendant has complied with its discovery obligations and

17   does not have documents evidencing trade secret misappropriation because Defendant did not

18   misappropriate trade secrets.

19        Second, Plaintiff's reference to the chart it disclosed for Interrogatory No. 1 is non-

20   responsive and inadequate. Despite Interrogatory No. 2 clearly asking for information from 2008

21   to present, Plaintiff improperly limits information on the chart to "the time periods of July 20,

22   2011-July 19, 2012; July 20, 2012-July 19, 2013; July 20, 2013-July 19, 2014." Moreover, U.S.

23   Legal arbitrarily limited the chart to "customers which were coded to Hofioni (the accounts he

24   serviced) during his employment with USLS," despite the fact that U.S. Legal appears to be

25   seeking damages as to other customers.

26        Finally, Plaintiff's disclosure is non-responsive. The interrogatory seeks information

27   specifying the products and/or services each identified client or customer had purchased in the

28   relevant time period. Instead, Plaintiff discloses that "[p]laintiff generally provides court

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v.1

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1  reporting, record retrieval, eDiscovery and trial services to major corporations and law firms

2  nationwide." If U.S. Legal is not currently aware of any specific products and/ or services its

3  clients purchased (as its purported response above indicates), it must so state rather than provide

4  non-responsive information untethered to the Interrogatory at issue.

5       As such, the Court should order U.S. Legal to provide full and responsive answers.

6  **U.S. LEGAL'S CONTENTION:**

7       Plaintiff incorporates **USLS' Contentions Applicable to Interrogatories 1-5** as though set

8  forth in full herein.

9       In its further supplemental response, Plaintiff maintained its general objections. Plaintiff also

10  objected on the ground that the request is compound, overbroad and unduly burdensome and

11  harassing. Subject to these objections and those encompassed in USLS' Contentions Applicable to

12  Interrogatories 1-5, USLS identified the services that USLS generally provides. However, given that

13  LIT has not provided complete responses to discovery that would demonstrate the extent of LIT's

14  misuse of USLS' trade secrets, USLS is unable to provide a complete response to this Interrogatory.

15  **INTERROGATORY NO. 3:**

16       For each client and/or customer identified in response to Interrogatory No. 1, state the total

17  revenue that each client and/or customer generated on a calendar year basis from 2008 to the

18  present.

19  **RESPONSE TO INTERROGATORY NO. 3:**

20       Plaintiff objects that this interrogatory is vague and ambiguous as to the terms, "clients,"

21  "customer," "total revenue," and "generated." Plaintiff further objects to this interrogatory in its

22  entirety on the grounds that it is compound, overbroad in both time and scope, and unduly

23  burdensome and harassing. Plaintiff further objects that, given the procedural history of this case

24  and defendants' efforts to date to avoid providing fulsome discovery responses that comply with

25  applicable legal standards, discovery remains in its very early stages, is ongoing, and Plaintiff

26  objects that this Interrogatory is premature, particularly given Defendant's failure to date to

27  produce documents or other information related to its or its agent's improper acquisition,

28  unauthorized use, and/or disclosure of Plaintiffs trade secrets.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

17

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1    Subject to and without waiving the foregoing objections, Plaintiff responds as follows: For the
2    reasons set forth in Plaintiffs objections, the specific identity of customers who have reduced doing
3    business with or ceased doing business with Plaintiff as a consequence of Defendant's
4    misappropriation of Plaintiff s trade secrets is not yet known with specificity and cannot be known
5    with specificity until Defendant and defendants provide discovery concerning their improper
6    acquisition, unauthorized use, and/or disclosure of Plaintiff s trade secrets. Plaintiff has lost business
7    as a direct consequence of Defendant's and defendants' misappropriation of Plaintiff s trade secrets.
8    Discovery is continuing, and Plaintiff reserves the right to supplement this response.

9    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**:

10   Plaintiff objects that this interrogatory is vague and ambiguous as to the terms, "clients,"
11   "customer," "total revenue," and "generated." Plaintiff further objects to this interrogatory in its
12   entirety on the grounds that it is compound, overbroad in both time and scope, an£ burdensome and
13   harassing. Plaintiff further objects that, given the procedural history of this case and defendants'
14   efforts to date to avoid providing fulsome discovery responses that comply with applicable legal
15   standards, discovery remains in its very early stages, is ongoing, and Plaintiff objects that this
16   Interrogatory is premature, particularly given Defendant's failure to date to produce documents or
17   other information related to its or its agent's improper acquisition, unauthorized use, and/or
18   disclosure of Plaintiff's trade secrets. Plaintiff objects to this interrogatory on the grounds that it
19   requires the preparation of a summary or compilation of documents.

20   Subject to and without waiving the forgoing objections, Plaintiff responds as follows: For the
21   reasons set forth in Plaintiffs objection, the specific identity of customers who have reduced doing
22   business with or ceased doing business with Plaintiff as a consequence of Defendant's
23   misappropriation of Plaintiff s trade secrets is not yet known with specificity and cannot be known
24   with specificity until Defendant and defendants provide discovery concerning their improper
25   acquisition, unauthorized use, and/or disclosure Plaintiff's trade secrets. Plaintiff has lost business as
26   a direct consequence of Defendant's and defendants' misappropriation of Plaintiff s trade secrets.
27   Plaintiff refers Defendants to its response to Interrogatory No. 2 (*sic*). Plaintiff anticipates that further
28   investigation, analysis and research may reveal new facts, contentions and identities of individuals

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1   with knowledge responsive to this interrogatory. Accordingly, Plaintiff reserves the right to

2   supplement and/or amend its response as discovery and its trial preparation continue.

3   **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

4          This interrogatory seeks information on the total revenue that each client and/or customer

5   identified through Interrogatory No. 1 generated on a calendar year basis from 2008 to the present.

6   This interrogatory is reasonably calculated to lead to the discovery of admissible evidence in

7   connection with Plaintiff's damages theory. In response, Plaintiff U.S. Legal has raised boilerplate

8   objections and provided non-responsive text. For several reasons, such response is deficient.

9          First, Plaintiff claims that this discovery is premature and that Defendant has not produced

10  "documents or other information related to its or its agent's improper acquisition, unauthorized

11  use, and/or disclosure of Plaintiff's trade secrets." In reality, this interrogatory is not premature as

12  this action has been pending for over two years and discovery is set to be completed by November

13  12, 2015. Furthermore, Defendant has complied with its discovery obligations and does not have

14  documents evidencing trade secret misappropriation because Defendant did not misappropriate

15  trade secrets.

16         Second, Plaintiff claims that certain terms, such as "clients," "customers," "total revenue"

17  and "generated" are vague. However, not only are these terms crystal clear or have well-defined

18  meanings, but Plaintiff has expressly conceded that it has some understanding of these terms. (*See,*

19  *e.g.*, supplemental responses to RFPs 47 and 49 below.)

20         Finally, Plaintiff's throw-away reference to its response for Interrogatory No. 2

21  (presumably Interrogatory No. 1) is non-responsive. For the reasons set forth above, the responses

22  to Interrogatory Nos. 1 and 2 are both deficient because (1) Plaintiff limited its chart to "customers

23  which were coded to Hofioni (the accounts he serviced) during his employment with USLS," (2)

24  the responses are untethered to clients whose business U.S. Legal contends it has lost <u>as a result of</u>

25  trade secret misappropriation, and (3) the temporal scope of the chart is inconsistent with the

26  Interrogatories.

27         Based on Peter Giammanco's testimony during his deposition on August 17, 2015,

28  Defendants believe that U.S. Legal maintains detailed financial information and has the ability to

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v 1

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1  respond to this interrogatory. As such, the Court should order U.S. Legal to Legal withdraw its
2  meritless objections and provide substantive, actual responses. If U.S. Legal is not currently aware
3  of facts supporting its damages claim, it must so state.

4  **U.S. LEGAL'S CONTENTION:**

5  USLS incorporates its Contention regarding Interrogatory No. 1 as though set forth in full
6  herein. LIT seeks to learn information concerning USLS' damages theory. Assessment of USLS'
7  damages can be done by reviewing the gross sales of each client for which USLS lost business should
8  for the 2 years preceding and 2 years following Ameen Hofioni's departure (i.e. July 2011 through
9  July 2015). LIT's demand that USLS produce information from 2008 to the present is overbroad and
10  only serves to harass USLS. USLS maintains that providing information for the 2 years preceding
11  and 2 years following Ameen Hofioni's departure (i.e. July 2011 through July 2015) is appropriate
12  because the financials during this timeframe depict the deleterious effect of the individual defendants'
13  departure on USLS sales in Northern California.

14  **INTERROGATORY NO. 4**:

15  For each client and/or customer identified in response to Interrogatory No. 1, state
16  the total amount of profit YOU contend YOU lost per client and/or customer.

17  **RESPONSE TO INTERROGATORY NO. 4**:

18  Plaintiff further objects to this interrogatory in its entirety on the grounds that it is
19  compound, overbroad in both time and scope, and unduly burdensome and harassing. Plaintiff
20  further objects that, given the procedural history of this case and defendants' efforts to date to
21  avoid providing fulsome discovery responses that comply with applicable legal standards,
22  discovery remains in its very early stages, is ongoing, and Plaintiff objects that this Interrogatory
23  is premature, particularly given Defendant's failure to date to produce documents or other
24  information related to its or its agent's improper acquisition, unauthorized use, and/or disclosure
25  of Plaintiff s trade secrets.

26  Subject to and without waiving the foregoing objections, Plaintiff responds as follows: For
27  the reasons set forth in Plaintiffs objections, the specific identity of customers who have reduced
28  doing business with or ceased doing business with Plaintiff as a consequence of Defendant's

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

misappropriation of Plaintiff s trade secrets is not yet known with specificity and cannot be known with specificity until Defendant and defendants provide discovery concerning their improper acquisition, unauthorized use, and/or disclosure of Plaintiff s trade secrets. Plaintiff has lost business as a direct consequence of Defendant's and defendants' misappropriation of Plaintiff s trade secrets. Discovery is continuing, and Plaintiff reserves the right to supplement this response.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:

Plaintiff further objects to this interrogatory in its entirety on the grounds that it is compound, overbroad in both time and scope, and unduly burdensome and harassing, Plaintiff further objects that, given the procedural history of this case and defendants' efforts to date to avoid providing fulsome discovery responses that comply with applicable legal standards, discovery remains in its very early stages, is ongoing, and Plaintiff objects that this Interrogatory is premature, particularly given Defendant's failure to date to produce documents or other information related to its or its agent's improper acquisition, unauthorized use, and/or disclosure of Plaintiff's trade secrets. Plaintiff objects to this interrogatory on the grounds that it requires the preparation of a summary or compilation of documents.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: For the reasons set forth in Plaintiffs objections, the specific identity of customers who have reduced doing business with or ceased doing business with Plaintiff as a consequence of Defendant's misappropriation of Plaintiff s trade secrets is not yet known with specificity and cannot be known with specificity until Defendant and defendants provide discovery concerning their improper acquisition, unauthorized use, and/or disclosure of Plaintiff's trade secrets. Plaintiff has lost business as a direct consequence of Defendant's and defendants' misappropriation of Plaintiff s trade secrets. Plaintiff refers Defendants to its response Interrogatory No. 2 (*sic*). Plaintiff anticipates that further investigation, analysis and research may reveal new facts, contentions and identities of individuals with knowledge responsive to this interrogatory. Accordingly, Plaintiff reserves the right to supplement and/or amend its response as discovery and its trial preparation continue.

## REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:

This interrogatory seeks information on the total amount of profit U.S. Legal contents it

21

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v 1

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1 | lost per client and/or customer identified in Interrogatory No. 1. This interrogatory is reasonably

2 | calculated to lead to the discovery of admissible evidence in connection with Plaintiff's claim for

3 | damages. In response, Plaintiff U.S. Legal has raised boilerplate objections and provided non-

4 | responsive text. For several reasons, such response is deficient.

5 | First, Plaintiff claims that this discovery is premature and that Defendant has not produced

6 | "documents or other information related to its or its agent's improper acquisition, unauthorized

7 | use, and/or disclosure of Plaintiff's trade secrets." In reality, this interrogatory is not premature as

8 | this action has been pending for over two years and discovery is set to be completed by November

9 | 12, 2015. Furthermore, Defendant has complied with its discovery obligations and does not have

10 | documents evidencing trade secret misappropriation because Defendant did not misappropriate

11 | trade secrets.

12 | Additionally, Plaintiff's throw-away reference to its response for Interrogatory No. 2

13 | (presumably Interrogatory No. 1) is non-responsive. For the reasons set forth above, the responses

14 | to Interrogatory Nos. 1 and 2 are both deficient because (1) Plaintiff limited its chart to "customers

15 | which were coded to Hofioni (the accounts he serviced) during his employment with USLS," (2)

16 | the responses are untethered to clients whose business U.S. Legal contends it has lost <u>as a result of</u>

17 | trade secret misappropriation, and (3) the temporal scope of the chart is inconsistent with the

18 | Interrogatories.

19 | Based on Peter Giammanco's testimony during his deposition on August 17, 2015,

20 | Defendants believe that U.S. Legal maintains detailed financial information and has the ability to

21 | respond to this interrogatory. As such, the Court should order U.S. Legal to Legal withdraw its

22 | meritless objections and provide substantive, actual responses. If U.S. Legal is not currently aware of

23 | facts supporting its damages claim, it must so state.

24 | **U.S. LEGAL'S CONTENTION:**

25 | USLS incorporates its Contention regarding Response to Interrogatory No. 1 as though set

26 | forth in full herein. LIT seeks to learn information concerning USLS' damages theory. Subject to

27 | USLS' objections and limitations resulting from LIT's refusal to provide responsive documents,

28 | USLS identified the total profits for each client identified in its further supplemental response to

22

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v 1

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1  interrogatory number 1. This information is designated as "Highly Confidential -- Attorneys' Eyes

2  Only" and is not repeated here. USLS maintains that providing information for the 2 years preceding

3  and 2 years following Ameen Hofioni's departure (i.e. July 2011 through July 2015) is appropriate

4  because the financials during this timeframe depict the deleterious effect of the individual defendants'

5  departure on USLS sales in Northern California. LIT's demand that USLS produce information from

6  2008 to the present is overbroad and only serves to harass USLS.

7  **INTERROGATORY NO. 5**:

8       State all facts supporting YOUR response to Interrogatory No. 4.

9  **RESPONSE TO INTERROGATORY NO. 5**:

10      Plaintiff further objects to this interrogatory in its entirety on the grounds that it is

11 compound, overbroad in both time and scope, and unduly burdensome and harassing. Plaintiff

12 further objects that, given the procedural history of this case and defendants' efforts to date to

13 avoid providing fulsome discovery responses that comply with applicable legal standards,

14 discovery remains in its very early stages, is ongoing, and Plaintiff objects that this Interrogatory

15 is premature, particularly given Defendant's failure to date to produce documents or other

16 information related to its or its agent's improper acquisition, unauthorized use, and/or disclosure of

17 Plaintiff's trade secrets.

18      Subject to and without waiving the foregoing objections, Plaintiff responds as follows: For

19 the reasons set forth in Plaintiffs objections, the specific identity of customers who have reduced

20 doing business with or ceased doing business with Plaintiff as a consequence of Defendant's

21 misappropriation of Plaintiff's trade secrets is not yet known with specificity and cannot be known

22 with specificity until Defendant and defendants provide discovery concerning their improper

23 acquisition, unauthorized use, and/or disclosure of Plaintiff's trade secrets. Plaintiff has lost

24 business as a direct consequence of Defendant's and defendants' misappropriation of Plaintiff's

25 trade secrets. Discovery is continuing, and Plaintiff reserves the right to supplement this response.

26 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**:

27      Plaintiff further objects to this interrogatory in its entirety on the grounds that it is compound,

28 overbroad in both time and scope, and unduly burdensome and harassing. Plaintiff further objects

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1   that, given the procedural history of this case and defendants' efforts to date to avoid providing

2   fulsome discovery responses that comply with applicable legal standards, discovery remains in its

3   very early stages, is ongoing, and Plaintiff objects that this Interrogatory is premature, particularly

4   Defendant's failure to date to produce documents or other information related to its agent's improper

5   acquisition, unauthorized use, and/or disclosure of Plaintiff s trade secret.

