1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   U.S. LEGAL SUPPORT, INC.,                    No.  2:13-cv-01770-MCE-AC

12              Plaintiff,

13         v.                                      ORDER

14   AMEEN HOFIONI, et al.,

15              Defendants.

16

17         On November 4, 2015, the court held a hearing on defendants the LIT Group; Hutchings

18   Court Reporters, LLC; and Litigation Services' (collectively "Corporate Defendants") motion to

19   compel and plaintiff U.S. Legal Services, Inc.'s motion to compel.  Chantelle Egan appeared on

20   behalf of plaintiff U.S. Legal Support, Inc.; and Joel Meyer and Benjamin Webster appeared on

21   behalf of the Corporate Defendants.  On review of the motions, the documents filed in support

22   and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE

23   COURT FINDS AS FOLLOWS:

24                              RELEVANT BACKGROUND

25   I.    Factual Allegations

26         Plaintiff alleges that defendants Ameen Hofioni and Morgan Albanese misappropriated

27   trade secrets and other confidential information while employed by plaintiff for the benefit of

28   their new employers, the Corporate Defendants.  ECF No. 44 at 1.  According to plaintiff, the

1

1   Corporate Defendants have been using this confidential information to solicit plaintiff's

2   customers and recruit its employees.  Id.  The trade secrets at issue include: (1) the identity of

3   plaintiff's largest accounts; (2) information on the revenue generated by plaintiff from its largest

4   accounts; (3) upward and downward revenue trends; (4) the most active accounts by number of

5   depositions ordered and the person responsible for ordering those depositions; and (5) plaintiff's

6   representatives by state and their productivity measured by number of depositions and records

7   ordered.  Id.  These trade secrets allow the Corporate Defendants to successfully target plaintiff's

8   customers and employees.  Id.

9        Plaintiff alleges that the Corporate Defendants had virtually no presence in Northern

10   California prior to defendants Hofioni and Albanese joining their operation and that the customer

11   lists at issue took years and millions of dollars to compile.  Id.  Over a period of days defendants

12   Hofioni and Albanese covertly funneled this information to their personal email accounts to be

13   given to the Corporate Defendants.  Id.

14        Plaintiff further alleges that defendants Hofioni and Albanese submitted fraudulent

15   expense reports related to Hofioni's use of plaintiff's funds to purchase gift cards.  Id. at 2.  These

16   cards were not provided to plaintiff's customers or returned to plaintiff upon Hofioni's

17   resignation.  Id.  In the expense reimbursement documents defendants Hofioni and Albanese

18   submitted to plaintiff they claimed that these gift cards had been given to individuals employed

19   by law firms that used plaintiff's services.  Id.  However, upon further investigation, plaintiff

20   discovered that some of these cards were used by defendants Hofioni and Albanese at local

21   businesses.  Id.  Based on defendants misappropriation of trade secrets plaintiff seeks restitution

22   and injunctive relief for breach of contract, breach of duties of loyalty and confidence, unfair

23   competition, conversion, and fraud.  Id. at 3.

24   II.    Procedural Background

25        Plaintiff filed its original complaint on August 6, 2013.  ECF No. 1.  On September 24,

26   2013, the parties submitted a stipulated protective order, which the court signed on October 9,

27   2013.  ECF Nos. 24, 27.  On October 8, 2013, defendants filed a motion to dismiss plaintiff's

28   claims.  ECF No. 26.  On December 19, 2013, plaintiff filed a motion for contempt and sanctions

against defendants Hofioni and Albanese, arguing that defendants had violated the court's stipulated preliminary injunction and preservation order by continuing to use certain electronic devices central to plaintiff's claims.  ECF No. 37.  On December 20, 2013, the court issued an order granting defendants' motion to dismiss in part and denying it in part with leave to amend.  ECF No. 38.  On January 3, 2014, plaintiff filed the operative first amended complaint.  ECF No. 44.

