UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. LEGAL SUPPORT, INC., a Texas Corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>AMEEN HOFIONI, et al.,<br><br>            Defendants. | No.  2:13-cv-01770-MCE-AC<br><br>**ORDER** |

This misappropriation of trade secrets case originated before the Honorable Judge Lawrence K. Karlton in August 2013, after which a scheduling order was issued, and various motions, including a motion to disqualify counsel that resulted in a stay of the proceedings, were entertained.  The following August, upon Judge Karlton's retirement, the case was reassigned to this Court.  Additional motions were filed, and, in January of this year, a new Pretrial Scheduling Order ("PTSO") was issued.

According to Plaintiffs, moving the case forward has proved difficult for a number of reasons in addition to the above-described stay and reassignment.  Those factors included the following: (1) settlement discussions that originally appeared would be fruitful eventually broke down; (2) the forensic inspection of voluminous amounts of electronically stored information continues to be extremely cumbersome to negotiate; (3) discovery has otherwise been highly contentious; and (4) individual defendant

Ameen Hofioni was recently criminally indicted for embezzlement and purportedly intends to invoke his Fifth Amendment privilege against self-incrimination in this case. It was against this backdrop that Plaintiff, on August 26, 2015, filed a Motion to Modify the PTSO ("Motion"), seeking to extend the current November 12, 2015, and January 12, 2016, discovery deadlines by five months. That Motion is GRANTED.[1]

      Generally, the Court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b). The scheduling order "controls the subsequent course of the action unless modified by the Court," and such orders entered before the final pretrial conference may be modified only upon a showing of "good cause." Fed. R. Civ. P. 16(b); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992) (citations and quotation marks omitted). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. Namely, the district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 amendment); Johnson, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. If the moving party was not diligent, the Court's inquiry should end. Id.

      Plaintiff has demonstrated the requisite diligence necessary to justify modifying the discovery deadlines.[2] Having reviewed the parties' arguments and evidence, as well as the record in its entirety, it is clear to the Court that litigation of this case has been

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] No Defendant has persuasively argued that any real prejudice will result from granting the instant Motion. Although the entity Defendants argue that they will be prejudiced if forced to incur attorneys' fees and costs to conduct discovery should the deadline be extended, the Court fails to see how that constitutes prejudice inasmuch as those costs are simply part and parcel of the litigation process.

1  highly contentious and that a number of procedural peculiarities have combined to
2  complicate the parties' ability to progress with discovery.  Given that no single event by
3  itself exacerbated these discovery difficulties, and that it took a number of obstacles
4  building on each other to warrant filing the instant Motion, the Court finds it unlikely that
5  Plaintiff could have determined much earlier in the course of litigation that meeting
6  current November 2015 and January 2016 deadlines would prove impossible.  Plaintiff
7  further demonstrated its diligence by filing its instant Motion almost three months before
8  the first existing deadline rather than waiting until the eleventh hour.  The Court need not
9  parse out which party is responsible for which delays to determine that, based on the
10 record as a whole, Plaintiff was diligent and discovery should be extended.
11        That said, the parties, who are all represented by qualified and presumably
12 talented counsel, should have been able to resolve this dispute by themselves.  There is
13 no reason why such a relatively short delay in discovery deadlines, a delay that will not
14 affect trial or dispositive motion dates, should have required this Court's intervention.
15 Unfortunately, it can be inferred from the extensive briefing the Court received on this
16 straight-forward issue that counsel has expended too much time, with the parties
17 therefore spending too much money, over an issue that should have been resolved by
18 stipulation.  Even more importantly from this Court's perspective, however, is the fact
19 that, regardless of whether the parties and counsel are willing to waste time and money,
20 addressing this Motion has unnecessarily taxed the extremely limited resources of a
21 Court already stretched far too thin.  All parties and counsel are admonished that the
22 Court expects better from the caliber of attorneys and litigants before it in this case.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

In the meantime, Plaintiff's Motion to Modify the Court's PTSO (ECF No. 112) is GRANTED. All discovery, with the exception of expert discovery, shall be completed by April 12, 2016. Not later than June 12, 2016, all counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial. All other dates, deadlines and other requirements contained within said PTSO remain unchanged.

IT IS SO ORDERED.

Dated: November 9, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT