UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. LEGAL SUPPORT, INC., a Texas corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>AMEEN HOFIONI, et al.,<br><br>    Defendants. | No.  2:13-cv-01770-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Plaintiff U.S. Legal Support, Inc. ("Plaintiff") initiated this misappropriation of trade secrets case against Defendants Ameen Hofioni ("Hofioni"), Morgan Albanese, Hutchings Court Reporters, LLC, Litigation Services, and The Lit Group, before the Honorable Judge Lawrence K. Karlton in August 2013.  The action was reassigned to this Court upon Judge Karlton's retirement and now proceeds pursuant to this Court's pretrial scheduling order ("PTSO"), ECF Nos. 100, 144.  Presently before the Court is Hofioni's Motion to Stay Proceedings Pending Expiration of Criminal Statute of Limitations (ECF No. 124), by which Hofioni seeks to stay or limit discovery until the statute of limitations runs with respect to his related state criminal case.  For the reasons set forth below, Hofioni's Motion is DENIED without prejudice.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter

1

1

## BACKGROUND[2]

2

3      Plaintiff contends that Hofioni—a former U.S. Legal employee—misappropriated

4   Plaintiff's assets for personal benefit by purchasing and misusing gift cards with

5   Plaintiff's monies and failing to return to Plaintiff a laptop computer issued to Hofioni

6   during his employment.  On May 20, 2015, Hofioni was criminally charged in

7   Sacramento County Superior Court with one count of embezzlement based on his

8   alleged misuse of the gift cards.  Defendant has not been charged with conversion of the

9   above-mentioned laptop, but, at the time of this Order the criminal proceedings remain

10  ongoing.

11      Both parties have agreed that, due to the pending criminal charges against

12  Hofioni, no discovery will be propounded on him with regard to the alleged misuse of the

13  gift cards.  The parties have been unable, however, to reach a similar agreement with

14  respect to the purported conversion of the laptop computer.

15      As a result, Defendant filed the present motion on October 9, 2015, requesting a

16  stay of all discovery against him until on or about July 19, 2016, to preserve his Fifth

17  Amendment right against self-incrimination in the ongoing criminal proceedings.  In the

18  alternative, Defendant requests a protective order barring any party in the present

19  litigation from propounding discovery on him regarding either the conversion or misuse

20  of Plaintiff funds or the conversion of Plaintiff's laptop computer.  Should the Court

21  decline to issue either of these orders, Hofioni asks that he be "permitted to—after

22  asserting his Fifth Amendment privilege as needed—bring a motion seeking an order

23  mandating that if circumstances should change in the criminal matter (such as resolution

24  of the criminal case or expiration of the statute of limitations barring any unresolved

25  criminal charge), he submit to a new deposition that would allow him to fully preserve his

26  submitted on the briefs.  E.D. Cal. Local Rule 230(g).

27      [2] The following recitation of facts is taken, sometimes verbatim, from Defendants' Motion.  See
    ECF No. 124.

28

1   ability to testify at trial on all issues encompassed by the civil case."  Hofioni's requests

2   are DENIED.[3]

3                                              **ANALYSIS**

4

5          The Constitution does not ordinarily require a stay of civil proceedings pending

6   the outcome of a criminal case.  Keating v. Office of Thrift Supervision, 45 F.3d 322, 324

7   (9th Cir. 1995), cert. denied, 516 U.S. 827 (1995).  Rather, the decision whether to stay

8   civil proceedings in the face of an ongoing parallel criminal action should be made "in

9   light of the particular circumstances and competing interests involved in the case."

10  Federal Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989).  Among

11  those competing interests is "the extent to which the defendant's Fifth Amendment rights

12  are implicated."  Id.  In the Ninth Circuit, the following factors are determinative of

13  whether to grant a stay request: (1) the interest of the plaintiff in proceeding

14  expeditiously with the litigation or any particular aspect of it and the potential prejudice to

15  the plaintiff of a delay; (2) the burden which any particular aspect of the proceedings

16  may impose on the defendant; (3) the convenience of the court in the management of its

17  cases and the efficient use of judicial resources; (4) the interests of persons not parties

18  to the civil litigation; and (5) the interest of the public in the pending civil and criminal

19  litigation.  Id. at 903; Keating, 45 F.3d at 325.  A defendant has no right to a stay unless

20  he can demonstrate an exceptional situation threatening his Fifth Amendment rights that

21  outweighs the pertinent considerations of the burdens on the plaintiff, the court, the non-

22  parties and the public.  Keating, 45 F.3d at 324-25.  As explained below, on the current

23  record, each factor weighs against a stay.