6         Subject to and without waiving the foregoing objections, Plaintiff responds as follows: For the

7   reasons set forth in Plaintiffs objections, the specific identity of customers who have reduced doing

8   business with or ceased doing business with Plaintiff as a consequence of Defendant's

9   misappropriation of Plaintiff s trade secrets is not yet known with specificity of cannot be known

10   with specificity until Defendant and defendants provide discovery concerning their improper

11   acquisition, unauthorized use, and/or disclosure of Plaintiff s trade secrets. Plaintiff has lost business

12   as a direct consequence of Defendant's and defendants' misappropriation of Plaintiff s trade secrets.

13   Plaintiff refers Defendants to its response to Interrogatory No. 2 (*sic*). Plaintiff anticipates that further

14   investigation, analysis and research may reveal new facts, contentions, and identities of individuals

15   with knowledge responsive to this interrogatory. Accordingly, Plaintiff reserves the right to

16   supplement and/or amend its response as discovery and its trial preparation continue.

17   **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

18         This interrogatory seeks information on the facts supporting Plaintiff's claim that it lost

19   profits. This interrogatory is reasonably calculated to lead to the discovery of admissible evidence

20   in connection with Plaintiff's claim for damages. In response, Plaintiff has raised boilerplate

21   objections and provided non-responsive text. For several reasons, such response is deficient.

22         First, Plaintiff claims that this discovery is premature and that Defendant has not produced

23   "documents or other information related to its or its agent's improper acquisition, unauthorized

24   use, and/or disclosure of Plaintiff s trade secrets." In reality, this interrogatory is not premature as

25   this action has been pending for over two years and discovery is set to be completed by November

26   12, 2015. Furthermore, Defendant has complied with its discovery obligations and does not have

27   documents evidencing trade secret misappropriation because Defendant did not misappropriate

28   trade secrets.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

24

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1      Additionally, Plaintiff's throw-away reference to its response for Interrogatory No. 2

2 (presumably Interrogatory No. 1) is non-responsive. For the reasons set forth above, the responses

3 to Interrogatory Nos. 1 and 2 are both deficient because (1) Plaintiff limited its chart to "customers

4 which were coded to Hofioni (the accounts he serviced) during his employment with USLS," (2)

5 the responses are untethered to clients whose business U.S. Legal contends it has lost as a result of

6 trade secret misappropriation, and (3) the temporal scope of the chart is inconsistent with the

7 Interrogatories.

8      Based on Peter Giammanco's testimony during his deposition on August 17, 2015,

9 Defendants believe that U.S. Legal maintains detailed financial information and has the ability to

10 respond to this interrogatory. As such, the Court should order U.S. Legal to Legal withdraw its

11 meritless objections and provide substantive, actual responses. If U.S. Legal is not currently aware of

12 facts supporting its damages claim, it must so state.

13 **U.S. LEGAL'S CONTENTION:**

14      USLS incorporates its Contention regarding Response to Interrogatory No. 1 as though set

15 forth in full herein. LIT seeks to learn information concerning USLS' damages theory. USLS

16 maintains that providing information for the 2 years preceding and 2 years following Ameen

17 Hofioni's departure (i.e. July 2011 through July 2015) is appropriate because the financials during

18 this timeframe depict the deleterious effect of the individual defendants' departure on USLS sales in

19 Northern California. LIT's demand that USLS produce information from 2008 to the present is

20 overbroad and only serves to harass USLS.

21 **INTERROGATORY NO. 6**:

22      State each of YOUR NORTHERN CALIFORNIA OFFICES' annual revenue for each

23 calendar year over the period from 2008 to the present.

24 **RESPONSE TO INTERROGATORY NO. 6**:

25      Plaintiff objects that this interrogatory is vague and ambiguous as to the undefined

26 term, "annual revenue." Plaintiff further objects to this interrogatory in its entirety on the

27 grounds that it is compound, overbroad in both time and scope, and unduly burdensome

28 and harassing. Plaintiff objects to this interrogatory to the extent it seeks information that

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v.1

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1    is neither relevant to any claim or defense as between Plaintiff and Defendant, nor

2    reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further

3    objects that, whether Plaintiff or any one of its individual offices has generated revenue

4    has no bearing on whether or not Defendant or defendants have misappropriated Plaintiffs

5    trade secrets.

6        Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff invites

7    Defendant to meet and confer as to the meaning and scope of this request.

8    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**:

9        Plaintiff objects that this interrogatory is vague and ambiguous as to the undefined term,"

10    "annual revenue." Plaintiff further objects to this interrogatory in its entirety on the grounds that it is

11    compound, overbroad in both time and scope, and unduly burdensome and harassing. Plaintiff objects

12    to this interrogatory to the extent it seeks information that is neither relevant to any claim or defense

13    as between Plaintiff and Defendant, nor reasonably calculated to lead to the discovery of admissible

14    evidence. Plaintiff further objects that, whether Plaintiff or any one of its individual offices has

15    generated revenue has no bearing on whether or not Defendant or defendants have misappropriated

16    Plaintiffs trade secrets

17        Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff invites

18    Defendant to meet and confer as to the meaning and scope of this request.

19    **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

20        Plaintiff makes no effort whatsoever to substantively respond to this interrogatory, which

21    seeks information on the annual revenue of U.S. Legal's Northern California offices over the

22    period from 2008 to the present. This interrogatory is limited to the relevant temporal scope and is

23    reasonably calculated to lead to the discovery of admissible evidence in connection with

24    Plaintiff's claim for damages. Moreover, the term "annual revenue" is crystal clear and has a plain

25    meaning in the context of finance.

26        Despite Plaintiff's boilerplate objections and non-responsive text, Defendants believe, based

27    on the testimony of Peter Giammanco, that U.S. Legal maintains detailed financial information and

28    has the ability to respond to this interrogatory. As such, the Court should order U.S. Legal to Legal

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1 | withdraw its meritless objections and provide substantive, actual responses. If U.S. Legal is not
2 | currently aware of facts supporting its damages claim, it must so state.

3 | **U.S. LEGAL'S CONTENTION:**

4 | The interrogatory is neither relevant to any claim or defense as between Plaintiff and
5 | Defendant, nor reasonably calculated to lead to the discovery of admissible evidence. Whether
6 | Plaintiff or any one of its individual offices has generated revenue has no bearing on whether or not
7 | Defendant or defendants have misappropriated Plaintiff's trade secrets.

8 | LIT cannot articulate a reasonable basis for obtaining the annual revenue going back to 2008.
9 | USLS maintains that providing information for the 2 years preceding and 2 years following Ameen
10 | Hofioni's departure (i.e. July 2011 through July 2015) is appropriate because the financials during
11 | this timeframe depict the deleterious effect of the individual defendants' departure on USLS sales in
12 | Northern California. Anything beyond this timeframe is overbroad, and harassing.

13 | Plaintiff maintains its objection that this interrogatory is vague and ambiguous as to the
14 | undefined term, "annual revenue" since LIT has not defined the term.

15 | USLS provided a further supplemental response to Interrogatory Number 6 subject to these
16 | objections, and provided the annual revenues that were generated by each of the Northern California
17 | offices for the years 2011 through 2015 (2015 is YTD as of October 16, 2015.)

18 | **INTERROGATORY NO. 7**:

19 | State each of YOUR NORTHERN CALIFORNIA OFFICES' annual profit for each
20 | calendar year over the period from 2008 to the present.

21 | **RESPONSE TO INTERROGATORY NO. 7**:

22 | Plaintiff objects that this interrogatory is vague and ambiguous as to the undefined term,
23 | "annual profit." Plaintiff further objects to this interrogatory in its entirety on the grounds that it is
24 | compound, overbroad in both time and scope, and unduly burdensome and harassing. Plaintiff
25 | objects to this interrogatory to the extent it seeks information that is neither relevant to any claim
26 | or defense as between Plaintiff and Defendant, nor reasonably calculated to lead to the discovery
27 | of admissible evidence, Plaintiff further objects that, whether Plaintiff or any one of its individual
28 | offices has generated profit has no bearing on whether or not Defendant or defendants have

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v.1

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1 | misappropriated Plaintiffs trade secrets.

2 | Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff invites
3 | Defendant to meet and confer as to the meaning and scope of this request.

4 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**:

5 | Plaintiff objects that this interrogatory is vague and ambiguous as to the undefined term,"
6 | "annual profit." Plaintiff further objects to this interrogatory in its entirety on the grounds that it is
7 | compound, overbroad in both time and scope, and unduly burdensome and harassing. Plaintiff objects
8 | to this interrogatory to the extent it seeks information that is neither relevant to any claim or defense
9 | as between Plaintiff and Defendant, nor reasonably calculated to lead to the discovery of admissible
10 | evidence. Plaintiff further objects that, whether Plaintiff or any one of its individual offices has
11 | generated profit has no bearing on whether or not Defendant or defendants have misappropriated
12 | Plaintiff's trade secrets.

13 | Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff invites
14 | Defendant to meet and confer as to the meaning and scope of this request.

15 | **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

16 | Plaintiff makes no effort whatsoever to substantively respond to this interrogatory, which
17 | seeks information on the annual profit of each of U.S. Legal's Northern California offices over the
18 | period from 2008 to the present. This interrogatory is limited to the relevant temporal scope and is
19 | reasonably calculated to lead to the discovery of admissible evidence in connection with
20 | Plaintiff's claim for damages. Moreover, the term "annual profit" is crystal clear and has a plain
21 | meaning in the context of finance.

22 | Despite Plaintiff's boilerplate objections and non-responsive text, Defendants believe, based
23 | on the testimony of Peter Giammanco, that U.S. Legal maintains detailed financial information and
24 | has the ability to respond to this interrogatory. As such, the Court should order U.S. Legal to Legal
25 | withdraw its meritless objections and provide substantive, actual responses. If U.S. Legal is not
26 | currently aware of facts supporting its damages claim, it must so state.

27 | **U.S. LEGAL'S CONTENTION**:

28 |

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

28

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1    The interrogatory is neither relevant to any claim or defense as between Plaintiff and

2    Defendant, nor reasonably calculated to lead to the discovery of admissible evidence. Whether

3    Plaintiff or any one of its individual offices has generated revenue has no bearing on whether or not

4    Defendant or defendants have misappropriated Plaintiff's trade secrets.

5    LIT cannot articulate a reasonable basis for obtaining the annual revenue going back to 2008.

6    USLS maintains that providing information for the 2 years preceding and 2 years following Ameen

7    Hofioni's departure (i.e. July 2011 through July 2015) is appropriate because the financials during

8    this timeframe depict the deleterious effect of the individual defendants' departure on USLS sales in

9    Northern California. Anything beyond this timeframe is overbroad, and harassing.

10    Plaintiff maintains its objection that this interrogatory is vague and ambiguous as to the

11    undefined term, "annual profit" since LIT has not defined the term.

12    USLS provided a further supplemental response to Interrogatory Number 7 subject to these

13    objections, and provided the annual profits that were generated by each of the Northern California

14    offices for the years 2011 through 2015 (2015 is YTD as of October 16, 2015.)

15    ## LIT'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET TWO)

16    ## RELEVANT DEFINITIONS

17    1.    "PERSON," as used herein, means and includes natural persons, partnerships,

18    consortiums, joint ventures, and every other form of legally recognized entity, including corporations.

19    2.    "YOU" and "YOUR," as used herein, means and refers to Plaintiff U.S. Legal, Inc.

20    and any PERSON acting or purporting to act on Plaintiff U.S. Legal, Inc.'s behalf, including but not

21    limited to any and all officers, directors, owners, partners, employees, independent contractors,

22    agents, attorneys, accountants, consultants, representatives, experts or investigators.

23    3.    "LIT," as used herein, means and refers to Defendants, Cross-Defendants, and

24    Counter-Claimants The LIT Group LLC, Hutchings Court Reporters, LLC, and Litigation Services,

25    LLC and any PERSON acting or purporting to act on behalf of Defendants, Cross-Defendants, and

26    Counter-Claimants The LIT Group LLC, Hutchings Court Reporters, LLC, and Litigation Services,

27    LLC, including but not limited to any and all officers, directors, owners, partners, employees,

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

29

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1 independent contractors, agents, attorneys, accountants, consultants, representatives, experts or
2 investigators.

3     4.     "HOFIONI," as used herein, means and refers to Defendant Ameen Hofioni as well as
4 any PERSON acting or purporting to act on the behalf of Defendant Ameen Hofioni, including but
5 not limited to any and all employees, independent contractors, agents, attorneys, accountants,
6 consultants, representatives, experts or investigators.

7     5.     "ALBANESE," as used herein, means and refers to Defendant Morgan Albanese as
8 well as any PERSON acting or purporting to act on the behalf of Defendant Morgan Albanese,
9 including but not limited to any and all employees, independent contractors, agents, attorneys,
10 accountants, consultants, representatives, experts or investigators.

11     6.     "NORTHERN CALIFORNIA OFFICES," as used herein, means and refers to YOUR
12 offices in Northern California, including but not limited to YOUR offices in Sacramento, Fresno, and
13 San Francisco.

14     7.     "ESQUIRE," as used herein, means and refers to Esquire Deposition Solutions, LLC
15 and any PERSON acting or purporting to act on behalf of Esquire Deposition Solutions, LLC,
16 including but not limited to any and all officers, directors, owners, partners, employees, independent
17 contractors, agents, attorneys, accountants, consultants, representatives, experts or investigators.

18     8.     "FORMER ESQUIRE EMPLOYEES," as used herein, means and refers to
19 employees hired by YOU from ESQUIRE in connection with the establishment of YOUR
20 NORTHERN CALIFORNIA OFFICES, including but not limited to HOFIONI.

21     9.     "GIAMMANCO DECLARATION," as used herein, means and refers to the
22 Declaration of Peter J. Giammanco filed by YOU in this action as Docket No. 5-3 on or about August
23 30, 2013.

24     10.     "AGREEMENT," or any grammatical derivations thereof, as used herein, means any
25 agreement, including but not limited to a contract, between two or more parties creating obligations
26 that are enforceable or otherwise recognizable at law.

27     11.     "COMPLAINT," as used herein, means and refers to the First Amended Complaint for
28 (1) Misappropriation of Trade Secrets (Actual & Threatened), (2) Breach of Contract, (3) Breach of

30

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1  Duty of Loyalty, (4) Breach of Duty of Confidence, (5) Unfair Competition (Cal. Bus. & Prof. Code

2  § 17200), (6) Conversion, and (7) Fraud filed by YOU in this action on or about January 3, 2014.

3      12.    "ALLEGED TRADE SECRETS," as used herein, means and refers to the alleged

4  trade secrets claimed by YOU in this action, including but not limited to the alleged trade secrets

5  referenced in Paragraph 28 of YOUR COMPLAINT and in YOUR Trade Secret Designation

6  Statement dated October 15, 2013.

7      13.    "CONCERNING," "RELATE TO," "RELATING TO" or "RELATED TO" means

8  memorializing, referring to, summarizing, describing, supporting, contradicting, or otherwise having

9  a connection with the described subject matter.

10     14.    "CONSTITUTE" or "CONSTITUTING" means embodying, forming, making up, or

11  comprising the described subject matter.

12     15.    As used herein, the term "DOCUMENT," or any grammatical derivations thereof,

13  means any and all writings, as defined by Federal Rule of Evidence 1001, and any type of printed,

14  typed, recorded (electronically or otherwise), written, graphic, or photographic matter.  The term

15  encompasses (1) the original, (2) any note, facsimile, draft, alteration, modification, or amendment

16  thereof, (3) any reproduction when the original is not within your possession, custody, or control, (4)

17  any non-identical reproduction of the original, i.e., subsequent notations on the copy, and (5) both

18  sides of the foregoing.

19     16.    As used herein, the term "COMMUNICATIONS" means and includes any and all

20  information of any type whatsoever transmitted between or among any PERSONS, which

21  transmission is effected by any means whatsoever, including by any handwriting, typewriting,

22  printing, e-mail, telegram, telephone, cell phone, facsimile, face-to-face conversation, or any other

23  written, and/or electronic means of any kind whatsoever.

24     17.    "FINANCIAL RECORDS" means financial statements, general ledgers, balance

25  sheets, charts of account, profit and loss statements, accounting records, and books of account

26  documenting income, profits, losses, expenses, expenditures, charges, costs, payments, and other

27  DOCUMENTS reflecting any receipt, expenditure, or payment of monies.

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

31

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

18. For purposes of the following requests, the present tense of any verb shall include the past tense and vice versa.

19. "Any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" and "and" should be understood to include and encompass "or."