On January 15, 2014, the court issued an order denying plaintiff's motion for contempt and sanctions.  ECF No. 47.  On January 21, 2014, defendants filed an answer.  ECF No. 48.  On March 19, 2014, Squire Sanders LLP ("Squire") moved to withdraw as counsel of record for Hofioni, arguing that his representation of Hofioni presented a conflict of interest.  ECF No. 50.  On April 22, 2014, following the hearing on Squire's motion, the court ordered Squire to turn over records of certain communications between it and the Corporate Defendants.  ECF No. 57.  If Squire failed to do so, the court noted it would infer Squire violated its duty of loyalty to Hofioni and bar it from serving as counsel for all defendants.  Id.  On May 23, 2014, Hofioni filed a response to Squire's motion to withdraw, arguing that Squire's attempt to withdraw violated its duty of loyalty and requesting that the court bar it from representing all defendants in this matter.  ECF No. 61.  On May 29, 2014, the court ordered Squire to file an opposition or notice of non-opposition to Hofioni's request within fifteen (15) days.  ECF No. 62.  On June 13, 2014, Squire filed an opposition to Hofioni's request.  ECF No. 65.

On June 30, 2014, Hofioni filed a motion for leave to file cross-claims against the Corporate Defendants based on the alleged breach of their contractual obligation to defend and indemnify Hofioni in this matter.  ECF No. 67.  The Corporate Defendants filed a notice of non-opposition to Hofioni's motion on July 10, 2014.  ECF No. 71.  On July 21, 2014, the court granted Hofioni's motion and ordered him to file his cross-complaint within seven days.  ECF No. 74.  Hofioni filed his cross-complaint the next day.  ECF No. 75.

On July 25, 2014, the court granted Hofioni's request that the court bar Squire from representing any defendants in this matter.  ECF No. 80.  The court stayed the matter to allow the non-Hofioni defendants to find counsel and to allow said counsel to familiarize themselves with

3

1  the case.  Id.  The court also ordered the non-Hofioni defendants to file a status report within sixty

2  days, after which the stay would be lifted.  Id.  On August 27, 2014, this matter was transferred

3  from Judge Karlton to Judge England.  ECF No. 83.  In light of the transfer of this matter Judge

4  England vacated the scheduled final pretrial conference and jury trial.  ECF No. 85.  The parties

5  submitted a joint status report on October 15, 2014.  ECF No. 88.

6          On November 25, 2014, the Corporate Defendants filed an answer and counter-complaint

7  to Hofioni's cross-complaint.  ECF No. 92.  On December 29, 2014, Hofioni filed an answer to

8  the Corporate Defendants' cross-complaint.  ECF No. 97.  On January 20, 2015, the court issued

9  a scheduling order setting a discovery deadline of November 12, 2015 and a dispositive motion

10  deadline of May 12, 2016.  ECF No. 100.  On June 22, 2015, Hofioni filed a motion to compel

11  plaintiff to produce responses to certain written discovery requests.  ECF No. 105.

12          On August 26, 2015, plaintiff filed a motion seeking to extend the discovery completion

13  deadline to April 12, 2016, and the deadline for the disclosure of expert witnesses to June 12,

14  2016.  ECF No. 112.  On September 16, 2015, Hofioni filed a notice of non-opposition to

15  plaintiff's motion.  ECF No. 116.  A day later, the Corporate Defendants filed an opposition to

16  plaintiff's motion, arguing that it was not entitled to an extension of the court's deadlines because

17  it was not being diligent during discovery.  ECF No. 117.  On September 24, 2015, plaintiff filed

18  a reply denying the Corporate Defendants' contentions.  ECF No. 118.  Plaintiff's motion is still

19  pending.