24  ///

25          [3] The Court addresses below Hofioni's primary request for a stay as to all discovery directed at
26  him.  Hofioni's alternate request that a protective order be issued would have the same effect as a stay
    and is thus denied for the same reasons.  If that were not the case, and issuance of a protective order
    would have no impact on the scheduling of this matter, then that petition should more appropriately be
27  brought before the magistrate judge.  Finally, Hofioni's call for an order contingent on both him invoking his
    Fifth Amendment rights and the criminal action changing is not ripe.  The Court nonetheless denies this
28  motion without prejudice, such that Hofioni is free to renew it if circumstances change.

                                                   3

**A. Plaintiff will be prejudiced by a delay.**

A stay of discovery will create a "danger of denying justice by delay." Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery ctr., Inc., 490 F.3d 718, 724 (9th Cir. 2007). The danger of denying justice is present because, among other things, a delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." Id. (quoting Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002)). Indeed, courts in this Circuit frequently refuse to stay civil proceedings despite concerns of implicating a defendant's Fifth Amendment privilege against self-incrimination. See, e.g., Edward/Ellis v. New United Motors Mfg. Inc., No. C 07-05452 WHA, 2008 WL 4712602, at *1 (N.D. Cal. Oct. 22, 2008) (denying stay and noting the risk that witnesses' memories will fade or witnesses will become unavailable if the six-month stay is granted).

In this case, given how central Hofioni's testimony is to Plaintiff's claims, the requested discovery stay would effectively interrupt all proceedings until at least late July 2016, nearly three years after the initial complaint was filed.[4] This kind of delay increases the likelihood of prejudice from witnesses relocating and memories fading. Sw. Marine, Inc. v. Triple A Mach. Shop, Inc., 720 F. Supp. 805, 809 (N.D. Cal 1989).

Moreover, from a practical perspective, if Hofioni's request is granted, Plaintiff will be limited in its ability to proceed with all discovery and thus will be likewise limited in its ability to determine the scope of Defendants' misappropriation and consequent liability. As indicated, Plaintiff's claims all stem from its allegations that Hofioni acquired and used Plaintiff's trade secrets for the benefit of his new employer. As such, Hofioni's conduct is vital to Plaintiff's ability to gather evidence directly related to the principal issues of this suit, and granting his motion would significantly curb Plaintiff's ability to pursue its claims.

---

[4] Although currently Plaintiff requests a stay only through mid-July, it is not entirely clear that the statute of limitations in the criminal action will have run by that point or that issuing a stay now would not indirectly lead to additional stay requests later. If the statute of limitations does not run in July, it would seem that Defendant's Fifth Amendment interests would continue to be a consideration until some unknown date, making a stay for only a portion of that period somewhat arbitrary.

1   In application then, a stay as to Hofioni would essentially result in a discovery stay, at

2   least in part, as to all Defendants.  The first factor thus weighs against a stay.

3          **B.      The burden on defendant if the stay is denied is minimal and
                     speculative.**
4

5          "[I]t is universally agreed that the mere pendency of a criminal investigation

6   standing alone does not require a stay."  Sterling Nat. Bank v. A-1 Hotels Int'l, Inc.,

7   175 F. Supp. 2d 573, 578 (S.D.N.Y. 2001) (citing Keating, 45 F.3d at 324).  In fact, a

8   stay of proceedings is rare when the motion is based on a speculative impact on Fifth

9   Amendment rights of someone potentially under investigation for criminal charges, but

10  not yet charged.

11         The only criminal charges pending against Mr. Hofioni are for the alleged theft of

12  Plaintiff's gift cards.  However, Plaintiff has already agreed not to inquire as to those

13  allegations, thereby preserving Hofioni's right against self-incrimination.  It follows that

14  the Fifth Amendment is only even potentially implicated to the extent there is a possibility

15  that the state may charge Hofioni for the theft of the laptop.

16         To that end, Hofioni maintains that because the criminal statute of limitations has

17  yet to run with respect to the alleged theft of the computer, the district attorney may still

18  charge him, thereby implicating his Fifth Amendment rights.  However, Hofioni has not

19  provided any indication that the district attorney actually intends to pursue new charges.

20  Rather, the district attorney's actions suggest the contrary.  Plaintiff filed its initial

21  complaint in August 2013, and the district attorney charged Hofioni with conversion as to

22  gift cards in May 2015.  Although the information relevant to the laptop computer had

23  been part of the public record and available to the state for over two years, the district

24  attorney chose not to charge Hofioni with respect to that issue.  Furthermore, it has been

25  eight months since the district attorney filed the initial charges against Hofioni, and still

26  no new charges have been added.  This is a strong indication that Hofioni's fear is

27  largely unfounded.