20. In responding to these requests, YOU shall furnish all responsive DOCUMENTS in his (including but not limited to any and all of employees, officers, directors, agents, attorneys, accountants, brokers, consultants, representatives, experts, investigators, and any other person or entity otherwise subject to his control) possession, custody or control.

21. The DOCUMENTS produced pursuant to this request must be produced in the same form and in the same order in which they existed, or were maintained, in the normal course of business, prior to production. DOCUMENTS are to be produced in the boxes, file folders, binders, electronic media OR other containers in which the DOCUMENTS are found. The title, labels, or other descriptions of the boxes, in folders, binders, electronic media or other containers are to be left intact.

22. If YOU claim any form of privilege, whether based on statute or otherwise, as a ground for not producing any DOCUMENT, state the following:

   a. the date(s) the DOCUMENT was created, sent and received;

   b. the name, the present or last known home and business address, the telephone numbers, the title (or position) and the occupation of those individuals who prepared, produced or reproduced, or who were the recipients of said DOCUMENT;

   c. a description of the DOCUMENT sufficient to identify it without revealing the information for which the privilege is claimed including the general subject matter and character of the DOCUMENT (e.g., letter, memorandum, notes);

   d. the location of the DOCUMENT;

   e. the custodian of the DOCUMENT;

   f. each and every fact or basis on which such privilege is claimed or on which the DOCUMENT is otherwise withheld.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v 1

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1      23.    If any of these DOCUMENTS cannot be produced in full, then produce them to the

2 extent possible, specifying the reason for YOUR inability to produce the remainder and stating what

3 information, knowledge or belief YOU have concerning the unproduced portion.

4      **REQUESTS, RESPONSES, REASONS WHY FURTHER RESPONSES SHOULD BE**

5      **COMPELLED, AND U.S. LEGAL'S CONTENTIONS:**

6 **DOCUMENT REQUEST NO. 1**:

7      Any and all DOCUMENTS that CONSTITUTE correspondence or other

8 COMMUNICATIONS CONCERNING each of the ALLEGED TRADE SECRETS.

9 **RESPONSE TO REQUEST NO. 1**:

10                     **General Objections**[5]

11      The following objections are made to the Requests in general, as well as to each and all of

12 the individual Requests, and are incorporated into each of the specific responses which are set

13 forth below.

14      1. Plaintiff generally objects to the Requests to the extent that they are overly broad as to

15 the time period and scope of this litigation, and unduly burdensome, oppressive, and propounded

16 for the purpose of harassing Plaintiff.

17      2.    Plaintiff generally objects to the Requests to the extent that they request the

18 disclosure of confidential or competitively sensitive proprietary and/or trade secret information.

19      3.    Plaintiff generally objects to the Requests to the extent they seek the

20 production of documents; the release of which would be a violation of any individual's right

21 to privacy.

22      4.    Plaintiff generally objects to the Requests to the extent that that they call for

23 speculation, call for a legal conclusion, assume facts not in evidence, or fail to describe the

24 documents being sought with reasonable particularity.

25      5.    Plaintiff generally objects to the Requests to the extent that they seek the

26

27 ————————————————

[5] U.S. Legal's general objections, which are only included for its response to Request for Production of Documents No. 1, also apply to all other initial and supplemental responses. To the extent that U.S. Legal is withholding any documents based on its general objections, such objections constitute a discovery abuse, and the Court should order U.S. Legal to withdraw them.

28

33

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1  production of documents that are not relevant to the subject matter of this litigation and not

2  reasonably calculated to lead to the discovery of admissible evidence.

3        6.     To the extent any Request seeks documents that are also sought by or identified

4  pursuant to any other Request, Plaintiff objects on that basis and declines to produce or identify

5  multiple copies of such documents.

6        7.     To the extent any Request calls for the production of documents, public or

7  otherwise, that are equally available to Defendant, Plaintiff objects on that basis and declines to

8  produce such documents.

9        8.     To the extent any Request seeks documents that are protected by the attorney-

10  client privilege, work-product doctrine, and/or any other applicable privilege or protection,

11  Plaintiff objects on that basis and declines to produce such documents. The fact that Plaintiff does

12  not specifically object to an individual Request on the ground that it seeks such privileged or

13  protected information or documents shall not be deemed a waiver of the protection afforded by the

14  attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.

15        9.     To the extent any Request purports to characterize Plaintiffs contentions and/or

16  allegations, Plaintiff objects to the extent and on the ground that its contentions and/or

17  allegations are mischaracterized and/or not accurately portrayed.

18        10.    Plaintiff objects to these Requests to the extent "document" is defined to include

19  electronic mail. Defendant is invited to meet and confer on the parameters of any electronic search

20  and directs Defendant to the existing Forensic Inspection Protocol Agreement executed by and

21  between the parties ("FIPA"). Plaintiff has not undertaken burdensome and expensive searches of

22  various electronic systems in light of the vague and ambiguous nature of Defendant's requests.

23  Plaintiff believes meet and confer efforts are necessary to identify electronic sources, individual

24  email accounts, time frame and key terms likely to result in relevant, discoverable evidence. In

25  addition, the parties also need to discuss the form of production and the allocation of related costs.

26  **Plaintiff's Specific Objections & Response**

27  Plaintiff objects to this request on the grounds that Defendant's definition of the phrase

28  "TRADE SECRET" relies on the meaning prescribed by Plaintiff, which renders this request vague

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v.1

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

| | |
|---|---|
| 1 | and ambiguous to the extent that Defendant understands these phrases to have different meanings |
| 2 | than Plaintiff prescribed to them. Plaintiff further objects to this Request on the grounds that it is |
| 3 | vague and ambiguous as to the phrase, "CONCERNING," as the definition of that phrase includes |
| 4 | "'RELATING TO' or otherwise having a connection with the described subject matter." As Justice |
| 5 | Scalia once noted, "everything relates to everything else." *Calif. Division of Labor Standards* |
| 6 | *Enforcement v. Dillingham Const. Co.,* 117 S.Ct. 832, 843 (1997). Plaintiff further objects to this |
| 7 | Request to the extent that it is vague and ambiguous as to the undefined term, "correspondence." |
| 8 | Plaintiff further objects that this Request is overbroad in time and scope. Further, Plaintiff objects to |
| 9 | this request to the extent that it seeks information protected by the attorney-client privilege, the work- |
| 10 | product doctrine, and/or any other legal privilege or doctrine. |
| 11 | Plaintiff objects to this Request to the extent "document" is defined to include electronic |
| 12 | mail. |
| 13 | Defendant is invited to meet and confer on the parameters of any electronic search and is |
| 14 | directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various |
| 15 | electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and |
| 16 | confer efforts are necessary to more specifically identify to nature and scope of materials sought |
| 17 | by Defendant. Further, the parties also need to discuss the form of production and the allocation |
| 18 | of related costs. |
| 19 | Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff |
| 20 | invites Defendant to meet and confer regarding the meaning and scope of this request. |
| 21 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 1**: |
| 22 | [Same as original response, above, except with the substitution of the last paragraph to: |
| 23 | "Subject to and without waiving its objections, as Plaintiff understands these terms, |
| 24 | Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the |
| 25 | meaning, scope and relevance of this request."] |
| 26 | **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**: |
| 27 | **Reasons Pertaining to Numerous RFPs** |
| 28 | In response to RFP No. 1 and numerous other RFPs, U.S. Legal offers boilerplate objections |

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

35

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1  that are completely improper and constitute a discovery abuse. It claims that clear words that have
2  plain meaning or are specifically defined are somehow vague. It is also unclear whether Plaintiff is
3  not producing documents based on privilege; to the extent that Plaintiff withholds responsive
4  documents on the basis of purported privilege, the Court should order Plaintiff to produce a privilege
5  log.

6       Even in instances where U.S. Legal has purportedly agreed to produce documents, it has done
7  so "[s]ubject to and without waiving its objections, as Plaintiff understands these terms[.]" Such
8  objections lack merit and prevent Defendants from knowing whether U.S. Legal has withheld any
9  documents based on such objections or otherwise limited its responses to the RFP based thereon. As
10  it now stands, Defendants cannot tell which documents U.S. Legal has agreed to produce in violation
11  of, *inter alia*, Federal Rule of Civil Procedure 34(b)(2)(C)("[a]n objection to part of a request must
12  specify the part and permit inspection of the rest.")

13      Additionally, U.S. Legal's repeated Forensic Inspection Protocol Agreement ("FIPA")
14  objection is baseless. U.S. Legal objects various RFPs "to the extent 'document' is defined to include
15  electronic mail.... Defendant is invited to meet and confer on the parameters of any electronic search
16  and is directed to the FIPA.... Further, the parties also need to discuss the form of production and the
17  allocation of related costs." LIT is of course seeking electronic documents from U.S. Legal, and U.S.
18  Legal's objection on this ground and request that LIT pay for U.S. Legal to search its own documents
19  is baseless. As a preliminary matter, the FIPA has zero bearing on discovery between LIT and U.S.
20  Legal. The FIPA, by its own terms, only applies to "the search and inspection of those e-mail
21  accounts, smartphones, personal computers, laptops, tablet computers, electronic devices, media,
22  online accounts capable of storing information, network storage devices, servers, instant message
23  accounts or logs, and virtual repositories, (each, a 'Device') that Paragraph 6 of the [Stipulated
24  Protective Order ('SPI')] requires Defendants to physically or electronically provide for forensic
25  investigation, or that Defendants have also agreed to provide for forensic investigation." The parties'
26  Stipulated Protective Order [Dkt. No. 23], however, only pertains to the following two categories of
27  documents: (1) Ameen Hofioni and Morgan Albanese's electronic files on their personal computers,
28  phones, e-mail accounts, etc.; and (2) electronic files contained on "any device owned or leased by

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1 | one or more of the Corporate Defendants or related entities that was used directly or indirectly by
2 | Hofioni or Albanese, or other of them, to electronically access, open, save, or transmit Plaintiffs'
3 | Confidential Information." As such, the FIPA does not control discovery between LIT and U.S.
4 | Legal, and LIT rejects U.S. Legal's effort to expand its scope. LIT also rejects U.S. Legal's effort to
5 | "allocate" e-discovery costs. Paying an opponent to review its own documents is not the rule in the
6 | United States. LIT has not asked U.S. Legal to share in LIT's substantial document review costs, and
7 | U.S. Legal has no grounds to ask LIT to do the same.

8 | ### Reasons Specific to RFP No. 1

9 | RFP No. 1 seeks documents that constitute correspondence and other communications
10 | concerning each of the alleged trade secrets. When it comes to relevance, discovery is proper if it
11 | appears "reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P.
12 | 26(b)(1). Because this litigation is largely about U.S. Legal's trade secret misappropriation claim,
13 | LIT is entitled to know what exactly those trade secrets are and should not be left to guess the
14 | parameters of what U.S. Legal considers to be its trade secrets. As such, documents concerning those
15 | alleged trade secrets are relevant. Because Defendant's request is relevant and Plaintiff's objections
16 | are without merit, this Court should compel U.S. Legal to produce all responsive documents.

17 | ### U.S. LEGAL'S CONTENTION:

18 | ### Reasons Pertaining to Numerous RFPs

19 | As a preliminary matter, USLS objects to LIT's Motion because USLS intends to serve its
20 | Further Supplemental Responses to LIT's Requests for Production of Documents Set One and make
21 | its final production on October 30, 2015.

22 | Second, USLS' objections are proper. LIT seeks documents that are irrelevant and not
23 | reasonably calculated to lead to the discovery of admissible evidence. LIT claims that it seeks to
24 | learn what USLS' trade secrets are. To the extent that LIT seeks to "know what exactly those trade
25 | secrets are" so that LIT is not "left to guess the parameters of what U.S. Legal considers to be their
26 | trade secret," Plaintiff has produced all documents constituting the ALLEGED TRADE SECRETS,
27 | and they have been marked "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" pursuant
28 | to the Stipulated Protective Order. They include: "CR - Reporting Sales TTM 2.2013 - Ameen

37

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v.1

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1    Hofioni.xlsx" (bates-stamped USLS 000001 through USLS 000009); "AMEEN Top 25 - December

2    2012.xlsx" (bates-stamped USLS 0000010 through USLS 000012); "R_PA_SC00.pdf" (bates-

3    stamped USLS 000013 through USLS 000052); all other similar sales, revenue, and commission

4    reports; "Calendar analysis march 18 to march 24.pdf" (bates-stamped USLS 000053 through USLS

5    000229)); all other similar calendar analysis reports; "RR Incoming Orders by Sales Rep - 4.22 -

6    4.28.2013.xlsx" (bates-stamped USLS 000230 through USLS 000241); "CR Scheduled Depos by

7    Sales Rep - 4.22 - 4.28.2013.xlsx," all other similar reports outlining scheduled depositions by sales

8    reps; and USLS' customer lists and/or client lists that LIT received from HOFIONI as reflected in

9    emails produced by LIT to date.

10    However, many of the document demands at issue are not made so that LIT can "know what

11    exactly those trade secrets are." Instead, the document demands seek anything that could possibly be

12    related to USLS' trade secret. If the purpose is to define the trade secrets, then LIT should pursue

13    less intrusive means. Any documents that might help identify or describe a trade secret is unduly

14    burdensome and harassing. What's more, USLS has made clear what trade secrets it believes the

15    defendants misappropriated. This disclosure has been made in numerous places, including the

16    documents, clients, and customers identified its October 15, 2013 Trade Secret Designation

17    Statement under Code of Civil Procedure section 2019.210, the Declaration of Peter Giammanco in

18    support of Plaintiff's TRO, and recent meet and confer correspondence with LITs counsel.

19    Therefore, LIT's purported claim for its motion to compel is disingenuous.

20    USLS maintains that it cannot provide full and complete responses because LIT refuses to

21    produce key documents. LIT's claim that it has no further documents to produce because it did not

22    misappropriate USLS' trade secrets is patently false. The identity and totality of customers who have

23    reduced doing business with or ceased doing business with Plaintiff as a consequence of Defendant's

24    misappropriation of Plaintiff's trade secrets is not yet fully known and cannot be known until

25    Defendant and defendants provide complete discovery concerning their improper acquisition,

26    unauthorized use, and/or disclosure of Plaintiff's trade secrets. Plaintiff has lost business as a direct

27    consequence of Defendant's and defendants' misappropriation of Plaintiff's trade secrets. Plaintiff

28

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1  anticipates that, upon LIT and all defendants more fully complying with their discovery obligations,

2  new facts will allow Plaintiff to further supplement its response to these requests.

3      Plaintiff was first provided access during September 2015, to data and documents generated

4  under section 8.1 of the Forensic Inspection Protocol Agreement ("FIPA"). Plaintiff's ongoing

5  review of the approximately 27,000+ documents generated under section 8.1 of the FIPA ("Section

6  8.1") revealed more details as to the nature and extent of defendants' misappropriation of USLS'

7  trade secrets. Specifically, the Section 8.1 documents reflect that defendants Hofioni, Albanese, and

8  LIT immediately upon Hofioni and Albanese becoming employees of LIT, used USLS trade secret

9  customer lists misappropriated from USLS to solicit USLS customers.

10      In e-mails drafted during July and August 2013, by defendants Hofioni and Albanese, Hofioni

11  and Albanese make reference to possessing in electronic form USLS customer lists for use at and on

12  behalf of LIT. Specifically, on July 19, 2013—Hofioni's second day and Albanese's first day of

13  employment with LIT—Hofioni writes to LIT employee, Jennifer Woods, that Hofioni will search for

14  a "detailed" customer list he has, for use at LIT. Within minutes, Hofioni e-mails Albanese asking

15  her if she can e-mail him the client list. Albanese nearly immediately responds "yes." Later that

16  same day, Hofioni asks Albanese if she sent the list and she responded "Yes It's in your yahoo. Need

17  it again?"

18      Also on July 19, 2013, Albanese forwards from her LIT e-mail to Hofioni at his LIT e-mail,

19  an e-mail sent by Albanese on July 19 soliciting business from one of USLS' clients. When

20  forwarding the e-mail, Albanese states that she "Cannot wait to go through the rest of [USLS'][6] client

21  list ☺!", a client list retained by Albanese and Hofioni after leaving USLS without USLS' consent,

22  knowledge, or authorization.

23      On July 23, 2013, in response to a July 23 e-mail from Hofioni indicating that he was going to

24  "get" a USLS client, Albanese writes "And we will get all of Lisa's firms too :)."

25      On August 20, 2013, Hofioni, using his LIT e-mail, writes to Albanese at her LIT e-mail "Do

26

27  [6] Albanese actually typed "'Lisa's'" client list. "Lisa" was the race-based and disparaging nickname used by

28  Albanese and Hofioni to refer to Jenoa Derdowski, a current USLS Account Executive (salesperson) with
whom Hofioni and Albanese worked at USLS. "Lisa" is a reference to Lisa Ling, a Chinese/Taiwanese-
American journalist, author, and television presenter. Jenoa Derdowski is of Asian heritage and has Asian
facial features.

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1   you have Jenoa's list of clients? I didn't save it to this laptop. I think it went to my Yahoo...."

2   Albanese immediately responds "Yes I have it. Do you want me to send to your lit email." Hofioni

3   immediately responds "Perfect Thanks". Albanese immediately responds, writing "Ok I'll send

4   jenoas clients to LIT email."

5        As of the time of preparing this Joint Statement, *none of the defendants in this action have*

6   *produced* the USLS customer lists that Hofioni and Albanese reference in the above-referenced July

7   and August 2013 e-mails, although discovery served in October 2013 called for this information to be

8   produced.[7] Additionally, LIT continues to take an overly narrow interpretation of USLS' document

9   requests and has not produced the documents within LIT's possession, custody, and control that will

10  allow USLS to provide complete responses to this request. Indeed, LIT has not yet even produced

11  the above-referenced July and August 2013 e-mails written by Hofioni and Albanese and USLS has

12  been forced to file a Motion to Compel to obtain LIT's compliance with its discovery obligations.

13   **Response to RFP No. 1:**

14       These objections notwithstanding, USLS agrees to produce those documents in its possession,

15  custody, and control that evidence defendants' misappropriation of trade secrets by October 30, to the

16  extent that they have not been produced. However, based on the recent findings in the section 8.1

17  FIPA results, Plaintiff is informed and believes that additional responsive documents remain in the

18  possession, custody, and control of Defendants or third parties.

19       The totality of Defendant's misappropriation of Plaintiff's trade secrets is not yet fully known

20  and cannot be known until defendants provide complete discovery concerning their improper

21  acquisition, unauthorized use, and/or disclosure of Plaintiff's trade secrets. Accordingly, Plaintiff

22  reserves the right to supplement and/or amend its response as discovery and its trial preparation

23  continues.

24

25

26

27   [7] USLS acknowledges that on the eve of the deadline for Joint Statements to be filed, October 27, 2015, LIT produced an
additional 12,508 documents, which USLS has been unable to completely digest within the passing of a day. However,

28  LIT represented in a meet and confer telephone conference on October 26, 2015 that it was only able to locate one "client
list," and was unsure whether it existed in native form.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

**DOCUMENT REQUEST NO. 18**:

Any and all DOCUMENTS, including but not limited to notes, summaries or minutes, memorializing any meetings, conversations or other COMMUNICATIONS CONCERNING each of the ALLEGED TRADE SECRETS.

**RESPONSE TO REQUEST NO. 18**:

Plaintiff further objects to this Request on the grounds that it is vague and ambiguous as to the phrase, "CONCERNING," as the definition of that phrase includes "'RELATING TO' or otherwise having a connection with the described subject matter." As Justice Scalia once noted, "everything relates to everything else."" *Calif. Division of Labor Standards Enforcement* v. *Dillingham Const. Co.,* 117 S.Ct. 832, 843 (1997). Plaintiff further objects to this Request to the extent that it is vague and ambiguous as to the terms, "notes," "summaries," "minutes," "meetings," and "conversations." Plaintiff objects to this request on the grounds that Defendant's definition of the phrase "TRADE SECRET" relies on the meaning prescribed by Plaintiff, which renders this request vague and ambiguous to the extent that Defendant understands these phrases to have different meanings than Plaintiff prescribed to them. Plaintiff further objects that this Request is overbroad in time and scope. Further, Plaintiff objects to this request to the extent that it seeks information protected by the attorney- client privilege, the work-product doctrine, and/or any other legal privilege or doctrine.

Plaintiff objects to this Request to the extent "document" is defined to include electronic mail. Defendant is invited to meet and confer on the parameters of any electronic search and is directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and confer efforts are necessary to more specifically identify to nature and scope of materials sought by Defendant. Further, the parties also need to discuss the form of production and the allocation of related costs.

Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning and scope of this request.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

41

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 18**:

[Same as original response, above, except substituting the last paragraph with:

"Subject to and without waiving its objections, as Plaintiff understands these terms, Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning, scope and relevance of this request."]

**REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

Defendant hereby incorporates by reference the above "reasons pertaining to numerous RFPs."

RFP No. 18 seeks documents, including but not limited to notes, summaries or minutes, memorializing any meetings, conversations or other communications concerning each of the alleged trade secrets. When it comes to relevance, discovery is proper if it appears "reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1). Because this litigation is largely about U.S. Legal's trade secret misappropriation claim, Defendants are entitled to know what exactly those trade secrets are and should not be left to guess the parameters of what U.S. Legal considers to be their trade secret. As such, documents concerning those alleged trade secrets are relevant. Because Defendant's request is relevant and Plaintiff's objections are without merit, this Court should compel U.S. Legal to produce all responsive documents.

**U.S. LEGAL'S CONTENTION:**

Plaintiff incorporates its section entitled "Reasons Pertaining to Numerous RFPs" as though fully set forth herein. Those objections notwithstanding, USLS agrees to produce those documents in its possession, custody, and control that evidence defendants' misappropriation of trade secrets by October 30, to the extent that they have not been produced. However, based on the recent findings in the section 8.1 FIPA results, Plaintiff is informed and believes that additional responsive documents remain in the possession, custody, and control of Defendants or third parties.

**DOCUMENT REQUEST NO. 32**:

Any and all DOCUMENTS evidencing whether each of the ALLEGED TRADE SECRETS has independent economic value.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v.1

**RESPONSE TO REQUEST NO. 32**:

Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the terms, "evidencing," and "independent economic value." Plaintiff objects to this request on the grounds that Defendant's definition of the phrase "TRADE SECRET" relies on the meaning prescribed by Plaintiff, which renders this request vague and ambiguous to the extent that Defendant understands these phrases to have different meanings than Plaintiff prescribed to them. Plaintiff further objects that this Request is overbroad in time and scope. Further, Plaintiff objects to this request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other legal privilege or doctrine.

Plaintiff objects to this Request to the extent "document" is defined to include electronic mail. Defendant is invited to meet and confer on the parameters of any electronic search and is directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and confer efforts are necessary to more specifically identify to nature and scope of materials sought by Defendant. Further, the parties also need to discuss the form of production and the allocation of related costs.

Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning and scope of this request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 32**:

[Same as original, above, except substituting the last paragraph with:

"Subject to and without waiving its objections, as Plaintiff understands these terms, Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning, scope and relevance of this request."]

**REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

Defendant hereby incorporates by reference the above "reasons pertaining to numerous RFPs."

RFP No. 32 seeks documents evidencing whether each of the alleged trade secrets has independent economic value. When it comes to relevance, discovery is proper if it appears

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1  "reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1).

2  This request is directly relevant to the essential elements of U.S. Legal's misappropriation claim and

3  to its damages theory. *See, e.g., DVD Copy Control Assn., Inc. v. Bunner*, 31 Cal.4th 864, 881

4  (2003); *see also DVD Copy Control Assn., Inc. v. Bunner*, 116 Cal. App. 4th 241, 251 (2004) ("[T]he

5  test for a trade secret is whether the matter sought to be protected is information (1) that is valuable

6  because it is unknown to others…"). Because Defendant's request is relevant and Plaintiff's

7  objections are without merit, this Court should compel U.S. Legal to produce all responsive

8  documents.

9  **U.S. LEGAL'S CONTENTION:**

10  Plaintiff agrees to provide a further supplemental response by October 30 attesting that USLS

11  has performed a diligent search and reasonable, good faith inquiry for any responsive documents.

12  **DOCUMENT REQUEST NO. 33**:

13  Any and all DOCUMENTS evidencing the amount of time, money and labor it took YOU to

14  develop each of the ALLEGED TRADE SECRETS.

15  **RESPONSE TO REQUEST NO. 33**:

16  Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the terms,

17  "evidencing," and "develop." Plaintiff objects to this request on the grounds that Defendant's

18  definition of the phrase "TRADE SECRET" relies on the meaning prescribed by Plaintiff, which

19  renders this request vague and ambiguous to the extent that Defendant understands these phrases

20  to have different meanings than Plaintiff prescribed to them. Plaintiff further objects that this

21  Request is overbroad in time and scope. Further, Plaintiff objects to this request to the extent that

22  it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or

23  any other legal privilege or doctrine.

24  Plaintiff objects to this Request to the extent "document" is defined to include electronic

25  mail. Defendant is invited to meet and confer on the parameters of any electronic search and is

26  directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various

27  electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and

28  confer efforts are necessary to more specifically identify to nature and scope of materials sought by

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

44

21877405v.1

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1 Defendant. Further, the parties also need to discuss the form of production and the allocation of
2 related costs.

3 Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff
4 invites Defendant to meet and confer regarding the meaning and scope of this request.

5 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 33**:

6 [Same as original response, above, except substituting the last paragraph with:

7 "Subject to and without waiving its objections, as Plaintiff understands these terms,
8 Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the
9 meaning, scope and relevance of this request."]

10 **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

11 Defendant hereby incorporates by reference the above "reasons pertaining to numerous
12 RFPs."

13 RFP No. 33 seeks documents evidencing the amount of time, money and labor it took U.S.
14 Legal to develop each of the alleged trade secrets. When it comes to relevance, discovery is proper if
15 it appears "reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ.
16 P. 26(b)(1). This request is directly relevant to the essential elements of U.S. Legal's
17 misappropriation claim and to its damages theory. *See, e.g., DVD Copy Control Assn., Inc. v.*
18 *Bunner,* 31 Cal.4th 864, 881 (2003); *see also DVD Copy Control Assn., Inc. v. Bunner,* 116 Cal. App.
19 4th 241, 251 (2004) ("[T]he test for a trade secret is whether the matter sought to be protected is
20 information (1) that is valuable because it is unknown to others..."). The amount of time, money and
21 labor it took to develop the alleged trade secrets bears on, among other things, how valuable they are
22 and how easily they are to independently reproduce. Because Defendant's request is relevant and
23 Plaintiff's objections are without merit, this Court should compel U.S. Legal to produce all
24 responsive documents.

25 **U.S. LEGAL'S CONTENTION:**

26 Plaintiff agrees to provide a further supplemental response by October 30 attesting that USLS
27 has performed a diligent search and reasonable, good faith inquiry for any responsive documents and
28 has produced reasonably accessible non-privileged responsive documents, if any, in Plaintiff's

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1    possession, custody, or control. Further, Responding Party is unable to comply fully with the request

2    to the extent that responsive documents never existed, were never in Responding Party's possession,

3    custody, or control, or have since been destroyed or lost.

4    **DOCUMENT REQUEST NO. 35**:

5           All DOCUMENTS CONSTITUTING correspondence or other COMMUNICATIONS

6    between YOU and HOFIONI while he was still employed at ESQUIRE.

7    **RESPONSE TO REQUEST NO. 35**:

8           Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the terms,

9    "correspondence," and "employed." Plaintiff further objects that this Request is overbroad in time

10   and scope.

11          Plaintiff objects to this Request to the extent "document" is defined to include electronic

12   mail. Defendant is invited to meet and confer on the parameters of any electronic search and is

13   directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various

14   electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and

15   confer efforts are necessary to more specifically identify to nature and scope of materials sought by

16   Defendant. Further, the parties also need to discuss the form of production and the allocation of

17   related costs.

18          Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff

19   invites Defendant to meet and confer regarding the meaning and scope of this request.

20   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 35**:

21   [Same as original, above, except substituting the last paragraph with:

22          "Subject to and without waiving its objections, as Plaintiff understands these terms,

23   Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the

24   meaning, scope and relevance of this request."]

25   **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

26          Defendant hereby incorporates by reference the above "reasons pertaining to numerous

27   RFPs."

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

46

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1    RFP No. 35 seeks documents constituting communications between U.S. Legal and Hofioni
2    while he was still employed at Esquire. This request sheds light on U.S. Legal's decision to hire
3    Hofioni from Esquire and the establishment of U.S. Legal's Sacramento office by hiring other
4    employees away from Esquire. The requested documents are reasonably calculated to show, *inter*
5    *alia*, what clients Hofioni brought with him from Esquire (thereby meaning that the identity of such
6    clients cannot be a trade secret) and whether U.S. Legal engaged in the same sort of recruitment
7    conduct which U.S. Legal contends is unlawful when performed by LIT. Because Defendant's
8    request is relevant and Plaintiff's objections are without merit, this Court should compel U.S. Legal
9    to produce all responsive documents.

10   **U.S. LEGAL'S CONTENTION:**

11   Plaintiff agrees to provide a further supplemental response by October 30 attesting that USLS
12   has performed a diligent search and reasonable, good faith inquiry for correspondence USLS had
13   with HOFIONI prior to his employment with USLS and has produced reasonably accessible non-
14   privileged responsive documents, if any, in Plaintiff's possession, custody, or control. Further,
15   Responding Party is unable to comply fully with the request to the extent that responsive documents
16   never existed, were never in Responding Party's possession, custody, or control, or have since been
17   destroyed or lost.

18   **DOCUMENT REQUEST NO. 36:**

19   All DOCUMENTS CONCERNING all due diligence performed by YOU prior to YOUR
20   hiring HOFIONI from ESQUIRE.

21   **RESPONSE TO REQUEST NO. 36:**

22   Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the
23   undefined term, "due diligence." Plaintiff further objects to this Request on the grounds that it is
24   vague and ambiguous as to the phrase, "CONCERNING," as the definition of that phrase includes
25   "'RELATING TO' or otherwise having a connection with the described subject matter." As Justice
26   Scalia once noted, "everything relates to everything else." *Calif. Division of Labor Standards*
27   *Enforcement v. Dillingham Const. Co.,* 117 S.Ct. 832, 843 (1997). Plaintiff further objects that this
28   Request is overbroad in time and scope. Further, Plaintiff objects to this request to the extent that it

47

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1 seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any
2 other legal privilege or doctrine.

3 Plaintiff objects to this Request to the extent "document" is defined to include electronic
4 mail. Defendant is invited to meet and confer on the parameters of any electronic search and is
5 directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various
6 electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and
7 confer efforts are necessary to more specifically identify to nature and scope of materials sought
8 by Defendant. Further, the parties also need to discuss the form of production and the allocation
9 of related costs.

10 Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff
11 invites Defendant to meet and confer regarding the meaning and scope of this request.

12 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 36**:

13 [Same as original, above, except substituting the last paragraph with:

14 "Subject to and without waiving its objections, as Plaintiff understands these terms,
15 Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the
16 meaning, scope and relevance of this request."]

17 **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

18 Defendant hereby incorporates by reference the above "reasons pertaining to numerous
19 RFPs."

20 RFP No. 36 seeks documents concerning all due diligence performed by U.S. Legal prior to
21 its hiring of Hofioni from Esquire. This request sheds light on U.S. Legal's decision to hire Hofioni
22 from Esquire and the establishment of U.S. Legal's Sacramento office by hiring other employees
23 away from Esquire. The requested documents are reasonably calculated to show, *inter alia*, what
24 clients Hofioni brought with him from Esquire (thereby meaning that the identity of such clients
25 cannot be a trade secret) and whether U.S. Legal engaged in the same sort of recruitment conduct
26 which U.S. Legal contends is unlawful when performed by LIT. Because LIT's request is relevant
27 and Plaintiff's objections are without merit, this Court should compel U.S. Legal to produce all
28 responsive documents.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

**U.S. LEGAL'S CONTENTION:**

Plaintiff agrees to provide a further supplemental response by October 30 attesting that USLS has performed a diligent search and reasonable, good faith inquiry for any documents concerning HOFIONI prior to his employment with Plaintiff and has produced reasonably accessible non-privileged responsive documents, if any, in Plaintiff's possession, custody, or control. Further, Responding Party is unable to comply fully with the request to the extent that responsive documents never existed, were never in Responding Party's possession, custody, or control, or have since been destroyed or lost.

**DOCUMENT REQUEST NO. 37:**

All DOCUMENTS received by YOU from HOFIONI prior to YOUR hiring HOFIONI.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the term, "received." Plaintiff further objects that this Request is overbroad in time and scope.

Plaintiff objects to this Request to the extent "document" is defined to include electronic mail. Defendant is invited to meet and confer on the parameters of any electronic search and is directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and confer efforts are necessary to more specifically identify to nature and scope of materials sought by Defendant. Further, the parties also need to discuss the form of production and the allocation of related costs.

Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning and scope of this request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 37:**

[Same as original, above, except substituting the last paragraph with:

"Subject to and without waiving its objections, as Plaintiff understands these terms, Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning, scope and relevance of this request."]

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v.1

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

**REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

2      Defendant hereby incorporates by reference the above "reasons pertaining to numerous

3 RFPs."

4      RFP No. 37 documents U.S. Legal received from Hofioni prior to hiring Hofioni. This

5 request sheds light on U.S. Legal's decision to hire Hofioni from Esquire and the establishment of

6 U.S. Legal's Sacramento office by hiring other employees away from Esquire. The requested

7 documents are reasonably calculated to show, *inter alia*, what clients Hofioni brought with him from

8 Esquire (thereby meaning that the identity of such clients cannot be a trade secret) and whether U.S.

9 Legal engaged in the same sort of recruitment conduct which U.S. Legal contends is unlawful when

10 performed by LIT. Because Defendant's request is relevant and Plaintiff's objections are without

11 merit, this Court should compel U.S. Legal to produce all responsive documents.

12 **U.S. LEGAL'S CONTENTION:**

13      Plaintiff agrees to provide a further supplemental response by October 30 attesting that USLS

14 has performed a diligent search and reasonable, good faith inquiry for any documents concerning

15 HOFIONI prior to his employment with Plaintiff and has produced reasonably accessible non-

16 privileged responsive documents, if any, in Plaintiff's possession, custody, or control. Further,

17 Responding Party is unable to comply fully with the request to the extent that responsive documents

18 never existed, were never in Responding Party's possession, custody, or control, or have since been

19 destroyed or lost.

20 **DOCUMENT REQUEST NO. 38**:

21      All DOCUMENTS received by YOU from any PERSON CONCERNING HOFIONI prior to

22 YOUR hiring HOFIONI.

23 **RESPONSE TO REQUEST NO. 38**:

24      Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the term,

25 "received." Plaintiff further objects to this Request on the grounds that it is vague and ambiguous

26 as to the phrase, "CONCERNING," as the definition of that phrase includes "'RELATING TO' or

27 otherwise having a connection with the described subject matter." As Justice Scalia once noted,

28 "everything relates to everything else." *Calif. Division of Labor Standards Enforcement* v.

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v 1

1   *Dillingham Const. Co.,* 117 S.Ct. 832, 843 (1997). Plaintiff further objects that this Request is

2   overbroad in time and scope. Further, Plaintiff objects to this request to the extent that it seeks

3   information protected by the attorney-client privilege, the work-product doctrine, and/or any other

4   legal privilege or doctrine.

5       Plaintiff objects to this Request to the extent "document" is defined to include electronic

6   mail. Defendant is invited to meet and confer on the parameters of any electronic search and is

7   directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various

8   electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and

9   confer efforts are necessary to more specifically identify to nature and scope of materials sought

10   by Defendant. Further, the parties also need to discuss the form of production and the allocation of

11   related costs.

12       Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff invites

13   Defendant to meet and confer regarding the meaning and scope of this request.

14   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 38**:

15   [Same as original, above, except substituting the last paragraph with:

16       "Subject to and without waiving its objections, as Plaintiff understands these terms,

17   Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the

18   meaning, scope and relevance of this request."]

19   **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

20       Defendant hereby incorporates by reference the above "reasons pertaining to numerous

21   RFPs."

22       RFP No. 38 seeks documents received by U.S. Legal from any person concerning Hofioni

23   prior to its hiring of Hofioni. This request sheds light on U.S. Legal's decision to hire Hofioni from

24   Esquire and the establishment of U.S. Legal's Sacramento office by hiring other employees away

25   from Esquire. The requested documents are reasonably calculated to show, *inter alia*, what clients

26   Hofioni brought with him from Esquire (thereby meaning that the identity of such clients cannot be a

27   trade secret) and whether U.S. Legal engaged in the same sort of recruitment conduct which U.S.

28   Legal contends is unlawful when performed by LIT. Because Defendant's request is relevant and

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1  Plaintiff's objections are without merit, this Court should compel U.S. Legal to produce all
2  responsive documents.

3  **U.S. LEGAL'S CONTENTION:**

4      Plaintiff agrees to provide a further supplemental response by October 30 attesting that USLS
5  has performed a diligent search and reasonable, good faith inquiry for any documents concerning
6  HOFIONI prior to his employment with Plaintiff and has produced reasonably accessible non-
7  privileged responsive documents, if any, in Plaintiff's possession, custody, or control.  Further,
8  Responding Party is unable to comply fully with the request to the extent that responsive documents
9  never existed, were never in Responding Party's possession, custody, or control, or have since been
10  destroyed or lost.

11  **DOCUMENT REQUEST NO. 39**:

12      All DOCUMENTS YOU sent to HOFIONI prior to hiring HOFIONI from ESQUIRE.

13  **RESPONSE TO REQUEST NO. 39**:

14      Plaintiff further objects that this Request is overbroad in time and scope.

15      Plaintiff objects to this Request to the extent "document" is defined to include electronic mail.
16  Defendant is invited to meet and confer on the parameters of any electronic search and is directed
17  to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various
18  electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and
19  confer efforts are necessary to more specifically identify to nature and scope of materials sought
20  by Defendant. Further, the parties also need to discuss the form of production and the allocation
21  of related costs.

22      Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff
23  invites Defendant to meet and confer regarding the meaning and scope of this request.

24  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 39**:

25  [Same as original response, above, except substituting the last paragraph with:

26      "Subject to and without waiving its objections, as Plaintiff understands these terms,
27  Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the
28  meaning, scope and relevance of this request."]

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

**REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

Defendant hereby incorporates by reference the above "reasons pertaining to numerous RFPs."

RFP No. 39 seeks documents U.S. Legal sent to Hofioni prior to hiring Hofioni from Esquire. This request is limited in scope in that it only seeks documents from before U.S. Legal hired and had an employer-employee relationship with Hofioni. This request sheds light on U.S. Legal's decision to hire Hofioni from Esquire and the establishment of U.S. Legal's Sacramento office by hiring other employees away from Esquire. The requested documents are reasonably calculated to show, *inter alia*, what clients Hofioni brought with him from Esquire (thereby meaning that the identity of such clients cannot be a trade secret) and whether U.S. Legal engaged in the same sort of recruitment conduct which U.S. Legal contends is unlawful when performed by LIT. Because Defendant's request is relevant and Plaintiff's objections are without merit, this Court should compel U.S. Legal to produce all responsive documents.

**U.S. LEGAL'S CONTENTION:**

Plaintiff agrees to provide a further supplemental response by October 30 attesting that USLS has performed a diligent search and reasonable, good faith inquiry for any documents concerning HOFIONI prior to his employment with Plaintiff and has produced reasonably accessible non-privileged responsive documents, if any, in Plaintiff's possession, custody, or control. Further, Responding Party is unable to comply fully with the request to the extent that responsive documents never existed, were never in Responding Party's possession, custody, or control, or have since been destroyed or lost.

**DOCUMENT REQUEST NO. 40**:

All DOCUMENTS evidencing the reasons for YOUR decision hire HOFIONI from ESQUIRE.

**RESPONSE TO REQUEST NO. 40**:

Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the term, "evidencing," "reasons," and "decision." Plaintiff further objects that this Request is overbroad in time and scope. Further, Plaintiff objects to this request to the extent that it seeks information

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

53

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1 protected by the attorney-client privilege, the work-product doctrine, and/or any other legal
2 privilege or doctrine.

3     Plaintiff objects to this Request to the extent "document" is defined to include electronic
4 mail. Defendant is invited to meet and confer on the parameters of any electronic search and is
5 directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various
6 electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and
7 confer efforts are necessary to more specifically identify to nature and scope of materials sought
8 by Defendant. Further, the parties also need to discuss the form of production and the allocation
9 of related costs.

10     Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff
11 invites Defendant to meet and confer regarding the meaning and scope of this request.

12 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 40**:

13 [Same as original response, above, except substituting the last paragraph with:

14     "Subject to and without waiving its objections, as Plaintiff understands these terms,
15 Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the
16 meaning, scope and relevance of this request."]

17 **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

18     Defendant hereby incorporates by reference the above "reasons pertaining to numerous
19 RFPs."

20     RFP No. 40 seeks documents evidencing the reasons for U.S. Legal's decision to hire Hofioni
21 from Esquire. This request sheds light on U.S. Legal's decision to hire Hofioni from Esquire and the
22 establishment of U.S. Legal's Sacramento office by hiring other employees away from Esquire. The
23 requested documents are reasonably calculated to show, *inter alia*, what clients Hofioni brought with
24 him from Esquire (thereby meaning that the identity of such clients cannot be a trade secret) and
25 whether U.S. Legal engaged in the same sort of recruitment conduct which U.S. Legal contends is
26 unlawful when performed by LIT. Because Defendant's request is relevant and Plaintiff's objections
27 are without merit, this Court should compel a complete response to this RFP.

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

54

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1 **U.S. LEGAL'S CONTENTION:**

2     Plaintiff agrees to provide a further supplemental response by October 30 attesting that USLS

3 has performed a diligent search and reasonable, good faith inquiry for any documents concerning

4 HOFIONI prior to his employment with Plaintiff and has produced reasonably accessible non-

5 privileged responsive documents, if any, in Plaintiff's possession, custody, or control. Further,

6 Responding Party is unable to comply fully with the request to the extent that responsive documents

7 never existed, were never in Responding Party's possession, custody, or control, or have since been

8 destroyed or lost.

9 **DOCUMENT REQUEST NO. 41**:

10     All DOCUMENTS sufficient to show all clients HOFIONI brought from ESQUIRE to YOU,

11 including but not limited to DOCUMENTS identifying such clients and any and all correspondence

12 or other COMMUNICATIONS with such clients.

13 **RESPONSE TO REQUEST NO. 41**:

14     Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the

15 term, "sufficient," "clients," "brought," "identifying," "and "correspondence." Plaintiff further

16 objects that this Request is overbroad in time and scope. Further, Plaintiff objects to this request

17 to the extent that it seeks information protected by the attorney-client privilege, the work-product

18 doctrine, and/or any other legal privilege or doctrine.

19     Plaintiff objects to this Request to the extent "document" is defined to include electronic

20 mail. Defendant is invited to meet and confer on the parameters of any electronic search and is

21 directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various

22 electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and

23 confer efforts are necessary to more specifically identify to nature and scope of materials sought

24 by Defendant. Further, the parties also need to discuss the form of production and the allocation

25 of related costs.

26     Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff

27 invites Defendant to meet and confer regarding the meaning and scope of this request.

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

55

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 41**:

2  [Same as original response, above, except substituting the last paragraph with:

3  "Subject to and without waiving its objections, as Plaintiff understands these terms,

4  Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the

5  meaning, scope and relevance of this request."]

6  **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

7  Defendant hereby incorporates by reference the above "reasons pertaining to numerous

8  RFPs."

9  RFP No. 41 seeks documents sufficient to show all clients Hofioni brought from Esquire to

10  U.S. Legal, including documents identifying such clients and any communications with such clients.

11  This request sheds light on U.S. Legal's decision to hire Hofioni from Esquire and the establishment

12  of U.S. Legal's Sacramento office by hiring other employees away from Esquire. The requested

13  documents are reasonably calculated to show, *inter alia*, what clients Hofioni brought with him from

14  Esquire (thereby meaning that the identity of such clients cannot be a trade secret) and whether U.S.

15  Legal engaged in the same sort of recruitment conduct which U.S. Legal contends is unlawful when

16  performed by LIT. Because LIT's request is relevant and Plaintiff's objections are without merit, this

17  Court should compel U.S. Legal to produce all responsive documents, including but not limited to

18  Salesforce records and communications with such clients.

19  **U.S. LEGAL'S CONTENTION:**

20  Plaintiff agrees to provide a further supplemental response by October 30 attesting that USLS

21  has performed a diligent search and reasonable, good faith inquiry for email correspondence between

22  HOFIONI and contacts he knew from ESQUIRE from June through December 2009 and has

23  produced reasonably accessible non-privileged responsive documents in Plaintiff's possession,

24  custody, or control. Plaintiff reserves the right to supplement and/or amend its response as discovery

25  and its trial preparation continues.

26  **DOCUMENT REQUEST NO. 42**:

27  All DOCUMENTS HOFIONI brought from ESQUIRE to YOU, including but not limited to

28  client lists and ESQUIRE FINANCIAL RECORDS.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

56

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

**RESPONSE TO REQUEST NO. 42:**

   Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the term, "brought," and "client lists." Plaintiff further objects that this Request is overbroad in time and scope.

   Plaintiff objects to this Request to the extent "document" is defined to include electronic mail. Defendant is invited to meet and confer on the parameters of any electronic search and is directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and confer efforts are necessary to more specifically identify to nature and scope of materials sought by Defendant. Further, the parties also need to discuss the form of production and the allocation of related costs.

   Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning and scope of this request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 42:**

[Same as original response, above, except substituting the last paragraph with:

   "Subject to and without waiving its objections, as Plaintiff understands these terms, Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning, scope and relevancy of this request."]

**REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

   Defendant hereby incorporates by reference the above "reasons pertaining to numerous RFPs."

   RFP No. 42 seeks documents Hofioni brought from Esquire to U.S. Legal, including client lists and Esquire financial records. This request sheds light on U.S. Legal's decision to hire Hofioni from Esquire and the establishment of U.S. Legal's Sacramento office by hiring other employees away from Esquire. The requested documents are reasonably calculated to show, *inter alia*, what clients Hofioni brought with him from Esquire (thereby meaning that the identity of such clients cannot be a trade secret) and whether U.S. Legal engaged in the same sort of recruitment conduct which U.S. Legal contends is unlawful when performed by LIT. Because Defendant's request is

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1 relevant and Plaintiff's objections are without merit, this Court should compel U.S. Legal to produce
2 all responsive documents.

3 **U.S. LEGAL'S CONTENTION:**

4     Plaintiff agrees to provide a further supplemental response by October 30 attesting that USLS
5 has performed a diligent search and reasonable, good faith inquiry for any documents concerning
6 HOFIONI prior to his employment with Plaintiff and has produced reasonably accessible non-
7 privileged responsive documents, if any, in Plaintiff's custody, possession, and control. Responding
8 Party is unable to comply fully with the request to the extent that responsive documents never
9 existed, were never in Responding Party's possession, custody, or control, or have since been
10 destroyed or lost.

11 **DOCUMENT REQUEST NO. 44**:

12     All DOCUMENTS evidencing the reason(s) for YOUR decision to hire the FORMER
13 ESQUIRE EMPLOYEES.

14 **RESPONSE TO REQUEST NO. 44**:

15     Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the terms,
16 "evidencing," "reason" "decision," and "hire." Plaintiff further objects that this Request is
17 overbroad in time and scope. Further, Plaintiff objects to this request to the extent that it seeks
18 information protected by the attorney-client privilege, the work-product doctrine, and/or any other
19 legal privilege or doctrine.

20     Plaintiff objects to this Request to the extent "document" is defined to include electronic
21 mail. Defendant is invited to meet and confer on the parameters of any electronic search and is
22 directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various
23 electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and
24 confer efforts are necessary to more specifically identify to nature and scope of materials sought
25 by Defendant. Further, the parties also need to discuss the form of production and the allocation of
26 related costs.

27     Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff
28 invites Defendant to meet and confer regarding the meaning and scope of this request.

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v 1

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 44:**

[Same as original response, above, except substituting the last paragraph with:

"Subject to and without waiving its objections, as Plaintiff understands these terms, Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning, scope and relevancy of this request."]

**REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

Defendant hereby incorporates by reference the above "reasons pertaining to numerous RFPs."

RFP No. 44 seeks documents evidencing the reason(s) for U.S. Legal's decision to hire the former Esquire employees. This request sheds light on U.S. Legal's decision to hire Hofioni from Esquire and the establishment of U.S. Legal's Sacramento office by hiring other employees away from Esquire. The requested documents are reasonably calculated to show, *inter alia*, what clients Hofioni and others brought with them from Esquire (thereby meaning that the identity of such clients cannot be a trade secret) and whether U.S. Legal engaged in the same sort of recruitment conduct which U.S. Legal contends is unlawful when performed by LIT. Because LIT's request is relevant and Plaintiff's objections are without merit, this Court should compel U.S. Legal to produce all responsive documents.

**U.S. LEGAL'S CONTENTION:**

Plaintiff agrees to provide a further supplemental response by October 30 attesting that USLS has performed a diligent search and reasonable, good faith inquiry for any documents concerning HOFIONI prior to his employment with Plaintiff and has produced reasonably accessible non-privileged responsive documents, if any, in Plaintiff's custody, possession, and control. Responding Party is unable to comply fully with the request to the extent that responsive documents never existed, were never in Responding Party's possession, custody, or control, or have since been destroyed or lost.

**DOCUMENT REQUEST NO. 46:**

All DOCUMENTS evidencing HOFIONI's economic performance in connection with his work for YOU, including but not limited all DOCUMENTS CONSTITUTING his commission

59

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1 | reports and DOCUMENTS evidencing his sales volume during the time he was employed by YOU.

2 | **RESPONSE TO REQUEST NO. 46**:

3 | Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the

4 | terms, "evidencing," "economic performance," "connection," "commission reports," "sales and

5 | volume." Plaintiff further objects that this Request is overbroad in time and scope. Further,

6 | Plaintiff objects to this request to the extent that it seeks information protected by the attorney-

7 | client privilege, the work-product doctrine, and/or any other legal privilege or doctrine.

8 | Plaintiff objects to this Request to the extent "document" is defined to include electronic

9 | mail. Defendant is invited to meet and confer on the parameters of any electronic search and is

10 | directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various

11 | electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and

12 | confer efforts are necessary to more specifically identify to nature and scope of materials sought

13 | by Defendant. Further, the parties also need to discuss the form of production and the allocation

14 | of related costs.

15 | Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff

16 | invites Defendant to meet and confer regarding the meaning and scope of this request.

17 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 46**:

18 | [Same as original response, above, with the substitution of the last paragraph to:

19 | "Subject to and without waiving its objections, as Plaintiff understands these terms, Plaintiff

20 | responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning,

21 | scope and relevancy of this request."]

22 | **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

23 | Defendant hereby incorporates by reference the above "reasons pertaining to numerous

24 | RFPs."

25 | RFP No. 46 seeks documents evidencing Hofioni's economic performance in connection with

26 | his work for U.S. Legal, including commission reports and documents evidencing his sales volume

27 | during the time he was employed by U.S. Legal. The requested documents are reasonably calculated

28 | to show, *inter alia*, whether U.S. Legal has suffered the damages it claims and whether this lawsuit

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1  was motivated by anti-competitive intentions. Because LIT's request is relevant and Plaintiff's

2  objections are without merit, this Court should compel U.S. Legal to produce all responsive

3  documents, including but not limited to Salesforce records.

4  **U.S. LEGAL'S CONTENTION:**

5      Plaintiff agrees to provide a further supplemental response by October 30 stating that to the

6  extent that Plaintiff has not produced documents evidencing HOFIONI's economic performance from

7  July 2011 through his resignation, Plaintiff will produce them as they are available for production.

8  **DOCUMENT REQUEST NO. 47**:

9      All DOCUMENTS evidencing the identity of the clients in YOUR NORTHERN

10 CALIFORNIA OFFICES prior to YOUR hiring HOFIONI.

11 **RESPONSE TO REQUEST NO. 47**:

12     Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the

13 terms, "evidencing," "identity," "clients," and "hiring." Plaintiff further objects that this Request

14 is overbroad in time and scope. Further, Plaintiff objects to this request to the extent that it seeks

15 information protected by the attorney-client privilege, the work-product doctrine, and/or any other

16 legal privilege or doctrine.

17     Plaintiff objects to this Request to the extent "document" is defined to include electronic

18 mail. Defendant is invited to meet and confer on the parameters of any electronic search and is

19 directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various

20 electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and

21 confer efforts are necessary to more specifically identify to nature and scope of materials sought

22 by Defendant. Further, the parties also need to discuss the form of production and the allocation

23 of related costs.

24     Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff

25 invites Defendant to meet and confer regarding the meaning and scope of this request.

26 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 47**:

27 [Same as original response, above, with the substitution of the last paragraph to:

28     "Subject to and without waiving its objections, as Plaintiff understands these terms,

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v.1

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1 | Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the
2 | meaning, scope and relevancy of this request."]
3 | **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:
4 |     Defendant hereby incorporates by reference the above "reasons pertaining to numerous
5 | RFPs."
6 |     RFP No. 47 seeks documents evidencing the identity of the clients in U.S. Legal's Northern
7 | California offices prior to its hiring of Hofioni. The requested documents are reasonably calculated to
8 | show, *inter alia*, what clients Hofioni brought with him from Esquire (thereby meaning that the
9 | identity of such clients cannot be a trade secret) and whether U.S. Legal has suffered the damages it
10 | claims. **Notably, counsel for LIT had proposed that U.S. Legal limit the number of allegedly**
11 | **misappropriated customers to a reasonable number so the parties could exchange in a <u>mutual</u>**
12 | **<u>exchange</u> of documents as to those customers, but counsel for U.S. Legal has to date refused to**
13 | **respond to such proposal, thereby necessitating the scope of discovery sought herein.** In light of
14 | counsel for U.S. Legal's ongoing refusal to respond, LIT can only conclude that U.S. Legal intends to
15 | keep its options open as to clients that LIT allegedly misappropriated while at the same time denying
16 | LIT essential discovery as to those clients. Indeed, it is only fair that if U.S. Legal intends to argue at
17 | trial in this matter that LIT wrongfully obtained business from U.S. Legal's clients, LIT is entitled to
18 | extensive information regarding U.S. Legal's alleged relationship with those clients, including but not
19 | limited to all communications with those clients as well as all Salesforce[8] data for those clients. Among
20 | other things, those documents may show:
21 |     (1) Why the client (each secretary, paralegal, or attorney) chose U.S. Legal for reporting services;
22 |     (2) What services they obtained and the rates they paid for U.S. Legal's services;
23 |     (3) The quality of service they received from U.S. Legal and whether they were satisfied with the
24 |        service;
25 |
26 |
27 | [8] Salesforce is a customer relationship management program used by U.S. Legal that that helps
28 | manage business relationships and associated data in a central location. *See, e.g.*,
www.salesforce.com.

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v 1

1    (4) When the client started doing business with U.S. Legal and whether Mr. Hofioni or Ms.

2        Albanese brought that client relationship to U.S. Legal or nurtured the relationship with that

3        client;

4    (5) What gifts U.S. Legal gave to the client before, during, and after Hofioni's time at U.S. Legal;

5    (6) Why the client decided to reduce or stop using U.S. Legal's services; and/or

6    (7) What efforts U.S. Legal made to keep the client after Mr. Hofioni left for a competing

7        business.

8    Because Defendant's request is relevant and Plaintiff's boilerplate objections are without

9    merit, this Court should compel U.S. Legal to produce all responsive documents, including but not

10   limited to Salesforce records and communications with such clients.

11   **U.S. LEGAL'S CONTENTION:**

12   To date, Defendants have refused to meet and confer regarding the scope and relevance of this

13   request. Plaintiff maintains that the documents requested are not relevant, nor will they lead to the

14   discovery of relevant evidence. Plaintiff remains open and willing to meet and confer regarding the

15   nature and scope of this request.

16   **DOCUMENT REQUEST NO. 48**:

17   All DOCUMENTS evidencing the identity of the clients in YOUR NORTHERN

18   CALIFORNIA OFFICES during the time HOFIONI was employed by YOU.

19   **RESPONSE TO REQUEST NO. 48**:

20   Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the

21   terms, "evidencing," and "employed." Plaintiff further objects that this Request is overbroad in

22   time and scope. Further, Plaintiff objects to this request to the extent that it seeks information

23   protected by the attorney-client privilege, the work-product doctrine, and/or any other legal

24   privilege or doctrine.

25   Plaintiff objects to this Request to the extent "document" is defined to include electronic

26   mail. Defendant is invited to meet and confer on the parameters of any electronic search and is

27   directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various

28   electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1 | confer efforts are necessary to more specifically identify to nature and scope of materials sought
2 | by Defendant. Further, the parties also need to discuss the form of production and the allocation
3 | of related costs.

4 | Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff
5 | invites Defendant to meet and confer regarding the meaning and scope of this request.

6 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 48**:

7 | [Same as original response, above, except with the substitution of the last paragraph with:

8 | "Subject to and without waiving its objections, as Plaintiff understands these terms, Plaintiff
9 | responds as follows: Discovery is ongoing. Plaintiff will produce documents evidencing its client list
10 | for Northern California as it is available for production subject to a time limitation of two years prior
11 | to Hofioni's resignation."]

12 | **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

13 | Defendant hereby incorporates by reference the above "reasons pertaining to numerous
14 | RFPs."

15 | RFP No. 48 seeks documents evidencing the identity of the clients in U.S. Legal's Northern
16 | California offices during the time Hofioni was employed by U.S. Legal. The requested documents are
17 | reasonably calculated to show, *inter alia*, what clients Hofioni brought to or personally cultivated at
18 | U.S. Legal and whether U.S. Legal has in fact suffered the damages it claims. **Notably, counsel for**
19 | **LIT had proposed that U.S. Legal limit the number of allegedly misappropriated customers to**
20 | **a reasonable number so the parties could exchange in a mutual exchange of documents as to**
21 | **those customers, but counsel for U.S. Legal has to date refused to respond to such proposal,**
22 | **thereby necessitating the scope of discovery sought herein.** In light of counsel for U.S. Legal's
23 | ongoing refusal to respond, LIT can only conclude that U.S. Legal intends to keep its options open as
24 | to clients that LIT allegedly misappropriated while at the same time denying LIT essential discovery
25 | as to those clients. Indeed, it is only fair that if U.S. Legal intends to argue at trial in this matter that
26 | LIT wrongfully obtained business from U.S. Legal's clients, LIT is entitled to extensive information
27 | regarding U.S. Legal's alleged relationship with those clients, including but not limited to all

28 |

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

64

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1  communications with those clients as well as all Salesforce data for those clients.  Among other things,

2  those documents may show:

3      (1) Why the client (each secretary, paralegal, or attorney) chose U.S. Legal for reporting services;

4      (2) What services they obtained and the rates they paid for U.S. Legal's services;

5      (3) The quality of service they received from U.S. Legal and whether they were satisfied with the

6          service;

7      (4) When the client started doing business with U.S. Legal and whether Mr. Hofioni or Ms.

8          Albanese brought that client relationship to U.S. Legal or nurtured the relationship with that

9          client;

10      (5) What gifts U.S. Legal gave to the client before, during, and after Hofioni's time at U.S. Legal;

11      (6) Why the client decided to reduce or stop using U.S. Legal's services; and/or

12      (7) What efforts U.S. Legal made to keep the client after Mr. Hofioni left for a competing

13          business.

14        Because Defendant's request is relevant and Plaintiff's boilerplate objections are without

15  merit, this Court should compel U.S. Legal to produce all responsive documents, including but not

16  limited to Salesforce records and communications with such clients.

17  **U.S. LEGAL'S CONTENTION:**

18        To date, Defendants have refused to meet and confer regarding the scope and relevance of this

19  request.  Plaintiff maintains that the documents requested are not relevant, nor will they lead to the

20  discovery of relevant evidence.  Plaintiff remains open and willing to meet and confer regarding the

21  nature and scope of this request.

22  **DOCUMENT REQUEST NO. 49**:

23        All DOCUMENTS evidencing the identity of the clients in YOUR NORTHERN

24  CALIFORNIA OFFICES subsequent to the termination of HOFIONI's employment with YOU.

25  **RESPONSE TO REQUEST NO. 49:**

26        Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the

27  terms, "evidencing," "identity," "clients," and "termination." Plaintiff further objects that this

28  Request is overbroad in time and scope. Further, Plaintiff objects to this request to the extent that

65

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1 | it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or
2 | any other legal privilege or doctrine.

3 | Plaintiff objects to this Request to the extent "document" is defined to include electronic
4 | mail. Defendant is invited to meet and confer on the parameters of any electronic search and is
5 | directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various
6 | electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and
7 | confer efforts are necessary to more specifically identify to nature and scope of materials sought
8 | by Defendant. Further, the parties also need to discuss the form of production and the allocation
9 | of related costs.

10 | Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff
11 | invites Defendant to meet and confer regarding the meaning and scope of this request.

12 | <u>**SUPPLEMENTAL RESPONSE TO REQUEST NO. 49**</u>:

13 | [Same as original response, above, with the substitution of the last paragraph to:

14 | "Subject to and without waiving its objections, as Plaintiff understands these terms,
15 | Plaintiff responds as follows: Discovery is ongoing. Plaintiff will produce documents evidencing
16 | its client list for Northern California subsequent to Hofioni's resignation as they are available for
17 | production."]

18 | <u>**REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**</u>:

19 | Defendant hereby incorporates by reference the above "reasons pertaining to numerous
20 | RFPs."

21 | RFP No. 49 seeks documents evidencing the identity of the clients in U.S. Legal's Northern
22 | California offices subsequent to the termination of Hofioni's employment with U.S. Legal. The
23 | requested documents are reasonably calculated to show, *inter alia*, whether U.S. Legal has suffered
24 | the damages it claims and identify which clients continued to engage U.S. Legal for products and/or
25 | services. **Notably, counsel for LIT had proposed that U.S. Legal limit the number of allegedly**
26 | **misappropriated customers to a reasonable number so the parties could exchange in a <u>mutual</u>**
27 | **<u>exchange</u> of documents as to those customers, but counsel for U.S. Legal has to date refused to**
28 | **respond to such proposal, thereby necessitating the scope of discovery sought herein.** In light of

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v 1

JOINT STATEMENT RE DISCOVERY DISAGREEMENT

| 1 | counsel for U.S. Legal's ongoing refusal to respond, LIT can only conclude that U.S. Legal intends to |
| 2 | keep its options open as to clients that LIT allegedly misappropriated while at the same time denying |
| 3 | LIT essential discovery as to those clients. Indeed, it is only fair that if U.S. Legal intends to argue at |
| 4 | trial in this matter that LIT wrongfully obtained business from U.S. Legal's clients, LIT is entitled to |
| 5 | extensive information regarding U.S. Legal's alleged relationship with those clients, including but not |
| 6 | limited to all communications with those clients as well as all Salesforce data for those clients. Among |
| 7 | other things, those documents may show: |

    (1) Why the client (each secretary, paralegal, or attorney) chose U.S. Legal for reporting services;

    (2) What services they obtained and the rates they paid for U.S. Legal's services;

    (3) The quality of service they received from U.S. Legal and whether they were satisfied with the service;

    (4) When the client started doing business with U.S. Legal and whether Mr. Hofioni or Ms. Albanese brought that client relationship to U.S. Legal or nurtured the relationship with that client;

    (5) What gifts U.S. Legal gave to the client before, during, and after Hofioni's time at U.S. Legal;

    (6) Why the client decided to reduce or stop using U.S. Legal's services; and/or

    (7) What efforts U.S. Legal made to keep the client after Mr. Hofioni left for a competing business.

Because Defendant's request is relevant and Plaintiff's boilerplate objections are without merit, this Court should compel U.S. Legal to produce all responsive documents, including but not limited to Salesforce records and communications with such clients.

## U.S. LEGAL'S CONTENTION:

To date, Defendants have refused to meet and confer regarding the scope and relevance of this request. Plaintiff maintains that the documents requested are not relevant, nor will they lead to the discovery of relevant evidence. Plaintiff remains open and willing to meet and confer regarding the nature and scope of this request.

## DOCUMENT REQUEST NO. 50:

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v.1

1    All DOCUMENTS evidencing YOUR NORTHERN CALIFORNIA OFFICES' economic

2    performance prior to when HOFIONI was employed by YOU, including but not limited to

3    DOCUMENTS evidencing the number of depositions per month per client for one year prior to

4    YOUR hiring of HOFIONI, YOUR revenue and margin by client, YOUR client payment terms, and

5    days sales outstanding per client.

6    **RESPONSE TO REQUEST NO. 50**:

7        Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the

8    terms, "evidencing," "economic performance," "employed," "depositions," "client," "hiring,"

9    "revue and margin," "client payment terms," and "days sales outstanding." Plaintiff further

10   objects that this Request is overbroad in time and scope. Further, Plaintiff objects to this request

11   to the extent that it seeks information protected by the attorney-client privilege, the work-product

12   doctrine, and/or any other legal privilege or doctrine.

13       Plaintiff objects to this Request to the extent "document" is defined to include electronic

14   mail. Defendant is invited to meet and confer on the parameters of any electronic search and is

15   directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various

16   electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and

17   confer efforts are necessary to more specifically identify to nature and scope of materials sought

18   by Defendant. Further, the parties also need to discuss the form of production and the allocation

19   of related costs.

20       Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff

21   invites Defendant to meet and confer regarding the meaning and scope of this request.

22   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 50**:

23   [Same as original response, above, except substituting the last paragraph with:

24       "Subject to and without waiving its objections, as Plaintiff understands these terms,

25   Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the

26   meaning, scope and relevancy of this request."]

27   **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

68

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1      Defendant hereby incorporates by reference the above "reasons pertaining to numerous

2 RFPs."

3      RFP No. 50 seeks documents evidencing U.S. Legal's Northern California office's economic

4 performance prior to its employment of Hofioni. The requested documents are reasonably calculated

5 to show, *inter alia*, whether U.S. Legal has suffered the damages it claims. Because Defendant's

6 request is relevant and Plaintiff's boilerplate objections are without merit, this Court should compel

7 U.S. Legal to produce all responsive documents, including but not limited to Salesforce data as to

8 each of U.S. Legal's clients in its Northern California offices.

9 **U.S. LEGAL'S CONTENTION:**

10      To date, Defendants have refused to meet and confer regarding the scope and relevance of this

11 request. Plaintiff maintains that the documents requested are not relevant, nor will they lead to the

12 discovery of relevant evidence. Plaintiff remains open and willing to meet and confer regarding the

13 nature and scope of this request.

14 **DOCUMENT REQUEST NO. 53**:

15      All DOCUMENTS CONSTITUTING COMMUNICATIONS CONCERNING HOFIONI's

16 departure from his employment with YOU, including but not limited to DOCUMENTS

17 CONSTITUTING COMMUNICATIONS CONCERNING YOUR NORTHERN CALIFORNIA

18 OFFICES' economic performance following the termination of HOFIONI's employment with YOU.

19 **RESPONSE TO REQUEST NO. 53**:

20      Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the

21 terms, "departure," "employment," "economic performance," and "termination." Plaintiff further

22 objects to this Request on the grounds that it is vague and ambiguous as to the phrase,

23 "CONCERNING," as the definition of that phrase includes "'RELATING TO' or otherwise having

24 a connection with the described subject matter." As Justice Scalia once noted, "everything relates

25 to everything else." *Calif. Division of Labor Standards Enforcement v. Dillingham Const. Co.,*

26 117 S.Ct. 832, 843 (1997). Plaintiff further objects that this Request is overbroad in time and

27 scope. Further, Plaintiff objects to this request to the extent that it seeks information protected by

28 the attorney-client privilege, the work-product doctrine, and/or any other legal privilege or

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

doctrine.

Plaintiff objects to this Request to the extent "document" is defined to include electronic mail. Defendant is invited to meet and confer on the parameters of any electronic search and is directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and confer efforts are necessary to more specifically identify to nature and scope of materials sought by Defendant. Further, the parties also need to discuss the form of production and the allocation of related costs.

Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning and scope of this request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 53**:

[Same as original response, above, except substituting the last paragraph with:

"Subject to and without waiving its objections, as Plaintiff understands these terms, Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning, scope and relevance of this request."]

**REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

Defendant hereby incorporates by reference the above "reasons pertaining to numerous RFPs."

RFP No. 53 seeks documents constituting communications concerning Hofioni's departure from his employment from U.S. Legal, including documents regarding U.S. Legal's Northern California office's economic performance following Hofioni's termination of employment. The requested documents are reasonably calculated to show, *inter alia*, whether U.S. Legal has suffered the damages it claims and what efforts U.S. Legal made to attempt to keep clients that LIT allegedly stole. Because Defendant's request is relevant and Plaintiff's boilerplate objections are without merit, this Court should compel U.S. Legal to produce all responsive documents.

**U.S. LEGAL'S CONTENTION:**

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v.1

1    To date, Defendants have refused to meet and confer regarding the scope and relevance of this

2  request. Plaintiff maintains that the documents requested are not relevant, nor will they lead to the

3  discovery of relevant evidence. Plaintiff remains open and willing to meet and confer regarding the

4  nature and scope of this request.

5  **DOCUMENT REQUEST NO. 55**:

6       All DOCUMENTS CONSTITUTING correspondence or other COMMUNICATIONS with

7  all clients whose business YOU have allegedly lost (or which business had allegedly been reduced)

8  due to HOFIONI's alleged misappropriation of each of the ALLEGED TRADE SECRETS.

9  **RESPONSE TO REQUEST NO. 55**:

10       Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the terms,

11  "correspondence," "clients," "business," and "lost." Plaintiff objects to this request on the grounds

12  that Defendant's definition of the phrase "TRADE SECRET" relies on the meaning prescribed by

13  Plaintiff, which renders this request vague and ambiguous to the extent that Defendant understands

14  these phrases to have different meanings than Plaintiff prescribed to them. Plaintiff further objects

15  that this Request is overbroad in time and scope. Further, Plaintiff objects to this request to the

16  extent that it seeks information protected by the attorney-client privilege, the work-product

17  doctrine, and/or any other legal privilege or doctrine. Plaintiff further objects that, given the

18  procedural history of this case and defendants' efforts to date to avoid providing fulsome discovery

19  responses that comply with applicable legal standards, discovery remains in its very early stages,

20  is ongoing, and Plaintiff thus objects that this Request is premature, particularly given Defendant's

21  failure to date to produce documents or other information related to its or its agent's improper

22  acquisition, unauthorized use, and/or disclosure of Plaintiffs trade secrets.

23       Plaintiff objects to this Request to the extent "document" is defined to include electronic

24  mail. Defendant is invited to meet and confer on the parameters of any electronic search and is

25  directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various

26  electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and

27  confer efforts are necessary to more specifically identify to nature and scope of materials sought

28  by Defendant. Further, the parties also need to discuss the form of production and the allocation of

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

71

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1   related costs.

2        Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff invites
3   Defendant to meet and confer regarding the meaning and scope of this request.

4   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 55**:

5   [Same as original response, above, except substituting the last paragraph with:

6        "Subject to and without waiving its objections, as Plaintiff understands these terms,
7   Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the
8   meaning, scope and relevance of this request."]

9   **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

10        Defendant hereby incorporates by reference the above "reasons pertaining to numerous
11  RFPs."

12       RFP No. 55 seeks documents constituting communications with clients whose business U.S.
13  Legal allegedly lost due to Hofioni's alleged misappropriation of the alleged trade secrets. The
14  requested documents are reasonably calculated to show, *inter alia*, whether U.S. Legal has suffered
15  the damages it claims (and what efforts it made to avoid its alleged damages) and to shed light on the
16  reason(s) U.S. Legal clients had for seeking products and/or services elsewhere. **Notably, counsel**
17  **for LIT had proposed that U.S. Legal limit the number of allegedly misappropriated customers**
18  **to a reasonable number so the parties could exchange in a mutual exchange of documents as to**
19  **those customers, but counsel for U.S. Legal has to date refused to respond to such proposal,**
20  **thereby necessitating the scope of discovery sought herein.** In light of counsel for U.S. Legal's
21  ongoing refusal to respond, LIT can only conclude that U.S. Legal intends to keep its options open as
22  to clients that LIT allegedly misappropriated while at the same time denying LIT essential discovery
23  as to those clients. Indeed, it is only fair that if U.S. Legal intends to argue at trial in this matter that
24  LIT wrongfully obtained business from U.S. Legal's clients, LIT is entitled to extensive information
25  regarding U.S. Legal's alleged relationship with those clients, including but not limited to all
26  communications with those clients as well as all Salesforce data for those clients. Among other things,
27  those documents may show:

28       (1) Why the client (each secretary, paralegal, or attorney) chose U.S. Legal for reporting services;

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1    (2) What services they obtained and the rates they paid for U.S. Legal's services;

2    (3) The quality of service they received from U.S. Legal and whether they were satisfied with the

3        service;

4    (4) When the client started doing business with U.S. Legal and whether Mr. Hofioni or Ms.

5        Albanese brought that client relationship to U.S. Legal or nurtured the relationship with that

6        client;

7    (5) What gifts U.S. Legal gave to the client before, during, and after Hofioni's time at U.S. Legal;

8    (6) Why the client decided to reduce or stop using U.S. Legal's services; and/or

9    (7) What efforts U.S. Legal made to keep the client after Mr. Hofioni left for a competing

10       business.

11   Because Defendant's request is relevant and U.S. Legal's boilerplate objections are without

12   merit, this Court should compel U.S. Legal to produce all responsive documents.

13   **U.S. LEGAL'S CONTENTION:**

14       To date, Defendants have refused to meet and confer regarding the scope of this request.

15   Plaintiff maintains that the scope of the documents requested is grossly overbroad. Plaintiff remains

16   open and willing to meet and confer regarding the nature and scope of this request.

17   **DOCUMENT REQUEST NO. 56:**

18       All DOCUMENTS evidencing all products and/or services provided to each of the clients

19   whose business YOU have allegedly lost (or which business had allegedly been reduced) due to

20   HOFIONI's alleged misappropriation of each of the ALLEGED TRADE SECRETS, including but

21   not limited to DOCUMENTS evidencing the pricing of YOUR products and/or services for each of

22   such clients and the quantity of YOUR products and/or services ordered.

23   **RESPONSE TO REQUEST NO. 56:**

24       Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the

25   terms, "evidencing," "products and/or services," "provided" "clients" "business," "lost,"

26   "reduced," "pricing," "quantity," and "ordered." Plaintiff objects to this request on the grounds

27   that Defendant's definition of the phrase "TRADE SECRET" relies on the meaning prescribed by

28   Plaintiff, which renders this request vague and ambiguous to the extent that Defendant

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1  understands these phrases to have different meanings than Plaintiff prescribed to them. Plaintiff
2  further objects that this Request is overbroad in time and scope. Further, Plaintiff objects to this
3  request to the extent that it seeks information protected by the attorney-client privilege, the work-
4  product doctrine, and/or any other legal privilege or doctrine. Plaintiff further objects that, given
5  the procedural history of this case and defendants' efforts to date to avoid providing fulsome
6  discovery responses that comply with applicable legal standards, discovery remains in its very
7  early stages, is ongoing, and Plaintiff thus objects that this Request is premature, particularly
8  given Defendant's failure to date to produce documents or other information related to its or its
9  agent's improper acquisition, unauthorized use, and/or disclosure of Plaintiffs trade secrets.

10  Plaintiff objects to this Request to the extent "document" is defined to include electronic mail.
11  Defendant is invited to meet and confer on the parameters of any electronic search and is directed to
12  the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various electronic
13  systems in light of the vague and ambiguous nature of Defendant's requests. Meet and confer efforts
14  are necessary to more specifically identify to nature and scope of materials sought by Defendant.
15  Further, the parties also need to discuss the form of production and the allocation of related costs.

16  Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff
17  invites Defendant to meet and confer regarding the meaning and scope of this request.

18  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 56**:

19  [Same as original response, above, except substituting the last paragraph with:

20  "Subject to and without waiving its objections, as Plaintiff understands these terms,
21  Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the
22  meaning, scope and relevance of this request."]

23  **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

24  Defendant hereby incorporates by reference the above "reasons pertaining to numerous
25  RFPs."

26  RFP No. 56 seeks documents evidencing all products and/or services provided to each of the
27  clients whose business U.S. Legal has allegedly lost due to Hofioni's alleged misappropriation of
28  each of the alleged trade secrets and related pricing and quantity information. The requested

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

74

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

documents are reasonably calculated to show, *inter alia*, whether U.S. Legal has suffered the damages it claims (and what efforts it made to avoid those alleged damages) and sheds light on whether clients were dissatisfied with U.S. Legal's products and/or services or pricing for the same. **Notably, counsel for LIT had proposed that U.S. Legal limit the number of allegedly misappropriated customers to a reasonable number so the parties could exchange in a <u>mutual</u> exchange of documents as to those customers, but counsel for U.S. Legal has to date refused to respond to such proposal, thereby necessitating the scope of discovery sought herein.** In light of counsel for U.S. Legal's ongoing refusal to respond, LIT can only conclude that U.S. Legal intends to keep its options open as to clients that LIT allegedly misappropriated while at the same time denying LIT essential discovery as to those clients. Indeed, it is only fair that if U.S. Legal intends to argue at trial in this matter that LIT wrongfully obtained business from U.S. Legal's clients, LIT is entitled to extensive information regarding U.S. Legal's alleged relationship with those clients, including but not limited to all communications with those clients as well as all Salesforce data for those clients. Among other things, those documents may show:

(1) Why the client (each secretary, paralegal, or attorney) chose U.S. Legal for reporting services;

(2) What services they obtained and the rates they paid for U.S. Legal's services;

(3) The quality of service they received from U.S. Legal and whether they were satisfied with the service;

(4) When the client started doing business with U.S. Legal and whether Mr. Hofioni or Ms. Albanese brought that client relationship to U.S. Legal or nurtured the relationship with that client;

(5) What gifts U.S. Legal gave to the client before, during, and after Hofioni's time at U.S. Legal;

(6) Why the client decided to reduce or stop using U.S. Legal's services; and/or

(7) What efforts U.S. Legal made to keep the client after Mr. Hofioni left for a competing business.

Because Defendant's request is relevant and Plaintiff's boilerplate objections are without merit, this Court should compel U.S. Legal to produce all responsive documents.

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v.1

1 | **U.S. LEGAL'S CONTENTION:**

2 | To date, Defendants have refused to meet and confer regarding the scope of this request.

3 | Plaintiff maintains that the scope of the documents requested is grossly overbroad. Plaintiff remains

4 | open and willing to meet and confer regarding the nature and scope of this request.

5 | **DOCUMENT REQUEST NO. 57:**

6 | All DOCUMENTS CONSTITUTING each rate sheet for YOUR products and/or services

7 | YOU sent to any PERSON over the period from January 1, 2013 to the present.

8 | **RESPONSE TO REQUEST NO. 57:**

9 | Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the

10 | terms, "rate sheet," and "products and/or services." Plaintiff further objects that this Request is

11 | overbroad in time and scope.

12 | Plaintiff objects to this Request to the extent "document" is defined to include electronic

13 | mail. Defendant is invited to meet and confer on the parameters of any electronic search and is

14 | directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various

15 | electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and

16 | confer efforts are necessary to more specifically identify to nature and scope of materials sought

17 | by Defendant. Further, the parties also need to discuss the form of production and the allocation of

18 | related costs.

19 | Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff

20 | invites Defendant to meet and confer regarding the meaning and scope of this request.

21 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 57:**

22 | [Same as original response, above, except substituting the last paragraph with:

23 | "Subject to and without waiving its objections, as Plaintiff understands these terms,

24 | Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the

25 | meaning, scope and relevance of this request."]

26 | **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

27 | Defendant hereby incorporates by reference the above "reasons pertaining to numerous

28 | RFPs."

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v.1

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1    RFP No. 57 seeks documents constituting rate sheets for U.S. Legal's products and/or

2    services it sent to any person from January 1, 2013 to present. This request is limited in time scope

3    and in the type of documents sought. Such documents are reasonably calculated to lead to the

4    discovery of admissible evidence because, *inter alia*, U.S. Legal has taken the position that its rate

5    sheets constitute confidential, proprietary and/or trade secret information in this action. To the extent

6    the requested documents reflect that U.S. Legal has shared such rate sheets with third parties,

7    however, such documents will tend to show that such rate sheets are not confidential, proprietary

8    and/or trade secret. Because Defendant's request is relevant and Plaintiff's boilerplate objections are

9    without merit, this Court should compel U.S. Legal to produce all responsive documents. LIT will

10   withdraw this request if U.S. Legal concedes that its rate sheets do not constitute confidential,

11   proprietary, and/or trade secret information.

12   **U.S. LEGAL'S CONTENTION:**

13   Plaintiff has performed a diligent search and good faith inquiry for rate sheets of USLS'

14   products and/or services in California that were sent to its clients. To the extent that such documents

15   were found in the email box for the Executive Director of Sales indicating that rate sheets were

16   implemented by USLS, they have been produced.

17   **DOCUMENT REQUEST NO. 65**:

18   All DOCUMENTS CONSTITUTING correspondence or other COMMUNICATIONS with

19   the last twenty salespeople YOU interviewed for employment.

20   **RESPONSE TO REQUEST NO. 65**:

21   Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the

22   terms, "correspondence," "last," "salespeople," "interviewed," and "employment." Further,

23   Plaintiff objects to this request to the extent that it seeks information protected by the attorney-

24   client privilege, the work-product doctrine, and/or any other legal privilege or doctrine.

25   Plaintiff objects to this Request to the extent "document" is defined to include electronic

26   mail. Defendant is invited to meet and confer on the parameters of any electronic search and is

27   directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various

28   electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

confer efforts are necessary to more specifically identify to nature and scope of materials sought by Defendant. Further, the parties also need to discuss the form of production and the allocation of related costs.

Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning and scope of this request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 65**:

[Same as original response, above, except substituting the last paragraph with:

"Subject to and without waiving its objections, as Plaintiff understands these terms, Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning, scope and relevance of this request."]

**REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

Defendant hereby incorporates by reference the above "reasons pertaining to numerous RFPs."

RFP No. 65 seeks documents constituting communications with the last twenty salespeople U.S. Legal interviewed for employment. LIT suspects that U.S. Legal—like every other deposition services provider—recruits salespeople with books of business who will able to bring customers with them from their previous employer and often obtains written evidence of their historical economic performance in evaluating whether to hire the salesperson. If so, such evidence fundamentally undercuts U.S. Legal's contention that LIT did anything wrong by hiring Hofioni and Albanese. Because Defendant's request is relevant and Plaintiff's objections are without merit, this Court should compel U.S. Legal to produce all responsive documents.

**U.S. LEGAL'S CONTENTION**:

To date, Defendants have refused to meet and confer regarding the scope of this request. Plaintiff maintains that the scope of the documents requested is grossly overbroad. Plaintiff remains open and willing to meet and confer regarding the nature and scope of this request.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v.1

**DOCUMENT REQUEST NO. 72**:

All DOCUMENTS identifying YOUR top 25 clients in YOUR NORTHERN CALIFORNIA OFFICES for the 12 months prior to YOUR hiring of HOFIONI, including but not limited to YOUR FINANCIAL RECORDS relating to such clients.

**RESPONSE TO REQUEST NO. 72**:

Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the terms, "identifying," "clients," and "financial records." Plaintiff further objects to this Request on the grounds that it is vague and ambiguous as to the phrase, "RELATING TO" includes "otherwise having a connection with the described subject matter." As Justice Scalia once noted, "everything relates to everything else." *Calif. Division of Labor Standards Enforcement* v. *Dillingham Const. Co.,* 117 S.Ct. 832, 843 (1997). Plaintiff further objects that this Request is overbroad in time and scope. Further, Plaintiff objects to this request to the extent that it seeks information protected by the attorney- client privilege, the work-product doctrine, and/or any other legal privilege or doctrine.

Plaintiff objects to this Request to the extent "document" is defined to include electronic mail. Defendant is invited to meet and confer on the parameters of any electronic search and is directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and confer efforts are necessary to more specifically identify to nature and scope of materials sought by Defendant. Further, the parties also need to discuss the form of production and the allocation of related costs.

Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning and scope of this request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 72**:

[Same as original response, above, except substituting the last paragraph with:

"Subject to and without waiving its objections, as Plaintiff understands these terms, Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning, scope and relevance of this request."]

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v 1

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

1 **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

2       Defendant hereby incorporates by reference the above "reasons pertaining to numerous

3 RFPs."

4       RFP No. 72 seeks documents identifying U.S. Legal's top 25 clients in its Northern California

5 Offices for the 12 months prior to its hiring of Hofioni, including its financial records relating to such

6 clients. The requested documents are reasonably calculated to show, *inter alia*, whether U.S. Legal

7 has suffered the damages it claims. Because Defendant's request is relevant and U.S. Legal's

8 boilerplate objections are without merit, this Court should compel U.S. Legal to produce all

9 responsive documents, including but not limited to Salesforce records and communications with such

10 clients.

11 **U.S. LEGAL'S CONTENTION:**

12       To date, Defendants have refused to meet and confer regarding the scope of this request.

13 Plaintiff maintains that the scope of the documents requested is grossly overbroad. Plaintiff remains

14 open and willing to meet and confer regarding the nature and scope of this request.

15 **DOCUMENT REQUEST NO. 73:**

16       All DOCUMENTS identifying YOUR top 25 clients in YOUR NORTHERN CALIFORNIA

17 OFFICES for the 12 months following YOUR hiring of HOFIONI, including but not limited to

18 YOUR FINANCIAL RECORDS relating to such clients.

19 **RESPONSE TO REQUEST NO. 73:**

20       Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the

21 terms, "identifying," "clients," "hiring," and "financial records." Plaintiff further objects to this

22 Request on the grounds that it is vague and ambiguous as to the phrase, "RELATING TO"

23 includes "otherwise having a connection with the described subject matter." As Justice Scalia

24 once noted, "everything relates to everything else." *Calif. Division of Labor Standards*

25 *Enforcement* v. *Dillingham Const. Co.*, 117 S.Ct. 832, 843 (1997). Plaintiff further objects that

26 this Request is overbroad in time and scope. Further, Plaintiff objects to this request to the extent

27 that it seeks information protected by the attorney-client privilege, the work-product doctrine,

28 and/or any other legal privilege or doctrine.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

80

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1    Plaintiff objects to this Request to the extent "document" is defined to include electronic

2    mail. Defendant is invited to meet and confer on the parameters of any electronic search and is

3    directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various

4    electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and

5    confer efforts are necessary to more specifically identify to nature and scope of materials sought

6    by Defendant. Further, the parties also need to discuss the form of production and the allocation

7    of related costs.

8         Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff

9    invites Defendant to meet and confer regarding the meaning and scope of this request.

10   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 73**:

11   [Same as original response, above, except substituting the last paragraph with:

12        "Subject to and without waiving its objections, as Plaintiff understands these terms,

13   Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the

14   meaning, scope and relevance of this request."]

15   **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

16        Defendant hereby incorporates by reference the above "reasons pertaining to numerous

17   RFPs."

18        RFP No. 73 seeks documents identifying U.S. Legal's top 25 clients in its Northern California

19   Offices for the 12 months following to its hiring of Hofioni, including its financial records relating to

20   such clients. The requested documents are reasonably calculated to show, *inter alia*, what clients

21   Hofioni brought to or cultivated at U.S. Legal and whether U.S. Legal has suffered the claimed

22   damages. Because Defendant's request is relevant and Plaintiff's boilerplate objections are without

23   merit, this Court should compel U.S. Legal to produce all responsive documents, including but not

24   limited to Salesforce records and communications with such clients.

25   **U.S. LEGAL'S CONTENTION:**

26        To date, Defendants have refused to meet and confer regarding the scope of this request.

27   Plaintiff maintains that the scope of the documents requested is grossly overbroad. Plaintiff remains

28   open and willing to meet and confer regarding the nature and scope of this request.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

**DOCUMENT REQUEST NO. 74**:

All DOCUMENTS identifying YOUR top 25 clients in YOUR NORTHERN CALIFORNIA OFFICES over the past 12 months, including but not limited to YOUR FINANCIAL RECORDS relating to such clients.

**RESPONSE TO REQUEST NO. 74**:

Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the terms, "identifying," "clients," and "Financial records." Plaintiff further objects to this Request on the grounds that it is vague and ambiguous as to the phrase, "RELATING TO" includes "otherwise having a connection with the described subject matter." As Justice Scalia once noted, "everything relates to everything else." *Calif. Division of Labor Standards Enforcement v. Dillingham Const. Co.*, 117 S.Ct. 832, 843 (1997). Plaintiff further objects that this Request is overbroad in time and scope. Further, Plaintiff objects to this request to the extent that it seeks information protected by the attorney- client privilege, the work-product doctrine, and/or any other legal privilege or doctrine.

Plaintiff objects to this Request to the extent "document" is defined to include electronic mail. Defendant is invited to meet and confer on the parameters of any electronic search and is directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and confer efforts are necessary to more specifically identify to nature and scope of materials sought by Defendant. Further, the parties also need to discuss the form of production and the allocation of related costs.

Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning and scope of this request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 74**:

[Same as original response, above, except substituting the last paragraph with:

"Subject to and without waiving its objections, as Plaintiff understands these terms, Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning, scope and relevance of this request."]

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v 1

1 **REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED**:

2 Defendant hereby incorporates by reference the above "reasons pertaining to numerous

3 RFPs."

4 RFP No. 74 seeks documents identifying U.S. Legal's top 25 clients in its Northern California

5 Offices over the past 12 months, including its financial records relating to such clients. The

6 requested documents are reasonably calculated to show, *inter alia*, whether U.S. Legal has suffered

7 the claimed damages, whether and how its composition of client's has changed, and to identify which

8 clients continued to use U.S. Legal's products and/or services. Because Defendant's request is

9 relevant and Plaintiff's boilerplate objections are without merit, this Court should compel U.S. Legal

10 to produce all responsive documents, including but not limited to Salesforce records and

11 communications with such clients.

12 **U.S. LEGAL'S CONTENTION:**

13 To date, Defendants have refused to meet and confer regarding the scope of this request.

14 Plaintiff maintains that the scope of the documents requested is grossly overbroad. Plaintiff remains

15 open and willing to meet and confer regarding the nature and scope of this request.

16 **DOCUMENT REQUEST NO. 82**:

17 Any and all DOCUMENTS CONSTITUTING YOUR FINANCIAL RECORDS for YOUR

18 NORTHERN CALIFORNIA OFFICES from 2008 through the present.

19 **RESPONSE TO REQUEST NO. 82**:

20 Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the term, "financial

21 records." Plaintiff further objects that this Request is overbroad in time and scope. Further, Plaintiff

22 objects to this request to the extent that it seeks information protected by the attorney-client

23 privilege, the work-product doctrine, and/or any other legal privilege or doctrine.

24 Plaintiff objects to this Request to the extent "document" is defined to include electronic

25 mail. Defendant is invited to meet and confer on the parameters of any electronic search and is

26 directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various

27 electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and

28 confer efforts are necessary to more specifically identify to nature and scope of materials sought

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

by Defendant. Further, the parties also need to discuss the form of production and the allocation of related costs.

Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning and scope of this request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 82:**

[Same as original response, above, except substituting the last paragraph with:

"Subject to and without waiving its objections, as Plaintiff understands these terms, Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the meaning, scope and relevance of this request."]

**REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

Defendant hereby incorporates by reference the above "reasons pertaining to numerous RFPs."

RFP No. 82 seeks documents constituting U.S. Legal's financial records for its Northern California office from 2008 to present. This request is limited in subject matter and temporal scope. Moreover, the requested documents are reasonably calculated to show, *inter alia*, whether U.S. Legal has suffered the damages it claims. Because Defendant's request is relevant and U.S. Legal's boilerplate objections are without merit, this Court should compel U.S. Legal to produce all responsive documents, including but not limited to Salesforce records.

**U.S. LEGAL'S CONTENTION:**

To date, Defendants have refused to meet and confer regarding the scope of this request. Plaintiff maintains that the scope of the documents requested is grossly overbroad. Plaintiff remains open and willing to meet and confer regarding the nature and scope of this request.

**DOCUMENT REQUEST NO. 102:**

Any and all DOCUMENTS CONSTITUTING reports, schedules, work papers and supporting DOCUMENTS used to calculate all alleged damages claimed by YOU as a result of LIT's alleged conduct in this lawsuit.

**RESPONSE TO REQUEST NO. 102:**

Plaintiff objects to this Request to the extent that it is vague and ambiguous as to the terms,

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

21877405v.1

1  "reports," "schedules," "workpapers," "supporting DOCUMENTS," "calculate," "damages," and

2  "conduct." Plaintiff further objects that this Request is overbroad in time and scope.

3  Plaintiff objects to this Request to the extent "document" is defined to include electronic

4  mail. Defendant is invited to meet and confer on the parameters of any electronic search and is

5  directed to the FIPA. Plaintiff has not undertaken burdensome and expensive searches of various

6  electronic systems in light of the vague and ambiguous nature of Defendant's requests. Meet and

7  confer efforts are necessary to more specifically identify to nature and scope of materials sought

8  by Defendant. Further, the parties also need to discuss the form of production and the allocation of

9  related costs. Plaintiff further objects that, given the procedural history of this case and defendants'

10 efforts to date to avoid providing fulsome discovery responses that comply with applicable legal

11 standards, discovery remains in its very early stages, is ongoing, and Plaintiff thus objects that this

12 Request is premature, particularly given Defendant's failure to date to produce documents or other

13 information related to its or its agent's improper acquisition, unauthorized use, and/or disclosure of

14 Plaintiff's trade secrets.

15 Subject to and without waiving its objections, Plaintiff responds as follows: Plaintiff

16 invites Defendant to meet and confer regarding the meaning and scope of this request.

17 **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 102</u>**:

18 [Same as original response, above, except substituting the last paragraph with:

19 "Subject to and without waiving its objections, as Plaintiff understands these terms,

20 Plaintiff responds as follows: Plaintiff invites Defendant to meet and confer regarding the

21 meaning, scope and relevance of this request."]

22 **<u>REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED</u>**:

23 Defendant hereby incorporates by reference the above "reasons pertaining to numerous

24 RFPs."

25 RFP No. 102 seeks documents constituting reports, schedules, workpapers and supporting

26 documents used to calculate all alleged damages U.S. Legal claims as a result of LIT's alleged

27 conduct in this lawsuit. The requested documents are reasonably calculated to show, *inter alia*,

28 whether U.S. Legal has suffered the damages it claims and the alleged magnitude of those damages.

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v.1

1  Because Defendant's request is relevant and U.S. Legal's boilerplate objections are without merit,

2  this Court should compel U.S. Legal to produce all responsive documents.

3  **U.S. LEGAL'S CONTENTION:**

4      To date, Defendants have refused to meet and confer regarding the scope of this request.

5  Plaintiff maintains that the scope of the documents requested is grossly overbroad. Plaintiff remains

6  open and willing to meet and confer regarding the nature and scope of this request.

                                    **BARNES & THORNBURG LLP**

7

8

9  Dated: October 28, 2015          By: */s/ Joel R. Meyer*
                                        Kevin D. Rising
10                                      Joel R. Meyer
                                        Matthew B. O'Hanlon
11                                      Attorneys for Defendants, Cross-Defendants,
                                        and Counter-Claimants The LIT Group LLC,
12                                      Hutchings Court Reporters, LLC, and
                                        Litigation Services, LLC

13

14                                  **SEYFARTH SHAW LLP**

15

16  Dated: October 28, 2015          By: */s/ Jennifer M. Holly*
                                        Francis J. Ortman
17                                      James D. McNairy
                                        Julie G. Yap
18                                      Jennifer M. holly
                                        Enedina S. Cardenas
19                                      Attorneys for Plaintiff, U.S. Legal Support,
                                        Inc.
20

21

22

23

24

25

26

27

28

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v.1

# PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is BARNES & THORNBURG LLP, 2029 Century Park East, Suite 300, Los Angeles, CA 90067.

On the date set forth below, I served the foregoing document:

**JOINT STATEMENT RE DISCOVERY DISAGREEMENT – U.S. LEGAL SUPPORT, INC.'S RESPONSES AND OBJECTIONS TO THE LIT GROUP LLC'S INTERROGATORIES (SET ONE) AND REQUESTS FOR PRODUCTION OF DOCUMENTS (SET TWO)**

on the parties to this action as follows:

☒    **VIA CM/ECF:** Via electronic service on the interested parties in this action through the Court's ECF system to the registered participants as identified on the Notice of Electronic Filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 28, 2015 at Los Angeles, California.

_____
Marjory T. Dingwall

BARNES &
HORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

21877405v.1