20          The Corporate Defendants filed their pending motion to compel on September 30, 2015.

21  ECF No. 120.  On October 8, 2015, the court issued an order granting Hofioni's June 22, 2015,

22  motion to compel.  ECF No. 123.  The court ordered plaintiff to respond to Hofioni's

23  interrogatories and requests for production by November 7, 2015.  Id.  On the same day, Hofioni

24  filed a motion to stay this matter pending the expiration of the statute of limitations on criminal

25  charges against him.  ECF No. 124.  Hofioni's motion is currently pending.  On October 14,

26  2015, plaintiff filed its motion to compel discovery responses from the Corporate Defendants.

27  ECF No. 125.

28          On October 28, 2015, the Corporate Defendants filed a joint statement regarding their

1    motion to compel that reproduces the discovery requests at issue and sets out the positions of both

2    sides for each one.  ECF No. 130.  On the same day, plaintiff filed a statement regarding its

3    motion to compel that does not reliably reproduce the discovery requests at issue.  ECF No. 131.

4    Instead, plaintiff statement summarizes its requests and the Corporate Defendants' responses in a

5    manner that seems biased and unreliable.  Id.  Regarding why it did not include the Corporate

6    Defendants' perspective in its statement, plaintiff simply states "[a]s of the time of filing, LIT was

7    not prepared to provide its portion of the joint statement."  E.g., id. at 7.  The next day, the

8    Corporate Defendants filed an *ex parte* application to strike plaintiff's statement, arguing that it

9    had violated Local Rule 251(d), agreements between the parties, and the generally accepted

10   standards of professional conduct.  ECF Nos. 132–35.  On October 30, 2015, plaintiff filed an

11   opposition to the Corporate Defendants' *ex parte* application.  ECF No. 138.

12          On November 3, 2015, the day before the hearing, plaintiff filed a joint statement

13   regarding its motion to compel that includes the Corporate Defendants' contentions.  ECF No.

14   139.

15   III.    Discovery Background

16          A.      The Corporate Defendants' Motion To Compel

17          The Corporate Defendants served their Interrogatories (Set One) and Requests for

18   Production of Documents (Set Two) (collectively "the Corporate Defendants' Discovery

19   Requests") on June 1, 2015.  ECF No. 130 at 5.  Plaintiff initially responded to both requests on

20   July 6, 2015.  Id.  After preliminary meet and confer efforts, plaintiff then served supplemental

21   responses to the RFPs on August 7, 2015 and supplemental responses to the interrogatories on

22   August 14, 2015.  Id.  On August 24, 2015, the Corporate Defendants sent a meet and confer

23   letter to plaintiff explaining why its supplemental responses were still inadequate.  Id.

24          On August 31, 2015, the parties had a two-hour phone call, during which plaintiff agreed

25   to supplement numerous responses to the Corporate Defendants' Discovery Requests.  Id.

26   Although plaintiff agreed to supplement its responses within a week or so, it failed to do so.  Id.

27   During a September 17, 2015 phone call, plaintiff again promised to supplement its responses by

28   September 25, 2015, but again failed to do so.  Id.  On September 28, 2015, the Corporate

5

1    Defendants' counsel sent an e-mail to plaintiff informing it that they would be filing a motion to

2    compel.  Id.  On September 29, 2015, counsel for plaintiff sent a letter in which he promised to

3    supplement its responses in mid-October.  Id. at 5–6.  In light of plaintiff's persistent failure to

4    produce timely responses the Corporate Defendants filed a motion to compel anyways on

5    September 30, 2015.  Id. at 6.  On October 1, 2015, the Corporate Defendants sent plaintiff a

6    letter reiterating their complaints.  Id.

7           Plaintiff states that it supplemented its production of documents on both October 2, 2015,

8    and October 16, 2015.  Id. at 7.  The Corporate Defendants, however, state that plaintiff has not

9    supplemented its discovery responses since August 14, 2015.  Id. at 6.  Plaintiff also claimed in

10    the joint statement that it would provide further responses to the RFP's on October 31, 2015.  Id.

11    at 3.  At the hearing, the court inquired as to whether the aforementioned document production

12    rendered any part of the Corporate Defendants' motion moot; counsel indicated it did not.

13           B.       Plaintiff's Motion to Compel

14           On October 2, 2013, plaintiff served Requests for Production of Documents, Set One on

15    the Corporate Defendants, who responded on October 16, 2013. ECF No. 131 at 3.  On October

16    28, 2013, plaintiff sent its meet and confer correspondence regarding the Corporate Defendants'

17    deficient responses and failure to produce responsive documents.  Id.  In response, on November

18    15, 2013, the Corporate Defendants produced ten pages of documents.  Id.  Counsel for the

19    Corporate Defendants also represented at that time that they were not withholding any documents

20    based on their objections.  Id.

21           During April and March, 2015, plaintiff subpoenaed non-parties who produced hundreds

22    of pages of relevant documents.  Id.  According to plaintiff, many of these documents show

23    Hofioni providing plaintiff's customer information and business opportunities to the Corporate

24    Defendants.  Id.  The Corporate Defendants have yet to produce these documents.  Id. at 4.

25    Plaintiff concluded, based on these facts, that the Corporate Defendants were withholding

26    documents and initiated meet and confers to resolve the issue.  Id.

27           The parties met and conferred from May 2015 through July 2015, and as a result plaintiff

28    obtained supplemental responses and some document production from the Corporate Defendants.

1   <u>Id.</u>  Plaintiff, however, contends that the responses were still insufficient.  <u>Id.</u>  On August 7, 2015,

2   the Corporate Defendants again served Supplemental Responses to Plaintiff's Requests for

3   Production of Documents, Set One.  <u>Id.</u>  The Corporate Defendants then produced documents

4   related to these responses on August 26, 2015, and September 3, 2015.  <u>Id.</u>  Plaintiff contends

5   these responses were, again, insufficient.  <u>Id.</u>

6         On October 1, 2015, the Corporate Defendants served their Responses to Plaintiff's

7   Requests for Production of Documents, Set Two.  <u>Id.</u>  Plaintiff claims that these responses were

8   insufficient for the same reasons their responses to plaintiff's Requests for Production, Set One

9   were insufficient.  <u>Id.</u>  On October 9, 2015, plaintiff sent meet and confer correspondence to the

10  Corporate Defendants addressing the insufficiencies.  <u>Id.</u> at 5.  On October 21, 2015, the

11  Corporate Defendants provided supplemental responses to plaintiff's Request for Production Set

12  One.  <u>Id.</u>  Plaintiff contends that these supplemental responses remain inadequate.  <u>Id.</u>

13                                        LEGAL STANDARDS

14        "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

15  party's claim or defense. . . .  Relevant information need not be admissible at the trial if the

16  discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R.

17  Civ. P. 26(b)(1).  Generally, the scope of discovery under Rule 26(b)(1) "has been construed

18  broadly to encompass any matter that bears on, or that reasonably could lead to other matters that

19  could bear on, any issue that is or may be in the case."  <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437

20  U.S. 340, 351 (1978).  Evidence is relevant if it has "any tendency to make the existence of any

21  fact that is of consequence to the determination of the action more probable or less probable than

22  it would be without the evidence."  Fed. R. Evid. 401.  The court must limit discovery when "the

23  burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P.

24  26(b)(2)(C)(iii).  The court may also limit the extent of discovery to protect a party or person

25  from annoyance, embarrassment, oppression, undue burden or other improper purposes.  Fed. R.

26  Civ. P. 26(c)(1), 26(g)(1)(B)(ii).

27        Federal Rules 33 and 34 provide that discovery requests must be responded to within 30

28  (or in some cases 45) days.  In response to a request for production of documents under Rule 34

7

1    of the Federal Rules of Civil Procedure, a party is to produce all relevant documents in his

2    "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  Accordingly, a party has an

3    obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery,

4    National Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 554–56 (N.D. Cal. 1987),

5    and, based on that inquiry, "[a] party responding to a Rule 34 production request . . . 'is under an

6    affirmative duty to seek that information reasonably available to [it] from [its] employees, agents,

7    or others subject to [its] control.'"  Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992)

8    (citation omitted).

9        Rule 26(e) of the Federal Rules of Civil Procedure provides that litigants have a

10   continuing duty to "seasonably" supplement all responses to interrogatories and requests for

11   production if their prior responses are either incomplete or incorrect.  Fed. R. Civ. Proc. 26(e)(2)

12   ("A party is under a duty seasonably to amend a prior response to an interrogatory, request for

13   production . . . if the party learns that the response is in some material respect incomplete or

14   incorrect . . . .").

15                                  DISCUSSION

16   I.      The Corporate Defendants' Interrogatories

17       The court will grant the Corporate Defendants' motion to compel responses to their

18   interrogatories, because the interrogatories seek relevant information and are reasonably tailored.

19   The court summarizes plaintiff's objections here for the sake of brevity.  Plaintiff's interrogatory

20   objections can be divided into five categories

21       (A)  Objections to Requests that Define the Trade Secrets at Issue:  Plaintiff states that it

22   cannot fully respond to Interrogatories Nos. 1–5 until the Corporate Defendants produce

23   responses to plaintiff's own discovery requests.  ECF No. 130 at 13–14.  In essence, plaintiff

24   argues that it cannot answer interrogatories related to the trade secrets at issue in this case because

25   it has no way of knowing with specificity what those trade secrets are (i.e. which clients are

26   included in those lists).  Id.  Plaintiff states it will not know what trade secrets at issue are until

27   the Corporate Defendants produce documents responsive to plaintiff's own requests for

28   production.  Id.  Plaintiff states that the Corporate Defendants do have possession of these client

1  lists, but have simply refused to produce them.  Id.  As evidence that those client lists do, indeed,

2  exist plaintiff points to communications between Hofioni and Albanese discussing how they will

3  use the client lists at the LIT Group.  Id.  Plaintiff states it obtained these communications by

4  subpoenaing third parties.  Id.[1]

5      Plaintiff's objections are ill-founded, however, because it is under no obligation to

6  produce information it does not yet have access to.  Plaintiff is under an obligation to conduct a

7  reasonable inquiry into the opposing party's discovery requests and provide full and complete

8  responses under oath.  See Bryant v. Armstrong, 285 F.R.D. 596, 612 (S.D. Cal. 2012) (citing

9  Fed. R. Civ. P. 33(b)).  If plaintiff performs a reasonable inquiry and still cannot find responsive

10  information based on the information at its disposal, it need only say so.  If the Corporate

11  Defendants' own discovery responses provide new information which requires that the responses

12  be supplemented, then plaintiff will be obliged to supplement accordingly.  See Fed. R. Civ. P.

13  26(e).

14      (B)  Relevance of Plaintiff's Profits:  Plaintiff also objects to Interrogatories Nos. 6 & 7

15  based on relevance.  Id. at 28, 30.  Both interrogatories request information on plaintiff's profits.

16  Plaintiff argues in passing that such information is irrelevant to the matter, id., but this is simply

17  incorrect.  As the Corporate Defendants explain, plaintiff's profits are relevant to the calculation

18  of damages.  Id. at 27–29.

19      (C)  Overbroad:  Plaintiff also objects that Interrogatories Nos. 3–7 are overbroad.  Id. at

20  21, 23–24, 26, 28, 30.  Specifically, plaintiff argues that the Corporate Defendants' requests,

21  which seek financial information going back to 2008, are not reasonably limited in scope.  Id.

22  Instead of producing financial records generated since 2008, plaintiff proposes providing

23  financial information for two years prior to Hofioni being hired and two years after his departure

24  (July 2011 through July 2015).  Id.  The Corporate Defendants do not specifically respond to this

25  objection in the joint statement.  However, when the court asked plaintiff's counsel at the hearing

26  how, exactly, the search for financial information going back to 2008 is unduly burdensome

27

28  [1]  The Corporate Defendants' refusal to produce these client lists is the centerpiece of plaintiff's
own motion to compel.  ECF No. 125.

1   counsel was unable to elaborate.  Instead, plaintiff's counsel suggested that any financial

2   information dated before 2011 is irrelevant.  The court finds, however, that the financial

3   information requested meets Federal Rule 26's liberal relevance standard.  With regards to

4   plaintiff's unduly burdensome/overbroad objection, the court finds that plaintiff has not satisfied

5   its burden of opposing discovery.  See Lofton v. Verizon Wireless (VAW) LLC, 308 F.R.D. 276,

6   281 (N.D. Cal. 2015) ("While the party seeking to compel discovery has the burden of

7   establishing that its request satisfies relevancy requirements, the party opposing discovery bears

8   the burden of showing that discovery should not be allowed, and of clarifying, explaining, and

9   supporting its objections with competent evidence.").

10      (D)  Vague and Ambiguous Objections:  Plaintiff objects that the phrase "reduced

11   purchasing" in Interrogatory No. 1 is vague and ambiguous.  Id. at 15.  In the context of

12   Interrogatory No. 1 the Corporate Defendants clearly mean to ask if anyone began using

13   plaintiff's services less as a result of the alleged misappropriation of plaintiff's trade secrets.

14   Plaintiff does not otherwise explain why the phrase reduced purchasing is vague or ambiguous.

15      Plaintiff also objects that the phrase "annual revenue" in Interrogatory No. 6 is vague and

16   ambiguous.  Id. at 28.  Annual revenue has a clear definition in the context of finance, and

17   plaintiff has not articulated any reason it is unclear in the context of this interrogatory.

18   Accordingly, plaintiff's objection is meritless.  Plaintiff also objects that the phrase "annual

19   profit" in Interrogatory No. 7 is vague and ambiguous.  Id. at 30.  Again, annual profit has a clear

20   definition and plaintiff has not explained why it is unclear here.

21      (E)  General, Boilerplate Objections:  Plaintiff also includes a number of general,

22   boilerplate objections in its responses.  For example, plaintiff argues that Interrogatories No. 1, 2,

23   3, 4, and 5 are compound, overbroad, unduly burdensome and harassing.  ECF No. 130 at 15, 18,

24   21, 23–24, 26.  These objections are inappropriate and unpersuasive.  See A. Farber & Partners,

25   Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

26   "overly burdensome and harassing" are improper—especially when a party fails to submit any

27   evidentiary declarations supporting such objections.").

28   ////

10

1  II.      The Corporate Defendants' Requests for Production

2         The court will also grant the Corporate Defendants' motion to compel responses to their

3  Requests for Production (RFPs).  Once again, plaintiff's objections to the Corporate Defendants'

4  RFPs can be divided into five categories.[2]

5         (A)  Objections to Requests that Define the Trade Secrets at Issue:  Plaintiff objects to the

6  Corporate Defendants' RFPs generally (and 1 and 18 specifically) on the grounds that it cannot

7  produce documents that depend upon defining the trade secrets at issue at this stage of the

8  litigation.  ECF No. 130 at 38–41, 43.  For the reasons explained above, this objection is

9  misplaced.

10         Unlike plaintiff's objections to the Corporate Defendants' RFPs, however, here plaintiff

11  *also* argues that it has already produced documents that define the alleged trade secrets.  Id. at 38–

12  41.  The problem is that plaintiff only makes this argument generally in a section preceding the

13  individual RFPs.  It does not seem, therefore, that plaintiff is contending the production of the

14  aforementioned documents constitutes the production of all documents in its control responsive to

15  any particular RFP.  Again, the court inquired whether plaintiff's recent document production

16  rendered any portion of the Corporate Defendants' motion moot at the hearing, and counsel

17  responded it did not.

18         (B)  Relevance Objections:  Plaintiff argues that RFP Nos. 47, 48, 49, 50, 53, request

19  documents that are not reasonably likely to lead to the discovery of relevant evidence.

20         RFP Nos. 47, 48, and 49 request documents evidencing the identity of plaintiff's Northern

21  California clients before, during, and after Hofioni's employment.  Id. at 62, 64, 66.  These RFPs

22  seek documents that are reasonably likely to lead to the discovery of relevant evidence; they

23  relate to what clients Hofioni may have brought with him, cultivated at U.S. Legal Services, and

24  taken with him after he left.

25         RFP No. 50 requests documents related to plaintiff's economic performance before hiring

26
27  _____

[2]  Plaintiff does not oppose the Corporate Defendants' motion to compel responses to RFP Nos. 32, 33, 35, 36, 37, 38, 39, 40, 41, 42, 44, and 46 at all, instead relying upon its October 30, 2015, supplementary responses.  At the hearing, however, the Corporate Defendants stated that recent document productions still had not satisfied their RFPs.

28

1   Hofioni.  Id. at 69.  This RFP seeks documents that are reasonably likely to lead to the discovery

2   of relevant evidence; it relates to the damages plaintiff may have sustained as a result of

3   defendants alleged actions.

4        RFP No. 53 requests communications concerning Hofioni's departure from U.S. Legal

5   Services, including but not limited to communications about plaintiff's economic performance in

6   Northern California.  Id. at 70.  This RFP seeks documents that are reasonably likely to lead to the

7   discovery of relevant evidence; it relates to the damages plaintiff may have sustained as a result

8   of defendants' alleged actions as well as what plaintiff may have done or not done to keep clients

9   that the LIT Group allegedly stole.

10       (C)  RFP No. 57:  Plaintiff states that it has performed a diligent search and produced all

11  documents responsive to this request in its custody, possession, or control "[t]o the extent that

12  such documents were found in the email box for the Executive Director of Sales indicating that

13  rates sheets were implemented by USLS."  Id. at 78.  It is unclear whether plaintiff is contending

14  that is has produced all responsive documents, or that is has produced *only* those responsive

15  documents found in the email box for the Executive Director of Sales.  The court will order the

16  Corporate Defendants' motion granted to the extent plaintiff is contending the latter, as it has not

17  explained why such a restriction on RFP No. 57 should apply.

18       (D)  Promise to Produce Documents "As They Become Available":  In response to the

19  Corporate Defendants' motion to compel responses to certain RFPs plaintiff promises to provide

20  documents "as they become available."  See, e.g., ECF No. 130 at 62 (RFP No. 46).  Plaintiff's

21  use of such "discovery on a rolling basis" verbiage was also an issue in Hofioni's last motion to

22  compel discovery responses from plaintiff.  See ECF Nos. 105, 113.  As the court explained in its

23  order granting Hofioni's motion to compel, plaintiff cannot use "holdout" language like the

24  foregoing as it effectively seeks to reserve the right to engage in a never-ending search.  While

25  the parties are free to seek the narrowing of discovery in reasonable ways, they cannot cite the

26  volume of discovery at issue as a reason to disregard discovery deadlines in the absence of a court

27  order.

28  ////

1      (E)   <u>General, Boilerplate Objections:</u>   Plaintiff also includes a number of general,

2  boilerplate objections in its responses.   For example, plaintiff claims that the Corporate

3  Defendants' RFP Nos. 55, 56, 65, 72, 73, 74, 82, and 102 are overbroad without explaining how

4  or why.   Such boilerplate objections are plainly insufficient.   See <u>Garber</u>, 234 F.R.D. at 188

5  ("general or boilerplate objections such as "overly burdensome and harassing" are improper—

6  especially when a party fails to submit any evidentiary declarations supporting such objections.").

7  III.      Plaintiff's Motion to Compel

8      The court will deny plaintiff's motion to compel because plaintiff failed to comply with

9  Local Rule 251 by (1) neglecting to include the Corporate Defendants in its initial statement or

10  sufficiently explain their absence, and (2) failing to reproduce the interrogatories and requests for

11  production at issue.

12      Local Rule 251(c) states that every joint statement must include "[t]he contentions of each

13  party as to each contested issue, including a memorandum of each party's respective arguments

14  concerning the issues in dispute and the legal authorities in support thereof."   If the moving party

15  is unable to secure the non-moving party's portion of the joint statement, he or she must file an

16  affidavit "setting forth the nature and extent of counsel's efforts to arrange the required

17  conference or procure the required joint statement, [and] the opposing counsel's responses or

18  refusals to respond to those efforts."   Local Rule 251(d).   Plaintiff's initial statement does not

19  include the Corporate Defendants' contentions.   ECF No. 131.   By way of explanation, plaintiff

20  simply states that "[a]s of the time of filing, LIT was not prepared to provide its portion of the

21  joint statement."   <u>E.g.</u>, ECF No. 130 at 7.   As an explanation, this is plainly insufficient and a

22  violation of Local Rule 251.

23      Plaintiff's joint statement, filed on November 3, 2015, does include contentions from the

24  Corporate Defendants.   ECF No. 139.   However, as the court explained at the hearing the lateness

25  of this filing is inexcusable.   Plaintiff's counsel effectively argued at the hearing that it did not

26  have time to craft a timely joint statement because counsel was busy reviewing documents that

27  had recently been produced by the Corporate Defendants.   While the court is sympathetic to the

28  difficulties that can accompany the large-scale production of documents, such issues do not

13

1   excuse the Local Rules' requirement that a joint statement be submitted.  If plaintiff was

2   committed to evaluating the produced documents before crafting a joint statement, it should have

3   continued the hearing on its motion.  The fact that the parties' discovery deadline is fast

4   approaching also does not excuse this requirement and, in any case, is a problem of counsel's

5   own making.

6          In addition, both plaintiff's initial statement and its later-filed joint statement fail to

7   reproduce the interrogatories and requests for production at issue.  Local Rule 251(c) states that

8   "[e]ach specific interrogatory, deposition question or other item objected to, or concerning which

9   a protective order is sought, and the objection thereto, shall be reproduced in full."  Neither of

10  plaintiff's statements reproduce the discovery requests at issue at all.  Instead, plaintiff's

11  discovery requests and the Corporate Defendants' responses seem to be summarized in a way that

12  makes it impossible to accurately review or resolve their disputes.  ECF No. 131 at 7–9; ECF No.

13  139 at 16–18, 22–25.  Without a reliable reproduction of the Corporate Defendants' responses it

14  is impossible to analyze plaintiff's claims.

15         In light of the fact that the court is denying plaintiff's motion for failure to comply with

16  Local Rule 251, it will do so without prejudice.  If plaintiff is able to secure an extension of the

17  discovery deadline from Judge England and decides to file a second motion to compel, it is

18  expected to strictly adhere to Local Rule 251.  That includes reliably reproducing the discovery

19  requests at issue and the non-movants' responses.  Local Rule 251(c).  The parties' respective

20  arguments as to each discovery request should appear after each discovery response.  Id.

21         For the foregoing reasons the court will deny plaintiff's motion to compel.

22                                    CONCLUSION

23         Based on the foregoing, THE COURT HEREBY ORDERS that:

24         1.  The Corporate Defendants' motion to compel, ECF No. 120, is GRANTED;

25         2.  Plaintiff shall produce supplemental discovery responses in accordance with this order

26  by November 12, 2015, or if Judge England extends the deadline currently set for discovery,

27  within thirty (30) days of the service of this order;

28  ////

3.  Plaintiff's counsel shall also pay the Corporate Defendants' reasonable expenses in bringing their motion within thirty (30) days of the service of this order in accordance with Federal Rule 37(a)(5)(A);

4.  Plaintiff's motion to compel, ECF No. 125, is DENIED without prejudice; and

5.  The Corporate Defendants' *ex parte* application to strike plaintiff's statement, ECF No. 132, is DENIED as moot.

DATED:  November 4, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

15