28  ///

1    Mere speculation and fear of a criminal indictment is insufficient to grant a stay of

2 civil proceedings.  Molinaro, 889 F.2d at 903.  Certainly, "[t]he case for staying civil

3 proceedings is 'a far weaker one' when '[n]o indictment has been returned [and] no Fifth

4 Amendment privilege is threatened.'"  Id. (quoting Securities & Exchange Comm'n v.

5 Dresser Indus., 628 F.2d 1368, 1376 (D.C. Cir.), cert. denied, 449 U.S. 993, 101 S. Ct.

6 529, 66 L. Ed.2d 289 (1980)).  As there is no indication that additional criminal charges

7 will be filed against Hofioni, and since the parties have reached an agreement with

8 regard to discovery going to those charges that actually overlap with the civil allegations,

9 proceeding with discovery is unlikely to endanger Hofioni's Fifth Amendment rights.

10 Hofioni's speculative fear that he may face additional criminal liability is insufficient to

11 justify a stay of discovery, and the second factor also weighs against granting his

12 motion.

13    **C.    The efficient use of judicial resources supports denying a stay.**

14    The court has an interest in efficiently managing its docket.  Lewis v. William

15 Michael Stemler, Inc., No. CIV. S-13-0574 KJM E, 2014 WL 1026593, at *5 (E.D. Cal.

16 Mar. 14, 2014) (denying motion to stay after noting that any stay undercuts the court's

17 ability to manage its docket). Its interest in managing its own calendar thus presents

18 another factor weighing against a stay in these proceedings.

19    Nearly every major deadline set forth in this Court's PTSO occurs over the next

20 six months.  Since the current discovery deadline would pass before the stay was lifted,

21 the Court anticipates that, should the stay be granted, Plaintiff would file another motion

22 to yet again extend the cutoff for discovery.  Similarly, if Plaintiff is stymied in its ability to

23 propound discovery on Hofioni, whose conduct is at the center of Plaintiff's claims, it

24 follows that the May 12, 2016, dispositive motion deadline would likely have to be

25 pushed back as well.  Of course, if dispositive motions are delayed, the Court will have

26 no choice but to delay the dates set for the final pretrial conference and trial and the

27 attending filing deadlines.  Because these delays would be an inefficient use of judicial

28

1    resources, the third factor does not favor a stay.[5]

2       **D.    The interests of non-parties and the public weigh against a stay.**

3          The final factors for the Court's consideration are the interests of non-parties and

4    the public in the pending civil and criminal proceedings.  Keating, 45 F.3d at 324.  The

5    public's interest in a speedy resolution of this civil action is balanced against its interest

6    in maintaining the "integrity of the criminal case." Id.; Jones v. Conte, No. C 04-5312 SI,

7    2005 WL 1287017, at *2 (N.D. Cal. Apr. 19, 2005).  In this instance, the public's interest

8    will be greater served by denying Defendant's motion.  As indicated above, the burden

9    on Hofioni's Fifth Amendment rights is minimal, and it follows that the integrity of the

10   criminal case, at least as to this issue, has been preserved.  From the public's

11   perspective, then, speedy resolution of the civil matter is paramount and best served by

12   permitting this litigation to proceed.

13          Finally, the interest of non-parties will also be furthered if litigation continues to

14   move forward.  During the course of discovery, various non-parties have become

15   "important parts of this suit."  See ECF No. 112-1 at 6 (noting multiple non-parties

16   produced documents supporting Plaintiff's allegations against Defendant Hofioni after

17   discovery was propounded on those non-parties).  Because these non-parties' business

18   documents and e-mail records have also become part of the record in this case, they

19   have an interest in the speedy resolution of these civil proceedings so that they may

20   resume their normal courses of business.  Accordingly, the final two factors for the

21   Court's consideration also weigh against granting Defendant's motion.

22   ///

23   ///

24   ///

25          [5] To the extent Hofioni's motion would result in a need to continue the dates in the Court's current
26   scheduling order, it may be construed as a motion to modify the PTSO.  Hofioni's request is thus denied
     for the alternate reason that he has failed to show good cause for such a modification.  See Fed. R. Civ. P.
     16(b); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992) (citations and
27   quotation marks omitted).  Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party
     seeking the amendment."  Johnson, 975 F.2d at 609. Neither the issues surrounding the laptop nor the
28   criminal case are new, and Hofioni has failed to show he was diligent in raising the issues addressed here.

**CONCLUSION**

For the reasons just stated, Defendant's Motion to Stay Proceedings Pending Expiration of Criminal Statute of Limitations (ECF No. 124) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: February 16, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT